United States District Court
Southern District of Texas
FILED

MAR 1 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAULA REYNOLDS | § | |
| Plaintiff | § | CIVIL ACTION NO. **B-03-056** |
| | § | |
| VS. | § | |
| | § | (JURY REQUESTED) |
| THE CITY OF LOS FRESNOS, TEXAS, | § | |
| TOM ANDREWS, MANUEL ABREGO, | § | |
| JUAN C. SIERRA, IDA GARCIA, | § | |
| MIGUEL MENDOZA, RAY GARCIA, | § | |
| GONZALO ACEVEDO, AND PAM | § | |
| DENNY INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITIES | § | |
| Defendants | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW DEFENDANTS City of Los Fresnos, Tom Andrews, Manuel Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo, and Pam Denny, individually and in their official capacities , in the above styled and numbered cause, and files this their Notice of Removal of the present cause from the 138th Judicial District Court of Cameron County, Texas, pursuant to 28 U.S.C. §§ 1441 (b) and 1446 (a), in which it is now pending to the United States District Court for the Southern District of Texas, Brownsville Division, and would respectfully show unto the Court as follows:

### I.

1.    Plaintiff is Paula Reynolds; Defendants are City of Los Fresnos, Tom Andrews, Manuel Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo

Acevedo, and Pam Denny, individually and in their official capacities.

2.    This cause was originally commenced on May 7, 2002, in the 138th Judicial District

Court of Cameron County, Texas under the style of *Paula Reynolds vs. The City of Los*

*Fresnos, Texas*, Cause Number 2002-05-1879-B, as a state claim only, wherein there

was only one defendant, the City of Los Fresnos, Texas. A copy of Plaintiff's Original

Petition is attached as part of the Index of Exhibits.

3.    On February 13, 2003, Plaintiff's Second Amended Petition was filed adding

defendant Tom Andrews, individually and officially, which was also a state claim

only. A copy of Plaintiff's Second Amended Petition is attached as part of the Index

of Exhibits.

4.    On February 28, 2003, Plaintiff's Third Amended Petition was filed. The plaintiff

continued her suit against the City of Los Fresnos, Texas and Tom Andrews but

added defendants Manuel Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray

Garcia, Gonzalo Acevedo, and Pam Denny, individually and in their official

capacities and in this amended petition, for the first time, raised a federal question.

5.    These defendants, by and through their attorney, accepted service on or about

February 28, 2003, and further filed this notice of removal within the 30-day time

period required by 28 U.S.C. § 1446(b).

**II**

6.    Removal is proper because plaintiff's suit involves a federal question; 28 U.S.C. §

1331 and 1441(b). Specifically, plaintiff has alleged violations of federal law in her

third amended original petition, under the First and Fourteenth Amendments to the

United States Constitution.   Plaintiff also asserts a state claim under the Whistleblower Act as well as brings claims for other alleged intentional torts.

7.      All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a) as part of the Index of Exhibits.

8.      All Defendants join in this removal.

9.      Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

10.     Defendants are City of Los Fresnos, Tom Andrews, Manuel Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo, and Pam Denny, individually and in their official capacities, will promptly file a notice of removal with the clerk of the state court where the action has been pending.

11.     Plaintiff did demand a jury in the state court action; Defendants also request a trial by jury.

WHEREFORE, PREMISE CONSIDERED, Defendants City of Los Fresnos, Tom Andrews, Manuel Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo, and Pam Denny, individually and in their official capacities, pray for removal of the above entitled cause of action from the 138th Judicial District Court of Cameron County, Texas to this Court and seeks all other relief to which they may show themselves justly entitled.

Signed on March 14, 2003.

3

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Charles Willette, Jr.
State Bar No. 21509700
USDC No. 1937

Amy L. Gonzales
State Bar No. 24029579
USDC No. 28489

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2003, a true and correct copy of this Notice of Removal has been forwarded via certified mail, return receipt to opposing counsel of record as noted hereunder.

Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison St.
Brownsville, Texas 78520

Teri Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

_____
Charles Willette, Jr.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAULA REYNOLDS | § | |
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO. **B-03-056** |
| VS. | § | |
| | § | (JURY REQUESTED) |
| THE CITY OF LOS FRESNOS, TEXAS, | § | |
| TOM ANDREWS, MANUEL ABREGO, | § | |
| JUAN C. SIERRA, IDA GARCIA, | § | |
| MIGUEL MENDOZA, RAY GARCIA, | § | |
| GONZALO ACEVEDO, AND PAM | § | |
| DENNY INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITIES | § | |
| *Defendants* | § | |

---

## LIST OF PARTIES

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants City of Los Fresnos, Texas, Tom Andrews, Manuel Abrego, Juan

C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo, and Pam Denny, individually

and in their official capacities, and in accordance with the Local Rules for the United States District

Court for the Southern District of Texas governing removal of civil actions, file this their List of

Parties and would submit the following with the Court:

**PLAINTIFF:**
Paula Reynolds
c/o Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison St.
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337

**ATTORNEYS FOR PLAINTIFF:**
Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison St.
Brownsville, Texas 78520
Telephone:  (956) 574-9333
Facsimile:  (956) 574-9337

Teri Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Telephone:  (956) 542-7441
Facsimile:  (956)  541-2170

**DEFENDANTS:**
The City of Los Fresnos, Texas
Tom Andrews, in his Individual and Official Capacities
Manuel Abrego, in his Individual and Official Capacities
Juan C. Sierra, in his Individual and Official Capacities
Ida Garcia, in her Individual and Official Capacities
Manuel Mendoza, in his Individual and Official Capacities
Ray Garcia, in his Individual and Official Capacities
Gonzalo Acevedo, in his Individual and Official Capacities
Pam Denny, in her Individual and Official Capacities
c/o Charles Willette, Jr.
WILLETTE & GUERRA, L.L.P.
International Plaza
3505 Boca Chica Blvd., Ste. 460
Brownsville, Texas 78521
Telephone: 956-541-1846
Facsimile: 956-541-1893

**ATTORNEY FOR DEFENDANTS:**
Mr. Charles Willette, Jr.
WILLETTE & GUERRA, L.L.P.
International Plaza
3505 Boca Chica Blvd., Ste. 460
Brownsville, Texas 78521
Telephone: 956-541-1846
Facsimile: 956-541-1893

Signed on March 14, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
      Charles  Willette, Jr.
      State Bar No. 21509700
      USDC Adm. No. 1937

      Amy L. Gonzales
      State Bar No.  24029579
      USDC No.  28489

      Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2003, a true and correct copy of this List of Parties has been forwarded to opposing counsel of record as noted hereunder.

Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison St.
Brownsville, Texas 78520

Teri Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

_____
Charles Willette, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAULA  REYNOLDS | § | |
| *Plaintiff* | § | CIVIL ACTION NO. **B-03-056** |
| | § | |
| VS. | § | (JURY REQUESTED) |
| | § | |
| THE CITY OF LOS FRESNOS, TEXAS, | § | |
| TOM ANDREWS, MANUEL ABREGO, | § | |
| JUAN C. SIERRA, IDA GARCIA, | § | |
| MIGUEL MENDOZA, RAY GARCIA, | § | |
| GONZALO ACEVEDO, AND PAM | § | |
| DENNY INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITIES | § | |
| *Defendants* | § | |

---

## INDEX OF EXHIBITS

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, CITY OF LOS FRESNOS, Tom Andrews, Manuel Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo, and Pam Denny, individually  and in their official capacities, Defendants herein, and in accordance with the Local Rules for the United States District Court for the Southern District of Texas governing removal of civil actions, file this its Index of Exhibits and would submit the following with the Court the following:

1.    Plaintiff's Original Petition

2.    Citation issued to City of Los Fresnos

3.    Defendant's Original Answer to Plaintiff's Original Petition.

4.    Order Setting Oral Hearing of Defendant's Special Exceptions.

5.    Rule 11 Agreement

6.      Plaintiff's First Amended Original Petition

7.      Drop Docket Notice

8.      Motion to Reinstate Cause for Trial

9.      Motion for Docket Control Conference

10.     Order Setting Docket Control Conference

11.     Scheduling Order

12.     Defendant's Motion for Summary Judgement

13.     Fiat on Motion for Summary Judgment

14.     Plaintiff's Second Amended Original Petition

15.     Plaintiff's Opposition to Defendant's Motion for Summary Judgment

16.     Order of Referral for Mediation

17.     Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgement

18.     Plaintiff's Third Amended Original Petition

19.     Certified Docket Sheet

20.     List of Parties

Signed on March 14, 2003.

2

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
     Charles Willette, Jr.
     State Bar No. 21509700
     USDC Adm. No. 11904
     Amy L. Gonzales
     State Bar No. 24029579
     USDC Adm. No. 28489

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2003, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison St.
Brownsville, Texas 78520

Teri Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

_____
Charles Willette, Jr.

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | OF |
| THE CITY OF LOS FRESNOS, TEXAS, | § | |
| TOM ANDREWS, MANUEL ABREGO, | § | |
| JUAN C. SIERRA, IDA GARCIA, | § | CAMERON COUNTY, TEXAS |
| MIGUEL MENDOZA, RAY GARCIA, | § | |
| GONZALO ACEVEDO, AND PAM | § | |
| DENNY INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITIES | § | |
| *Defendants* | § | |

---

## NOTICE TO DISTRICT CLERK OF REMOVAL OF CIVIL ACTION

---

TO:    Ms. Aurora De La Garza
       CAMERON COUNTY DISTRICT CLERK
       974 E. Harrison
       Brownsville, Texas 78520

Please take notice that Defendants, CITY OF LOS FRESNOS, Tom Andrews, Manuel

Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo, and Pam

Denny, individually and in their official capacities, in his Official Capacity, in the above-referenced

matter, have filed in the United States District Court for the Southern District of Texas, Brownsville

Division, a Notice of Removal of the cause styled  Paula Reynolds vs.City of Los Fresnos, Tom

Andrews, Manuel Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo

Acevedo, and Pam Denny,  individually  and in their official capacities ,originally filed in the 138th

Judicial District Court of Cameron County, Texas, Cause Number 2002-05-1879-B, and that a true

and correct copy of said Notice of Removal, is being filed with the Clerk of the said United States

District Court for the Southern District of Texas, Brownsville Division, and that the State Court

shall proceed no further, unless the cause is remanded. A copy of said Notice of Removal, without copies of attachments, is attached to this notice.

Signed on March 14, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Charles Willette, Jr.
State Bar No. 21509700
USDC No. 1937
Amy L. Gonzales
State Bar No. 24029579
USDC No. 28489

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice to District Clerk of Removal of Civil Action has on March 14, 2003, been forwarded via certified mail, return receipt requested to:

Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison St.
Brownsville, Texas 78520

Teri Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

_____
Charles Willette, Jr.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PAULA  REYNOLDS                         §
            *Plaintiff*    §                    **B - 03 - 056**
                          §    CIVIL ACTION NO._____
VS.                                     §
                          §    (JURY REQUESTED)
THE CITY OF LOS FRESNOS, TEXAS,         §
TOM ANDREWS, MANUEL ABREGO,             §
JUAN C. SIERRA, IDA GARCIA,             §
MIGUEL MENDOZA, RAY GARCIA,             §
GONZALO ACEVEDO, AND PAM                §
DENNY INDIVIDUALLY AND IN               §
THEIR OFFICIAL CAPACITIES               §
            *Defendants*   §

---

## NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION

---

To:    Paula Reynolds, Plaintiff
       By and through her attorneys of record

       Ms. Terri Danish
       Rodriguez, Colvin & Chaney, L.L.P.
       1202 E. Van Buren
       Brownsville, Texas 78520

       Mr.  Michael Rodriguez
       Attorney and Counselor at Law
       1000 E. Madison Street
       Brownsville, Texas 78520

Pursuant to Title 28 U.S.C. § 1446(b), as amended, you are notified that on March 14, 2003,

in the above entitled and numbered cause (being Cause Number 2002-05-1879-B in the 138th

Judicial District Court of Cameron County, Texas) Defendants, City of Los Fresnos, Texas, Tom

Andrews, Manuel Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo

Acevedo, and Pam Denny, individually and in their official capacities , filed its Notice of Removal

in the United States District Court for the Southern District of Texas, Brownsville Division. Copies of such Notice and other papers so filed are enclosed herewith.

Signed on March 14, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
Charles Willette, Jr.
State Bar No. 21509700
USDC No. 1937

Amy L. Gonzales
State Bar No. 24029579
USDC No. 28489

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice to Plaintiff of Removal of Civil Action has on March 14, 2003, been forwarded via certified mail, return receipt requested to:

Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison St.
Brownsville, Texas 78520

Teri Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

_____
Charles Willette, Jr.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAULA REYNOLDS | § | |
| Plaintiff | § | **B-03-056** |
| | § | CIVIL ACTION NO._____ |
| VS. | § | |
| | § | (JURY REQUESTED) |
| THE CITY OF LOS FRESNOS, TEXAS, | § | |
| TOM ANDREWS, MANUEL ABREGO, | § | |
| JUAN C. SIERRA, IDA GARCIA, | § | |
| MIGUEL MENDOZA, RAY GARCIA, | § | |
| GONZALO ACEVEDO, AND PAM | § | |
| DENNY INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITIES | § | |
| Defendants | § | |

---

### DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED
### ORIGINAL PETITION AND JURY DEMAND

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants City of Los Fresnos, Texas, Tom Andrews, Manuel Abrego, Juan

C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo, and Pam Denny, individually

and in their official capacities, and file this their Amended Answer to Plaintiff's Third Amended

Original Petition and in support thereof would show this Court as follows:

### I.
### JURY DEMAND

1.    Defendants hereby demand a trial by jury.

### II.
### SPECIFIC DENIALS

2.    Defendants admit the allegations regarding the status of the Plaintiff, Defendant City

of Los Fresnos, and Defendant Pam Denny as contained in Paragraphs II & III.

Defendants further admit that Tom Andrews was a city official at all relevant times, but in the position of interim city attorney. Defendants further admit that Manuel Abrego was a city official at all relevant times, in the position of mayor. Defendants also admit Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo were city official at all relevant times, but in the position of aldermen. All other allegations are denied.

3.      Defendants deny that they violated Plaintiff's constitutional rights as set forth in Paragraph IV., of her Third Amended Original Petition.

4.      Defendants further deny Plaintiff is entitled to due process, as Plaintiff has attempted to set forth in Paragraph IV., as she was an at-will employee.

5.      Defendants further deny that they engaged in a conspiracy as alleged in Paragraph IV., of Plaintiff's Third Amended Original Petition.

6.      Defendants deny Plaintiff engaged in activity protected by the Whistleblower Act as set forth in Chapter 554 of the Texas Government Code, and further deny any adverse action was taken against Plaintiff for her alleged participation in whistleblower activity, as alleged in Paragraph V.

7.      Defendants admit Plaintiff initiated grievance proceedings as set forth in Paragraph V, but only as to her alleged Whistleblower Act claim.

8.      Defendants cannot admit or deny allegations contained in Paragraph VI., alleging defamatory statements by unspecified city employees. Defendants admit that Tom Andrews, in his *official* capacity as interim city attorney, requested the police department investigate Plaintiff for misappropriation of public funds. Defendants

2

deny that such statements were false, made with reckless disregard for the truth, were not privileged, and damaged Plaintiff.

9.    Defendants deny Plaintiff's allegations as set forth in Paragraph VII, concerning intentional infliction of emotional distress.

10.    Defendants deny that Plaintiff is entitled to any damages as set forth in Paragraph VIII.

11.    Defendants deny that Plaintiff is entitled to attorney's fees as set forth in Paragraph IX.

### III.
### AFFIRMATIVE DEFENSES

12.    Plaintiff cannot recover directly or indirectly from this Defendants because of the Doctrine of Sovereign Immunity and these Defendants have not waived their sovereign immunity;

13.    Defendants would show that Defendants Tom Andrews, Manuel Abrego, Juan C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo, and Pam Denny are entitled to qualified and official immunity for claims brought against them in their individual capacities.

14.    Defendants would invoke the statutory limit on damages and the prohibition against punitive damages contained in the Texas Tort Claims Act and all other defenses and immunity therein.

15.    Defendants would show that any loss or damages sustained by Plaintiff at the time and place on the occasion mentioned in Plaintiff's petition was caused in whole or in

3

part, or contributed to, by the negligence of Plaintiff or third parties and not by any negligence or fault or want of care on the part of Defendants.

16.    In the alternative, Defendants would show that any loss or damages sustained by Plaintiff at the time and place on the occasion mentioned in Plaintiff's petition was to some extent caused by Plaintiff's failure to use reasonable efforts to mitigate her damages.

17.    Defendants would show that the same employment action would have been taken against the Plaintiff based solely on information, observation, or evidence that is not related to her alleged whistleblower report or her alleged constitutional violations.

18.    Individual defendants would further plead the affirmative defense of truth regarding all allegations of defamatory statements against Plaintiff.

19.    Individual defendants would further show that if any allegedly defamatory statements were made, they were protected by an absolute or qualified privilege.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial and hearing hereof, Plaintiff take nothing by her suit, that Defendants recover all costs incurred herein, and that Defendants have such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Signed on March 14, 2003

4

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Charles Willette, Jr.
State Bar No. 21509700
USDC Adm. No. 1937
Amy L. Gonzales
State Bar No. 24029579
USDC Adm. No. 28489

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, hereby certify that on March 14, 2003, a true and correct copy of the above and foregoing DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION has been served on all counsel of record via Certified Mail, Return Receipt Requested as herein below noted:

Ms. Teri Danish
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison Street
Brownsville, Texas 78520

_____
Charles Willette, Jr.

5

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | * | THE 138 DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| THE CITY OF LOS FRESNOS, TEXAS | * | CAMERON COUNTY, TEXAS |

FILED 2:50 O'CLOCK ___ P __ M
AURORA DE LA GARZA
MAY 0 7 2002
DISTRICT COURT OF CAME...

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **PAULA REYNOLDS**, hereinafter referred to as Plaintiff, complaining of **THE CITY OF LOS FRESNOS**, hereinafter called by name or as defendant, and for such cause of action, would respectfully show unto the Court and jury as follows:

### I.
### PARTIES

Plaintiff, **PAULA REYNOLDS**, is a resident of Cameron County, Texas.

Defendant, **THE CITY OF LOS FRESNOS**, is an Incorporated City of this State and may be served with process herein by serving the Honorable Ivan Welker, City Administrator, at 209 N. Arroyo Blvd., Los Fresnos, Texas 78566.

Service of citation is requested by Certified Mail, Return Receipt Requested, as is contemplated by Rule 106 of the Texas Rules of Civil Procedure.

### II.
### FACTUAL ALLEGATIONS

The incidents giving rise to this cause of action are a result of a series of illegal and discriminatory occurrences that happened at the **THE CITY OF LOS FRESNOS** in Cameron County, Texas.

The Plaintiff **PAULA REYNOLDS**, was employed with **THE CITY OF LOS FRESNOS** in various capacities from October 17, 1997 until her termination on February 7, 2002.

1

## III.

**THE CITY OF LOS FRESNOS** is a governmental entity. As such, the Plaintiff is protected from the illegal and discriminatory action described herein.

## IV.
### WHISTLE BLOWER ACT

The illegal discrimination directed towards the Plaintiff, **PAULA REYNOLDS**, was contrary to Chapter 554 of the Texas Government Code, more commonly known as the "Whistle Blower Act". The illegal discrimination directed towards the Plaintiff was in retaliation for the good faith reporting of a violation of the law by a public employee to an appropriate law enforcement authority. Specifically, the Plaintiff reported the improper use of a city credit card for a personal purchase. The violation of law was reported to the interim Chief of Police. Following the report of the violation of law a pattern of discriminatory action against the Plaintiff ensued culminating in her termination.

Shortly after the Plaintiff was terminated, she commenced an internal grievance/appeal procedure as to the discriminatory treatment she received by appealing her termination to **THE CITY OF LOS FRESNOS**. The Plaintiff has a hearing before the Commissioners set for May 14, 2002.

## V.

As a result of the incidents described above, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity will continue long into the future.

## VI.

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading have been employed to assist Plaintiff in the prosecution of this action.

2

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that Defendant take notice of the filing of this petition and that the following be granted:

a). Judgment against Defendant for Plaintiff damages;

b). Prejudgment interest as allowed by law;

c). Interest on said judgment at the legal rate from date of judgment;

d). Attorney's fees;

e). For costs of suit herein, and

f). Such other relief as the Court deems proper.

Respectfully submitted,

TERI DANISH
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. VAN BUREN
BROWNSVILLE, TEXAS 78520
CALL CRUZ at 544-7441
ATTORNEY FOR PAULA REYNOLDS

MICHAEL RODRIGUEZ
ATTORNEY AND COUNSELOR AT LAW
1000 E. MADISON ST.
Brownsville, Texas 78520
Tel/ (956) 574-9333
Fax/ (956) 574-9337
STATE BAR #00791553

3

Citation for Personal Service  - BY CERTIFIED MAIL     Lit. Seq. # 5.002.01

No. 2002-05-001879-B

T H E   S T A T E   O F   T E X A S          **COPY**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.
you or your attorney do not file a written answer with the clerk who issued th
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may
taken against you.

TO: THE CITY OF LOS FRESNOS, TEXAS
    SERVING HONORABLE IVAN WELKER
    CITY ADMINISTRATOR
    209 N. ARROYO BLVD.
    LOS FRESNOS, TEXAS 78566

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 138th Judicial District of Cameron County, Texas at the Courthouse of sa
county in Brownsville, Texas.  Said _____PETITION_____ was filed on
__MAY 07, 2002__.  A copy of same accompanies this citation.

The file number of said suit being No. 2002-05-001879-B.

The style of the case is:

PAULA REYNOLDS
VS.
THE CITY OF LOS FRESNOS, TEXAS

Said petition was filed in said court by _____TERI L. DANISH_____
(Attorney for _____PLAINTIFF_____), whose address is
P.O. BOX 2155 BROWNSVILLE  TX.  78520

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Brownsville,

AURORA DE LA GARZA , DISTRICT CLER

Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By _____ , Deput

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER        TITLE

ADDRESS

CITY        STATE        ZIP

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the ___7th___ of

___MAY___ ___2002___, I mailed to

___THE CITY OF LOS FRESNOS, TEXAS___

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. ___908090___
RETURN RECEIPT REQUESTED
DELIVERY TO ADDRESSEE ONLY

___AURORA DE LA GARZA___, District Clerk
Cameron County, Texas

By: _____, Deputy

CAUSE NO. 2002-05-1879-B

FILED ____ O'CLOCK ____
AURORA DE LA GARZA DIST. CL.

PAULA REYNOLDS § IN THE 138TH DISTRICT COURT

VS. § MAY 3 0 2002

§ OF ____

§ DISTRICT COURT ... CAMERON COUNTY

THE CITY OF LOS FRESNOS § CAMERON COUNTY, TEXAS

---

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, CITY OF LOS FRESNOS, and files this its Original Answer to Plaintiff's Original Petition and in support thereof would show this Court as follows:

## I.
## GENERAL DENIAL

Defendant denies each and every, all and singular, the allegation contained within Plaintiff's Original Petition and without waiving its right to file other and further pleadings, motions, and discovery, demands that Plaintiff be held to the most strict requirements of proof and that Defendant be released with cost and for such other and further relief to which it may show itself justly entitled.

## II.
## SPECIAL EXCEPTIONS

1.   Defendant specially excepts to Plaintiff's First Original Petition in its entirety in that it does not state the discovery control plan under which the Plaintiff is proceeding, pursuant to Texas Rule of Civil Procedure 190.1. Accordingly the Defendant requests that the court sustain this special exception, order Plaintiff to replead in conformity herewith and if the Plaintiff should fail or refuse to amend, that Plaintiff's petition be stuck in its entirety.

2.   Defendant specially excepts to Plaintiff's First Original Petition in its entirety in that it does not state the maximum amount of damages sought. Accordingly the Defendant requests that the court sustain this special exception, order Plaintiff to replead in conformity herewith and

if the Plaint⁀ shouid fail or refuse to amend, that ⁀ ac. ⌐n be dismissed or that said

allegations be struck in their entirety.

## III.
## AFFIRMATIVE DEFENSES

1.  Defendant would specially invoke the limitation on compensatory damages provided to
    municipalities and set forth in section 554.003 (c) of the Texas Government Code.

2.  Defendant would show that it would have taken the same action against the employee that
    forms the basis of the suit based solely on information, observation, or evidence that is not
    related to Plaintiff's alleged report.

3.  In the alternative, without waiving the foregoing, Defendant would show that any loss or
    damages sustained by Plaintiff at the time and place on the occasion mentioned in Plaintiff's
    Original Petition was to some extent caused by Plaintiff's failure to use reasonable efforts to
    mitigate her damages;

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that its special exceptions be

heard and granted, and that upon final trial and hearing hereof, Plaintiff take nothing by her suit, that

Defendant recover all costs incurred herein, and that Defendant have such other and further relief,

at law or in equity, to which it may show itself to be justly entitled.

Signed on May 30, 2002

2

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
      Charles Willette, Jr.
      State Bar No. 21509700

      Amy L. Gonzales
      State Bar No. 24029579

      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, hereby certify that on May 30, 2002, a true and correct copy of the above and foregoing DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION has been served on all counsel of record via Certified Mail, Return Receipt Requested as herein below noted:

Ms. Terri Danish
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison Street
Brownsville, Texas 78520

_____
Charles Willette, Jr.

CAUSE NO.  2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## ORDER ON DEFENDANT'S SPECIAL EXCEPTIONS

The special exceptions listed below from Defendant's Special Exceptions to Plaintiff's Original Petition were heard before this Court on the _____ day of _____ 2002.

The parties appeared by and through their respective counsel.  Having heard the arguments of counsel and having reviewed the pleadings in question, this court has concluded and finds that the rulings on the exceptions should be ordered as follows:

1.    Special Exception No. 1 should be [sustained]      [overruled].

2.    Special Exception No. 2 should be [sustained]      [overruled].

IT IS THEREFORE ORDERED that the special exceptions made by Defendant be sustained or overruled as indicated.

IT IS ORDERED that Plaintiff shall amend Plaintiff's Petition in conformity with this order within _____ days of the date of this order.  If Plaintiff fails to amend within the designated time period, this case will be dismissed with prejudice without any further hearings required.

SIGNED ON this _____ day of _____, 2002.

_____
PRESIDING JUDGE

CAUSE NO.  2002-05-1879-B

| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
|---|---|---|
| VS. | § | OF |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING ORAL HEARING ON DEFENDANTS SPECIAL EXCEPTIONS

BE IT REMEMBERED that on this _____ day of, _____, 2002, came on for consideration Defendant's Special Exceptions to Plaintiff's Original Petition.  Upon consideration of same, the Court is of the opinion that a hearing on same should be held.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED, that Defendant's Special Exceptions to Plaintiff's Original Petition be and is hereby set for oral hearing in the 138TH Judicial District Court of Cameron County, Texas, for _____, 2002 at _____ a.m.

SIGNED for entry on _____, 2002.

_____
PRESIDING JUDGE

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

---

**ORDER SETTING ORAL HEARING ON DEFENDANTS SPECIAL EXCEPTIONS**

---

BE IT REMEMBERED that on this _30th_ day of, _May_, 2002, came on for

consideration Defendant's Special Exceptions to Plaintiff's Original Petition. Upon consideration

of same, the Court is of the opinion that a hearing on same should be held.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED, that Defendant's Special

Exceptions to Plaintiff's Original Petition be and is hereby set for oral hearing in the 138TH Judicial

District Court of Cameron County, Texas, for _June 28_, 2002 at _9:00_ a.m.

SIGNED for entry on _June 6_, 2002.

_____
PRESIDING JUDGE

```
Copies to:   JUN 1 1 2002
Hon. Amy L. Gonzales
Hon. Teri L. Danish
```

FILED _____ 3: ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
JUN - 7 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

| | | |
|---|---|---|
| EDUARDO ROBERTO RODRIGUEZ | 1201 EAST VAN BUREN | LAURA J. URBIS |
| NORTON A. COLVIN, JR. | P. O. BOX 2155 | LECIA L. CHANEY |
| MITCHELL C. CHANEY | BROWNSVILLE TEXAS 78522 | R. PATRICK RODRIGUEZ |
| MARJORY C. BATSELL | TELEPHONE (956) 542-7441 | ROSAMARIA VILLAGÓMEZ-VELA |
| JAIME A. SAENZ* | TELECOPIER (956) 541-2170 | TERI L. DANISH |
| JOSEPH A. (TONY) RODRIGUEZ | www.roclaw.com | |
| ALISON D. KENNAMER | | *BOARD CERTIFIED IN PERSONAL |
| ____ | | INJURY TRIAL LAW |
| OF COUNSEL | | TEXAS BOARD OF LEGAL SPECIALIZATION |
| BENJAMIN S. HARDY (1912-1993) | | ²BOARD CERTIFIED IN LABOR AND |
| ORRIN W. JOHNSON | | EMPLOYMENT LAW |
| NEIL E. NORQUEST | | TEXAS BOARD OF LEGAL SPECIALIZATION |
| CHRIS A. BRISACK | | |
| RAYMOND A. COWLEY² | | |

June 27, 2002

Amy L. Gonzales          *Via Fax No. 956/541-1893*
WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521

RE:    Cause No. 2002-05-1879-B; *Paula Reynolds vs. City of Los Fresnos*; .In the 138th Judicial District Court of Cameron County, Texas

Dear Ms. Gonzales:

This will confirm our telephone conversation where we were graciously granted an extension of time to respond to the Defendant's First Set of Interrogatories, Request for Production and Request for Disclosures in the above-referenced matter. Our responses are now due July 15, 2002.

If your understanding is the same as that outlined above, please sign this letter where indicated below so that I may file it as a Rule 11 Agreement with the court. Thank you for your professional courtesy and cooperation. I look forward to extending the same to you in the future.

Very truly yours,
RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Teri L. Danish

Amy L. Gonzales

TLD/cnr

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | * | THE 138TH JUDICIAL |
| | * | |
| VS. | * | |
| | * | DISTRICT COURT OF |
| THE CITY OF LOS FRESNOS, TEXAS | * | |
| IDA GARCIA, PAM DENNY, TOM | * | |
| ANDREWS | * | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDE OF SAID COURT:

COMES NOW, PAULA REYNOLDS, hereinafter referred to as Plaintiff, complaining of THE CITY OF LOS FRESNOS, TEXAS, hereinafter called by name or referred to as Defendant, and for such cause of action, would respectfully show unto the Court and jury as follows:

## I.
## A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

## PARTIES

Plaintiff, PAULA REYNOLDS, is a resident of Harlingen, Cameron County, Texas.

Defendant, THE CITY OF LOS FRESNOS, TEXAS, is an Incorporated City of this State and has already been served and answered herein, accordingly, no service is required under the rules with the filing of this petition. Counsel for the Defendant has received a copy of this First Amended Original Petition via U.S. Mail.

## II.
## FACTUAL ALLEGATIONS

The incidents giving rise to this cause of action are a result of a series of illegal and discriminatory occurrences that happened at THE CITY OF LOS FRESNOS in Cameron County, Texas.

The plaintiff was employed with THE CITY OF LOS FRESNOS in various capacities from October 17, 1997, until her termination on February 7, 2002.

THE CITY OF LOS FRESNOS is a governmental entity. As such, the Plaintiff is protected from the illegal and discriminatory action described herein.

## III.
## WHISTLE BLOWER ACT

The illegal discrimination directed towards the Plaintiff, was contrary to Chapter 554 of the Texas Government Code, more commonly known as the "Whistle Blower Act." The illegal discrimination directed towards the Plaintiff was in retaliation for the good faith reporting of a violation of the law by a public employee to an appropriate law enforcement authority. Specifically, the Plaintiff reported the improper use of a city credit card for a personal purchase. The violation of law was reported to the interim Chief of Police. Following the report of the violation of law a pattern or discriminatory action against the Plaintiff ensued culminating in her termination.

Shortly after the Plaintiff was terminated, she commenced an internal grievance/appeal procedure as to the discriminatory treatment she received by appealing her termination to THE CITY OF LOS FRESNOS. The Plaintiff had a hearing before the

Commissioners set for May 14, 2022; however, the aforementioned meeting was cancelled by Tom Andrews, counsel for THE CITY OF LOS FRESNOS.

## IV.
## DAMAGES

As a result of the incidents described above, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity will continue long into the future. The Plaintiff pleads for damages which exceed the minimum jurisdictional limits of this court.

## V.
## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading have been employed to assist Plaintiff in the prosecution of this action.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that Defendant take notice of the filing of this petition and that the following be granted:

a)    Judgment against Defendant for Plaintiff's damages;

b)    Prejudgment interest as allowed by law;

c)    Interest on said judgment at the legal rate from date of judgment;

d)    Attorney's fees;

e)    For costs of suit herein, and

f)    Such other relief as the Court deems proper.

Respectfully submitted,

_____

TERI L. DANISH
State Bar No. 05375320
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas  78520
(956) 542-7441 telephone
(956) 541-2170 facsimile

MICHAEL RODRIGUEZ, P.L.L.C.

_____

MICHAEL RODRIGUEZ
State Bar No. 00791553
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333 telephone
(956) 574-9337 facsimile

## CERTIFICATE OF SERVICE

I certify that on a true and correct copy of the foregoing Plaintiffs' First Amended Original Petition was served on counsel of record as follows:

Amy L. Gonzales
WILLETTE & GUERRA, LLP
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 785201

by either certified mail, return receipt requested, facsimile or hand delivery on this 16th day of August, 2002.

_____
Teri L. Danish

Cause No. 2002-05-001879-B

PAULA REYNOLDS                          In the District Court of

VS.                                     Cameron County, Texas

THE CITY OF LOS FRESNOS, TEXAS          138th Judicial District

DROP DOCKET NOTICE

Notice is hereby given, pursuant to RULE 1.20 of the Revised Local
Rules of Civil Procedure, that the above styled and numbered cause has
been placed on the Drop Docket.

The above cause will be dismissed if not reinstated by the Court
within 30 days.  All motions for reinstatement must contain a motion
and proposed order setting hearing to set case for trial.


AURORA DE LA GARZA
DISTRICT CLERK

By Rosa Maria Ochoa          Deputy

Date: 10/08/02
Copies sent to:

TERI L. DANISH
MICHAEL RODRIGUEZ
HON. CHARLES WILLETTE, JR.
AMY LAWLER GONZALES

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | * | THE 138th DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| THE CITY OF LOS FRESNOS, TEXAS | * | CAMERON COUNTY, TEXAS |

**ORDER SETTING
DOCKET CONTROL CONFERENCE**

This matter having come before the Court on the motion of Plaintiff, for an order setting a

Docket Control Conference, and the Court finds that a Docket Control Conference should be held.

IT IS HEREBY ORDERED that a Docket Control Conference shall be held in the courtroom

of the 138th District Court of Cameron County, Texas ~~or telephonically~~ at _9 : 00_ o'clock

___a.m. on the _5th_ day of _November_, 2002.

*Signed October 17, 2002*

_____
JUDGE PRESIDING

COPIES TO: OCT 1 8 2002
HON. TERI L. DANISH
HON. MICHAEL RODRIGUEZ
HON. CHARLES WILLETTE JR
HON. AMY LAWLER GONZALEZ

FILED _____ O'CLOCK ___M
AURORA DE LA GARZA DIST. CLERK
OCT 1 7 2002
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

CAUSE NO. 2002-05-1879-B

| PAULA REYNOLDS | * | THE 138th DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| THE CITY OF LOS FRESNOS, TEXAS | * | CAMERON COUNTY, TEXAS |

## SCHEDULING ORDER

THE COURT ORDERS that this case shall be assigned a Scheduling order as follows:

1     The Plaintiffs shall designate their experts and shall file their reports no later than February 21, 2003.

2     The Defendant shall designate their experts and shall file their reports no later than March 28, 2003.

3.     Mediation must be completed by May 23, 2003.

4.     Discovery shall be completed by May 13, 2003.

5.     Motions for extension of time to complete discovery shall be filed by May 8, 2003 or unless the parties can mutually agree when discovery can be completed.

6     Any amendment of pleadings filed by plaintiffs shall be by February 28, 2003.

7     Any amendment of pleadings filed by defendant shall be by March 14, 2003.

8.     All other motions, including dispositive motions and <u>Dauber</u> motions to strike expert testimony, must be filed by May 16, 2003

9     Announcements are set for May 16, 2003 at 9:30 a.m.

10.     Trial is set for May 27, 2003 at 9:00 a.m.

SIGNED this 20th day of _____, 2002.

_____
JUDGE PRESIDING

11:30     A

Rosa Maria Ochoa

COPIES TO: DEC - 2 2002

**AGREED AND APPROVED**

Teri Danish
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren St.
Brownsville, Texas 78520
(956) 542-7441 telephone
(956) 541-2170 facsimile

By: _____
      Teri Danish
      State Bar No. 05375320


Michael Rodriguez, P.L.L.C.
Attorney at Law
1000 E. Madison St.
Brownsville, Texas 78520
(956) 574-9333 telephone
(956) 474-9337 facsimile

By: _____
      Michael Rodriguez
      State Bar # 00791553

Attorneys for Plaintiff

Mr. Charles Willette, Jr.
WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
Brownsville, Texas 78521
Telephone: 541-1846
Facsimile: 956/541-1893

By: _____ w/ permission ___
      Charles Willette, Jr.
      State Bar No. 21509700


      Amy L. Gonzales
      State Bar No. 2409579

Attorneys for Defendant

1

CAUSE NO. 2002-05-1879

| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

FILED ___4:25___ O'CLOCK ___P

AURORA DE LA GARZA DIST

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DEC 2 0 2002

TO THE HONORABLE JUDGE OF SAID COURT:

DISTRICT COURT OF CAMERON

RICK M. CORNE

COMES NOW, CITY OF LOS FRESNOS, Defendant in the above-styled and numbered cause and files this its Motion for Summary Judgment and in support thereof, would respectfully show unto the court as follows:

### I.

### STATEMENT OF THE CASE

Plaintiff brings this whistleblower cause of action as a result of her termination by the City of Los Fresnos. Plaintiff has sued Los Fresnos alleging she was wrongfully terminated for making a good faith report of illegal activity by a city employee. Specifically, Plaintiff claims that she reported City Secretary Pam Denny's use of a city credit card to then-Interim Chief of Police Adrian Cabrera, and this "report" allegedly resulted in Plaintiff's termination some fourteen months later. However, Plaintiff made no good faith report of illegal activity that would entitle her to protection as a whistleblower. Additionally, Plaintiff was terminated for reasons altogether unrelated to any report which she claims to have made. Defendant is therefore entitled to judgment as a matter of law.

02151\MTNS\MSJ

## II.
## EXHIBITS

| | |
|---|---|
| A. | Plaintiff's First Amended Original Petition |
| B-B1. | Wells Fargo invoice for Pam Denny's business account |
| C. | Affidavit of City Secretary Pam Denny |
| D. | Affidavit of former interim Chief of Police Adrian Cabrera |
| E. | Plaintiff's Answers to Interrogatories |
| F-F8. | Pay change notice |
| G-G6. | Invoices for personal purchases made by Plaintiff on city's credit |
| H. | Affidavit of Alderwoman Ida Garcia Cortez |
| I-I1. | Letter of suspension |
| J-J1. | Police report related to Plaintiff's suspension |
| K-K1. | Letter of termination |
| L-L2. | Letters written by Ida Garcia Cortez concerning Pam Denny |
| M-M2. | Letters to Pam Denny regarding notice of allegations |
| N-N1. | Memo dated April 11, 2002 from Ann Meyn to Tom Andrews |
| O-O1. | Minutes for February 12, 2001 City Council meeting |
| P. | Affidavit of Chief of Police Johnny Cavazos |
| Q. | Plaintiff's Written statement |
| R-R1. | Pam Denny's check reimbursing City |

## III.
## STATEMENT OF FACTS

The summary judgment evidence shows the following:

16.    Plaintiff Paula Reynolds was employed by the City of Los Fresnos as an administrative assistant from October 1997 until February 2002.

17.    At all times relevant hereto, Plaintiff was employed in the City of Los Fresnos Finance Department.

18.    On November 13, 2000 City Secretary Pam Denny used her city credit card to purchase a radar detector for personal use.  (Ex. B, C.)

19.    The invoice for this purchase on Denny's city credit card came into the city's finance department, where it was reviewed by Plaintiff.  (Ex. B, C.)

20.    That same day Denny reimbursed the City for this purchase (Ex. C, R.)

21.    Interim Police Chief Cabrera did not conduct a criminal investigation of this matter, which

was handled administratively in February 2001. (Ex. C, D.)

22.    Also in February 2001, Plaintiff was approved to be interim Finance Director, while the city looked for a permanent director. She was also given a raise while she held this position. (Ex. O, F.)

23.    Plaintiff opened an account on the city's credit and made personal purchases on this account from November 2001 until January 2002. (Ex. G.)

24.    Plaintiff was suspended for one day without pay in January 2002. (Ex. H, I, J.)

25.    Plaintiff was terminated in February 2002 by Mayor Pro Tem and interim City Administrator Ida Garcia Cortez after concerns grew about Plaintiff's competence and improprieties. (Ex. H, K.)

26.    Interim City Administrator Garcia Cortez had many of the same concerns about City Secretary Denny as did the Plaintiff. (Ex. H, L. M.)

## III.
## DEFENDANT'S PLEADINGS

Defendant bases this Motion for Summary Judgment in part on the defenses asserted in its Answer, in which it asserted, that Plaintiff is not entitled to the protection of the Whistleblower Act and her termination was totally unrelated to any alleged good faith reports of illegal activities. Based on these defenses and for the other reasons asserted in this Motion, Defendant is entitled to judgment as a matter of law.

## IV.
## ARGUMENTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A.    The Summary Judgment Standard.

Defendant moves for summary judgment under Texas Rule of Civil Procedure 166 a. In order to prevail on a motion for summary judgment, the movant must show there is no genuine issue of

material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985). A defendant is entitled to summary judgment if it is able to prove the elements of an affirmative defense, or if it negates an essential element of plaintiff's cause of action. *Randall's Food Markets v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1994); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). Summary judgment is proper where the facts alleged by Plaintiff " establish the absence of a right of action or an insuperable barrier to recovery." *Harris v. Galveston County*, 799 S.W.2d 766, 768 (Tex. App.-Houston [14th Dist.] 1990, writ denied); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). *see also City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979)(where movant has established right to summary judgment, burden shifts to non-movant who must then present issues that would preclude summary judgment). The Plaintiff cannot overcome summary judgment unless she produces evidence to prove the truth of her allegations. *See Dalrymple v. University of Texas System*, 949 S.W.2d 395, 402 (Tex.App. -- Austin 1997).

### b.    Plaintiff's Claims

Plaintiff claims that her billing inquiry to Interim Chief Cabrera is the equivalent of a report of illegal activity by City Secretary Pam Denny that would protect her as a whistleblower under TEX. GOV'T CODE §554. She contends that this "report" resulted in her termination approximately fourteen months later. (Ex. A.)

### c.    Defendant's Entitlement to Summary Judgment

### 1.    Elements of a Whistleblower Cause of Action

The Whistleblower Act prohibits a governmental employer from suspending or terminating "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002 (Vernon Supp.1998). "Good faith" in the Whistleblower Act means that (1) the employee believed that the conduct reported was a violation of law, and (2) the employee's belief was

reasonable in light of the employee's training and experience. *See Wichita County v. Hart*, 917 S.W.2d 779, 784-85 (Tex.1996).

Plaintiff bears the burden of proof in establishing her whistleblower action. TEX. GOVT. CODE §554.004. Although there is a presumption that a person was fired in violation of the Whistleblower Act if said termination occurred no later than ninety days after that person made a protected report, such is not the situation in the instant case. As discussed below, Plaintiff was terminated far later than ninety days after any alleged reports.

### 2. Plaintiff did not make good faith reports under the Whistleblower Act

a.    December 2000 conversation

Plaintiff claims a conversation she had with then Interim Chief of Police Adrian Cabrera constitutes a report of illegal activity which would entitled her to protection under the Whistleblower Act. (Ex. A at Para. IV.) However, as set forth below, this conversation was nothing more than a billing inquiry which Plaintiff made as part of her job as administrative assistant in the finance department.

On December 7, 2000, City Secretary Pam Denny was speaking with Interim Chief Cabrera, when Plaintiff entered Denny's office. (Ex. C). Plaintiff asked Cabrera if he had ordered a "radar" to which he replied that he had not. (Ex. C, D.) Denny did not recognize that particular charge either. (Ex. C.) Denny therefore told Plaintiff to call the credit card company in order to inquire about that order. (Ex. C.) Several minutes later, Plaintiff returned to Denny's office, where Denny was still talking to Cabrera. Plaintiff told Denny that a "radar detector was ordered." (Ex. C.) When Denny heard the purchase was a "radar detector," she immediately said that she had ordered a radar detector and must have accidently used her city Wells Fargo card instead of her personal Wells Fargo card. (Ex. C, D.) Cabrera said that he would inform the mayor of what had happened, for his information, so that the city could decide how to handle this matter. (Ex. D.)    That same day,

Denny repaid the city for the radar detector. (Ex. C, R.) In February 2001, the board of aldermen administratively disciplined Denny, giving her two weeks unpaid suspension and sixty days probation. (Ex. C.)

Plaintiff's conversation was not a report of illegal activity that would entitle her to protection as a whistleblower. As the finance department's administrative assistant, she was simply attempting to determine what city account should pay for this charge, as noted on the invoice itself wherein Plaintiff wrote "Pam- which acct. should I use for the $405.00? Thanks!" (Ex. B, C.) She asked the interim police chief if perhaps the police department had ordered the radar detector in order to determine whether the police department's account should be billed for this purchase; it was evident to the interim chief that Plaintiff was asking him a billing question, and not reporting any crime. (Ex. D.) The interim police chief did not conduct a criminal investigation concerning this matter and brought no charges against Denny; the aldermen instead handled this administratively. (Ex. D.)

This situation is similar to *Delgado v. Jim Wells County*, 82 S.W.3d 640 (Tex. App.- San Antonio, 2002), wherein a Texas court for the first time interpreted what constituted a "report" under the Whistleblower Act. In *Delgado*, the Plaintiff was a courtroom bailiff who spoke with a Texas Ranger about his (Plaintiff's) daughter's sexual assault claim against his boss. The Plaintiff was fired several days later, and claimed he was entitled to whistleblower protection because of his conversation with the Texas Ranger. The trial court granted defendant's no evidence summary judgment, and this was upheld on appeal. The defendant argued that Plaintiff's conversation was not a report of illegal activity under the Whistleblower Act, but rather was a mere inquiry. *Id* at 642. The court agreed, holding that this conversation with a law enforcement official about a public employee's alleged criminal activity did not meet the level of a report under the Whistleblower Act. *Id.* at 643. Plaintiff's conversation with the interim police chief in the instant case does not even rise to the level of the conversation held not to be a "report" in *Delgado*. The *Delgado* conversation

concerned discussing the status and details of criminal activity by the Plaintiff's boss, whereas the Plaintiff's conversation in the instant case was a simple billing question and not an attempt by Plaintiff to report any illegal activity. Defendant is therefore entitled to summary judgment.

        b.     August 2001 written statement

In August 2001, Plaintiff provided Police Chief Johnny Cavazos with a five page statement concerning Pam Denny. (Ex. Q, P.) This statement contains general complaints such as "Pam had nothing good to say about me,""She is not and has never been a team player,""[W]e couldn't even order decent writing pens, we had to use the really cheap writing pens, but the City paid for her [Denny] to have good writing pens," and so forth. (Ex. A.) This statement also specifically mentions Denny's use of a credit card, as well as allegations concerning Denny's purchases of snacks and Denny's family members being listed on the city's Sam's Club account. (Ex. Q.) However, these specific charges of illegal behavior had previously been addressed by the aldermen when they administratively disciplined Denny in February 2001. (Ex. M.)

This statement was not an attempt to report illegal activity; rather, it was a response to a solicitation by then City Administrator Dan Reyna for complaints against Denny. (Ex. H.) Reyna solicited these statements from Plaintiff and other individuals in an attempt to have Denny terminated. (Ex. H.) Thus, the statement provided by Plaintiff was neither an attempt to report illegal activity, as it was provided in response to a solicitation, nor was it in good faith as any potential allegations of illegal conduct by Denny had been previously considered by the aldermen when they decided to take administrative action against Denny. Accordingly, Defendant is entitled to judgment as a matter of law.

        3.     **Plaintiff was terminated for reasons unrelated to any alleged report**

Plaintiff bears the burden of establishing that her termination would not have resulted "but for" protected whistleblowing. *Department of Human Services v. Hinds*, 904 S.W.2d 629 (Tex.

1995); *Upton County, Tex. v. Brown*, 960 S.W.2d 808 (Tex. Ct. App - El Paso. 1997). The "employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did." *Hinds*, 904 S.W.2d at 636. The competent summary judgment evidence shows that Plaintiff will not be able to meet this burden. Defendant has pled the affirmative defense that it terminated Plaintiff for reasons other than any alleged report, and is entitled to summary judgment as to said affirmative defense. TEX. GOVT. CODE § 554.004; *Johnson*, 891 S.W.2d at 646.

Alderwoman Ida Garcia Cortez, in her position as interim city administrator, terminated Plaintiff in February 2002. (Ex K.) This was fourteen months after Plaintiff's billing inquiry and six months after Plaintiff responded to the solicitation for statements against Pam Denny. As set forth below, Cortez's decision to terminate Plaintiff was altogether unrelated to these actions by Plaintiff, or any other purported attempt by Plaintiff to report illegal activity by a city employee. (Ex. H.)

In February 2001, the same month in which Denny was administratively disciplined, Plaintiff was appointed by the aldermen to act as interim finance director while the city looked for a permanent finance director. (Ex. O.) This promotion also came with a raise, to which Plaintiff was entitled as long as she held the interim finance director's position. (Ex. O, F.) However, after a permanent finance director was hired, Plaintiff failed to return herself to her administrative assistant's pay, despite being directed to do so. (Ex. F.) She continued to overpay herself for approximately six weeks and never repaid the excess salary to the city. (Ex. F.)

Plaintiff additionally engaged in other improprieties. She opened an unauthorized account in the city's name and placed several orders for personal items on this account from November 2001 to January 2002. (Ex. G.) The city was eventually sent collection notices as Plaintiff failed to pay for these unauthorized purchases on this unauthorized account; however, because Plaintiff claimed

the account was opened "on the city's behalf," the city was held liable for these charges. (Ex. G.)

Additionally, concerns grew over Plaintiff's competence. She was unable to carry out her job responsibilities-not properly making payroll deductions, not properly processing invoices, and not properly keeping track of vacation and sick time-all to the detriment of the City and its employees. (Ex. H, N.)

In January 2002, Plaintiff was given one day's unpaid suspension by Interim City Administrator Ida Garcia Cortez. (Ex. H. F.) However, as Plaintiff was employed in the city's finance department, she was able to manipulate her paychecks so that she never lost that day's pay. (Ex. H.) Plaintiff was terminated the following month.

Plaintiff's termination had nothing to do with any alleged report of illegal activity which she claims she made. (Ex. H.) Garcia Cortez, who both suspended and terminated Plaintiff, was the alderman who pursed disciplinary action against Pam Denny for her use of the city credit card and her use of City's Sam's Club account. (Ex. H, L, M.) These were the very same grievances aired by Plaintiff. (Ex. L, M, Q.) Garcia-Cortez had no reason to retaliate against any employee who shared the same opinions as she. (Ex. L, M, Q.) The competent summary judgment evidence establishes that Plaintiff was terminated for reasons unrelated to any alleged whistleblower's report. Plaintiff can not prove proximate cause in the case. Accordingly, Defendant is entitled to summary judgment.

## V.

## CONCLUSION

Defendant should be granted summary judgment against Plaintiff inasmuch as the competent summary judgment shows that Plaintiff is not entitled to protection under the Whistleblower's Act as she made no good faith report of illegal activity to an appropriate law enforcement authority, and furthermore was terminated for reasons altogether unrelated to any alleged "whistleblower" report.

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF LOS FRESNOS requests this court grant summary judgment in its favor on all claims asserted by Plaintiff, that Plaintiff take nothing by this suit, that all taxable costs of court be taxed against Plaintiff, and for all other relief to which Defendant may be justly entitled.

Signed on December ___, 2002

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
       Charles Willette, Jr.
       State Bar No. 21509700

       Amy L. Gonzales
       State Bar No. 24029579

       Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Defendant's Motion for Summary Judgment, has been served on all counsel of record as follows:

Ms. Teri Danish
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison Street
Brownsville, Texas 78520

by mailing same, certified mail, return receipt requested, on December 20  2002.

_____
Charles Willette

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING BY SUBMISSION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this the _____ day of _____, 2002 came on for consideration Defendant's

Motion for Summary Judgment. The court having reviewed said motion together with the papers

on file is of the opinion that this matter shall be heard by submission.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendant's Motion for

Summary Judgment is hereby set for hearing by submission on the _____ **day of**

_____, **2002 at** _____ **o'clock** in the 138th District Court of Cameron County,

Texas.

Signed for entry on this _____ day of _____, 2002.

_____
JUDGE PRESIDING

cc:

Mr. Charles Willette, WILLETTE & GUERRA, L.L.P., 3505 Boca Chica Blvd., Ste 460, Brownsville, TX 78521
Ms. Teri Danish. RODRIGUEZ, COLVIN & CHANEY, L.L.P.,1201 E. Van Buren, Brownsville, Texas 78520
Mr. Michael Rodriguez, Attorney and Counselor at Law,1000 E. Madison Street, Brownsville, Texas 78520

# WELLS FARGO
PO BOX 10347
DES MOINES IA 50306-0347

00440000874090047430500052925364

| ACCOUNT NUMBER | 4743 0500 0529 2536 |
|---|---|
| NEW BALANCE | $594.09 |
| MINIMUM PAYMENT DUE | $44.00 |
| PAYMENT DUE DATE | 12/24/00 |
| AMOUNT ENCLOSED | $ 814.05 |

CORPORATE CARD          AZE
PO BOX 9272
DES MOINES IA 50306-9272

PAM DENNY
CITY OF LOS FRESNOS          785
200 N BRAZIL
LOS FRESNOS TX 78566-3640

Detach the top portion and return with payment using the enclosed envelope. Payments received before 10:00 a.m. at the mailing address shown above will be credited to your account as of the day of receipt. Payments received at any other location may be subject to a delay in crediting of up to 5 days.

# WELLS FARGO

Your resources for help: Please call 800-231-5511  or in Des Moines (515)222-5115 or fax (515)222-5221
Department hours are Monday through Friday 8:00 a.m. to 9:00 p.m. CST.
To report a lost or stolen card please call 1-800-247-4101
Send inquiries to: CORPORATE CARD P.O. BOX 10347 DES MOINES IA 50306

## Account Activity

| | |
|---|---|
| Previous Balance | $0.00 |
| Payments | $0.00 |
| Credits | $0.00 |
| Purchases & Other Charges | $594.09 |
| Cash Advances | $0.00 |
| Cash Advance Fees | $0.00 |
| FINANCE CHARGE | $0.00 |
| New Balance | $594.09 |

## Account Information

| as of Statement Date | 11/23/00 |
|---|---|
| Account Number | 4743 0500 0529 2536 |
| Payment Due Date | 12/24/00 |
| Credit Limit | $4,000.00 |
| Available Credit | $3,105.00 |
| Disputed Amount | $0.00 |
| Days In Billing Cycle | 30 |

## TRANSACTIONS

| Transaction Date | Posting Date | Transaction Description | Reference Number | Amount |
|---|---|---|---|---|
| 11/13 | 11/13 | VALENTINE RESEARCH   513-984-8900 OH | 24445DDN87TSNDW4D | 405.00 |
| 11/23 | 11/23 | MARRIOTT HOTELS AUSTIN AUSTIN TX | 24510431NR231XDJXQ | 258.01 |
| 11/23 | 11/23 | MARRIOTT HOTELS AUSTIN AUSTIN TX | 24510431NR231XDJXY | 223.08 |

## News Board

WITH YOUR WELLS FARGO CORPORATE MASTERCARD THERE'S NO
NEED FOR ADDITIONAL CAR RENTAL INSURANCE. WHEN YOU
CHARGE YOUR CAR RENTAL TO YOUR WELLS FARGO CORPORATE
CARD, YOU HAVE PRIMARY COLLISION/LOSS DAMAGE COVERAGE
FOR UP TO 31 DAYS, ELIMINATING THE NEED FOR FILING INSURANCE
CLAIMS WITH YOUR INSURER.

## FINANCE CHARGES

| | Rate on Current Balances Purchases | Rate on Current Balances Cash Advances | Rate on Old Balance | Average Daily Balance on Old Balance | Current Avg Daily Bal Subj to Finance Charge | Total Periodic Finance Charge | Cash Advance Transaction Fees | Total Finance Charge | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|---|---|---|---|
| Monthly Periodic Rate | 1.633% | 1.666% | .000% | 0.00 | | | | | |
| Corresponding APR | 19.600% | 19.600% | .000% | | 0.00 | 0.00 | 0.00 | 0.00 | |

*(handwritten)* Pam - which acct should I use for the $405 ? Thanks





DEFENDANT'S
EXHIBIT
B

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF CAMERON**

BEFORE ME, the undersigned authority, personally appeared **Pam Denny** who, being by me duly sworn, deposes as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the Custodian of Records for the **City of Los Fresnos**. Attached hereto are 1 page(s) of records. These said records are kept in the regular course of business at the office the **City of Los Fresnos**. It was in the regular course of business at the office of **the City of Los Fresnos** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the original. The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.

_Pam Denny_
**Pam Denny**

SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the ___17th___ day of November, 2002.

_Yolanda Perez_
Notary Public in and for the State of Texas

YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005



DEFENDANT'S
EXHIBIT
B-1

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

---

### AFFIDAVIT OF PAM DENNY

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared Pam Denny who being by me sworn under oath deposed and stated as follows:

1.    "My name is Pam Denny, I am over 21 years of age and competent to make this affidavit and everything said herein is true and correct based upon my personal knowledge.

2.    I am the City Secretary for the City of Los Fresnos.

3.    On December 7, 2000, I was in my office speaking with then Interim Chief of Police Adrian Cabrera.

4.    Paula Reynolds, who worked in the finance department, came into my office while I was speaking with Cabrera.

5.    In my presence, Reynolds first asked Cabrera if he had ordered a "radar," to which he responded that he had not.

6.    Reynolds was trying to determine who had placed this particular order on the city's credit card.

7.    I did not know what order she was speaking about and told her to call the credit card company to find out about this charge. Ms. Reynolds then left my office, presumably to make this phone call.



DEFENDANT'S
EXHIBIT

8.  When she returned to my office several minutes later, Reynolds said she had learned the charge was for a radar detector ordered over the internet.

9.  I then recognized the charges and told Reynolds the radar detector was a personal purchase and I must have accidently used the my city Wells Fargo credit card instead of my personal Wells Fargo credit card.

10. Chief Cabrera said he would let the mayor know what happened so that the city could decide what it wanted to do. He didn't take or made any police reports or start any investigation, to my knowledge.

11. I called the credit card company to see if they could transfer this charge from the city's account to my personal account but they were unable to do so. That same day, I reimbursed the city for this purchase.

12. The city decided to suspended me for two weeks without pay and placed me on probation for sixty days. No criminal charges were ever brought against me as the city handled this matter administratively.

13. I have reviewed a copy of the relevant Wells Fargo bill and recognize the handwriting on it to be Paula Reynolds'. These notes say in part, "Pam- which acct. should I use for the $405.00? Thanks!"

Further Affiant sayeth naught.

_Pam Denney_
Pam Denny

SUBSCRIBED AND SWORN TO BEFORE ME on the ____25th____ day of ___September___, 2002, to certify which witness my hand and official seal.

_Yolanda Perez_
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

My Commission Expires: _April 9, 2005_

YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005

2

CAUSE NO. 2002-05-1879-L

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

---

### AFFIDAVIT OF ADRIAN CABRERA

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared Adrian Cabrera who being by me sworn under oath deposed and stated as follows:

1.    "My name is Adrian Cabrera, I am over 21 years of age and competent to make this affidavit and everything said herein is true and correct based upon my personal knowledge.

2.    I was Interim Chief of Police for the City of Los Fresnos from about September 2000 until February 2001.

3.    During this time and probably in December 2000, Paula Reynolds brought me a copy of an invoice for a radar detector and wanted to know whether the police department had ordered it.

4.    Ms. Reynolds brought this matter to me as a billing question, as she was employed in the finance department.

5.    Pam Denny also happened to be present. Ms. Denny said the invoice was hers and said she must have accidently used the city's credit card to make this purchase.

6.    At no time did Ms. Reynolds ever approach me to report any criminal wrongdoing by Ms. Denny or anyone else. I did not take her comments regarding the invoice as being a report of a violation of law. It was clear to me that she was trying to



DEFENDANT'S
EXHIBIT
D

determ    ich department had ordered the ra    director, as part of her job in the finance department.

7.    At no time did I ever start a criminal investigation regarding this Denny's use of a city credit card; I do not remember taking any statements or reports.

8.    I simply informed the mayor of the situation, for his information so the City could decide how it wanted to handle this matter.  It was handled administratively and I know of no criminal charges ever brought against Ms. Denny.


Further Affiant sayeth naught.


_____
Adrian Cabrera

SUBSCRIBED AND SWORN TO BEFORE ME on the _____13th_____ day of ___September___, 2002, to certify which witness my hand and official seal.


_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

Robin S. Ochoa
Notary Public, State of Texas
My Commission Expires
SEPTEMBER 03, 2005

· My Commission Expires:

_____9-3-05_____

2

## PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES

INTERROGATORY NO. 1:

Please fully identify yourself by stating your full legal name, any aliases or nicknames used by you, your age and date of birth, your social security number, your driver's license number, your current and past marital status, the names and birth dates of each of your children and/or spouse(s); and your address and addresses for the last ten (10) years.

ANSWER:

Paula Guffey Reynolds. Plaintiff is 44 years old, date of birth 2/10/58. Plaintiff social security number is 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, Texas driver's license 05836667. Plaintiff is married to Daniel LeRoy Reynolds, date of birth 1/3/59. Plaintiff was previously married to William Kent Knight, date of birth 4/7/56. Plaintiff has four children: Phillip Kyle Knight, date of birth 1/30/86; John Benjamin Knight, date of birth 7/20/88; Jessica Marie Reynolds, date of birth 9/17/92; Emily Kate Reynolds, date of birth 2/4/97. Plaintiff currently resides at 5801 W. Business 83, Number 24, Harlingen, Texas. In the past ten years, plaintiff has lived at the following locations: 6410 27th, Lubbock, Texas; 312 W. 2nd, Los Fresnos, Texas; 395 Rancho Viejo Blvd., Brownsville, Texas; 201 South Arroyo Blvd., No. B, Los Fresnos, Texas; and 106 Huisache, Los Fresnos, Texas.

INTERROGATORY NO. 2:

Please state the nature and extent of any injury whether physical, psychological, emotional or economic which you allege you sustained as a result of the incident made the basis of this suit.

ANSWER:

Plaintiff was suffered, and continues to suffer, physiological, emotional, and/or economic damages as the result of defendants' conduct. Plaintiff has not yet assessed the full scope of the damages suffered, and will supplement this interrogatory response.

INTERROGATORY NO. 3:

Regarding your employment history, describe in detail, in chronological order, up until the present, the name and address of each of your employers since leaving college, period of time of each employment, job title, rates of pay, description of the work performed in each job, reason for leaving such employment and if self-employed, identify each such business endeavor.

ANSWER:

Please see plaintiff's resume attached.



INTERROGATORY NO. 4:

Please identify every legal proceeding in which you have been or are now involved. With regard to civil proceedings this Interrogatory is meant to encompass material in which you were either a Plaintiff or Defendant. With regard to criminal proceedings, this Interrogatory is meant to encompass all arrests, indictments, citations, or criminal convictions within the ten (10) year period preceding the incident made the subject of this lawsuit.

ANSWER:

Objection: Unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, plaintiff's responds that she was involved in a divorce proceeding from William Kent Knight.

INTERROGATORY NO. 5:

Without referring to your original petition, describe in detail precisely how the incident made the basis of this lawsuit occurred. Give as much detail and description as possible including, but not limited to, dates, the names of each person involved, exact locations of where each event occurred, etc. Do not simply refer to your lawsuit.

ANSWER:

Objection: Unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, plaintiff responds: For years I was harassed on a daily, if not hourly basis, by another employee named Roberta LaGrant. She called me 'Bitch' on at least three occasions, and threatened bodily harm at least twice. Since Pam Denny is her cousin, as well as her direct supervisor, it tool years of going to supervisor(s) to get anything done about the verbal abuse. When it was finally addresses, all Bobbi received was a written warning in her personnel file.

I discovered Pam Denny using the City's Visa card for a personal purchase. It was a radar detector from Valentine Research. On the credit card used by Pam, it stated it big, bold, embossed words, "BUSINESS CARD". When I discovered her use of the credit card, I informed the then Financial Director, Ruth Hernandez, the Mayor and the Aldermen. I also discovered she put her entire family (husband Kenneth, daughter Melissa (Missy) and son Doug) on the city's Sam's Club Credit Account. I informed the same individuals about her family being on the Sam's credit card and questioned them if this was legal to which they replied it was not.

I discovered she purchased, for personal consumption, snack items to eat at work, and then requested to be fully reimbursed by the City. When approached by the Mayor

and Aldermen about the snack food purchase, she lied and told them she gave it to the prisoners. I knew this was not true because I saw the food on her desk, or the wrappers in her trash, and I asked the jailer, Ben Champion whether or not she gave these particular food items to the prisoners and he stated emphatically that Pam never brought any food to the prisoners. I also know she continued, one, of not more, bankruptcy payments on behalf of Luis Nieto, after she received written notification from the bankruptcy court in Corpus Christi to stop the deduction.

I discovered and reported to the Mayor, the then City Administrator Gene Daniels, the Aldermen, and the then City Administrator Dan Reyna about the almost $1200.00 worth of personal phone calls that the EMS Director Joseph Hernandez was making on his City issued cell phone and did not pay back. Some were international calls to Mexico. He eventually did, on the demands of Mr. Reyna. It took me almost one full year to recover the monies.

INTERROGATORY NO. 6:

Please provide the name, address and phone number for each expert witness used for consultation and who is not expected to be called as an expert witness at trial but whose opinions or impressions have been reviewed by a testifying expert, specifying the subject matter on which the witness is expected to testify, the mental impressions and opinion held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held such expert.

ANSWER:

None at this time.

INTERROGARTORY NO. 7:

Identify each person from whom you have received any medical or psychological treatment during the past ten years. This question includes, "family doctors" or "company doctors or nurses". Treatment includes routine physical examinations or office visits even though you were not injured, sick or disabled. Please state the <u>name</u> of each person, the <u>date</u> you saw that person and the <u>reason</u> for your visit.

ANSWER:

Objection: Unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections:

Dr. Stephenie Garcia, Harlingen, Texas- Various medical reasons, depression.
Beinstar Counseling, Randy Thompson, Brownsville, Texas-various reasons.

INTERROGATORY NO. 8:

Please identify all sources of income which you have currently and for the last (10) years including salaries or benefits from any position of employment or businesses that are either maintained, owned, or operated by you.

ANSWER:

Objection: Unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections:

The City of Los Fresnos
Unemployment

Texas Tech University

INTERROGATORY NO. 9:

Please set out in detail the method by which you were informed that your employment with Defendant was to be terminated including which person or persons informed you the date your were first informed, and whether or not such persons provided an explanation for such termination. Please also provide the explanations or reasons given to you by any representative of Defendant regarding your termination of employment with Defendant.

ANSWER:

Plaintiff was informed by Ida Garcia that she was being terminated. Ms. Garcia informed the plaintiff that the City did not need a reason to fire her because she was an at will employee.

INTERROGATORY NO. 10:

Please identify in detail how the Defendant retaliated against you , as alleged in your petition, and identify all information that you contend would support your claim that such action by Defendant was retaliatory in nature.

ANSWER:

Objection: Unduly burdensome and overly broad. Subject to and without waiving said objections, Pam Denny said many negative things about plaintiff to Mayor Manuel Abrego. Then he also placed plaintiff on part-time status, and plaintiff suffered a cut and pay as a result. At the same time, Denny gave both Gene Daniels and Geronimo Sheldon a pay raise.

Denny also instigated several altercations between plaintiff and other employees. Plaintiff was also told by several Council members that Pam Denny also complained to them repeatedly about plaintiff's performance, even though Denny was never plaintiff's direct supervisor. The date that plaintiff was terminated, a police officer was presented to escort plaintiff out of the building, despite the fact that no other terminated employee has ever been escorted by police officers. Plaintiff also learned that Pam Denny kept a list of plaintiff's arrivals and departures at her job, even though Denny was not plaintiff's supervisor.

INTERROGATORY NO. 11:

Please explain in detail the factual basis for your allegation that you acted in good faith and reported a violation of law to an appropriate law enforcement authority. Please include in your response the activity you reported, the name and position of the public employee whose action you reported, the date you made your report, the law enforcement authority to whom you reported the activity, and your reasons for reporting the activity.

ANSWER:

Plaintiff reported that Pam Denny had used the City's Visa card, via internet, for a personal purchase. Plaintiff received the bill for the purchase. Plaintiff did not have a receipt from any employee from the company selling the radar detector at issue. Plaintiff then called the company and was informed that an order was placed through the internet by Pam Denny for a radar-detector. Plaintiff went to Ms. Denny, to ask about the purchase. At that time, Interim Chief of Police Adrian Cabrera was in Ms. Denny's office. Plaintiff informed Ms. Denny that the bill was for the purchase through the internet for a radar-detector by Ms. Denny. Ms. Denny became visibly upset, grabbed the invoice from plaintiff's hand and mumbled something unintelligible. Plaintiff asked Chief Cabrera if he or someone in the department needed or ordered a radar-detector, to which Chief Cabrera answered no. Ms. Denny mumbled again, said it was a mistake and that she accidentally used the City's visa card to make the purchase. Plaintiff then informed the Finance Director, Ruth Hernandez, about the incident. Ms. Hernandez agreed that the Mayor and the City Council needed to be informed, and the City Council and Mayor were told by way of verbal and written notice about the incident.

INTERROGATORY NO. 12:

Please identify all entities and/or employers with whom you have submitted applications for employment since the date of your termination with Defendant, as well as the title of the position applied for and the date on which the application was submitted. Include a statement as to whether you were offered employment by each, and whether said offer was accepted or rejected.

ANSWER:

See information provided in response to defendant's request for production.

INTERROGATORY NO. 13:

Please state completely and fully all representations, statements, declarations or admissions made by this party or any agents, servants, declarations or admissions made by Defendant or any of its agents, servants or employees of which you are aware which are relevant to any issue in this lawsuit.

ANSWER:

Objection: Unduly burdensome, overly broad.  Subject to and without waving said objections, City employee Yolanda Perez told employee Janie Hernandez that plaintiff stole money from the City of Los Fresnos.  Ida Garcia told employee Candy Medina to write plaintiff up, without any reason.  Tom Andrews, City Attorney, told the City Chief of Police to investigate plaintiff for stealing money.  Employee Tracy Larimore gave plaintiff negative job references when plaintiff applied for jobs.  City employees also told other individuals that plaintiff had purposely overpaid herself, which was not true.

INTERROGATORY NO. 14:

Please describe in detail all alleged adverse employment actions taken against you by the City of Los Fresnos, its officials, employees, representatives, and agents.  Include in your response the date of such action, the nature of the action, how you learned of the action, the reason given by the City for this action.  If you believe that the adverse action was taken against you for any reason other than the reason given the City, state why you believe the adverse action was taken against you.

ANSWER:

Objection: Unduly burdensome, overly broad.  Subject to and without waiving said objections, plaintiff responds that in addition to the information previously provided in response to these interrogatories, the City failed to release plaintiff's personnel file when twice requested to do so.  Even though plaintiff was informed that she would be placed on the agenda for a City Council meeting for a hearing in connection with her termination, she was not placed on the agenda.  Nor has plaintiff received any information concerning Cobra extensions for her insurance of any information concerning her retirement.

## VERIFICATION

STATE OF TEXAS                    §

COUNTY OF HIDALGO              §

BEFORE ME, the undersigned authority, on this day personally appeared **PAULA REYNOLDS**, known to me to be the person whose name is subscribed to the foregoing Answers to Interrogatories, after being duly sworn, did state that she has read the foregoing answers and that the same are true and correct to the best of her knowledge and that she has executed the same for the purposes and consideration therein stated.



_____
PAULA REYNOLDS

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 7th day of July, 2002.

LEE WALLACE
Notary Public
STATE OF TEXAS
My Comm. Exp. 02/01/2004

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

## EMPLOYEE PAY CHANGE FORM

EMPLOYEE _Paula Reynolds_

SOCIAL SECURITY # _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_

DEPARTMENT _Admin. Asst._    DATE OF CHANGE _4-15-01_ _as per_

NEW PAY RATE _$ 30,000_

APPROVAL _[signature]_    *Did not go back to this amount until ~~may~~ June 1st.*



DEFENDANT'S
EXHIBIT
F

Process Date - APR 19, 2001

# PaySmart Check Register

Page - 1

EMPLOYEE NAME
DEPT NUM: CLOCK
DIV SEC: FREQ: M/S EX

TEZ, LINARDO B
0001 9609
GROSS: 6,9
0052-92-0648
PREVIOUS, PAULA
GROSS: 8608
HI SO
H3 SO
1230.78
6767.68

| Earnings | Current Hours | Current Rate | Current Amount |
|---|---|---|---|
| REGULAR | 32.00 | 8.00 | 615.39 |
| HOLIDAY | 8.00 | | |
| SALARY TOTALS | 40.00 | | 615.39 |
| REGULAR | 24.00 | | |
| O/TIME | | | |
| VACATION | 6.00 | | |
| SICK | 8.00 | | |
| PERSONAL | 2.00 | | |
| SALARY TOTALS | 40.00 | | 500.00 |
| REGULAR | 56.00 | | 500.00 |

| Taxes | Current Hours | Current Amount | Y.T.D Amount |
|---|---|---|---|
| FICA | | | |
| MED/FICA | | | |
| FED WH | | | |
| FICA | 38.16 | | |
| MED/FICA | 8.93 | | |
| FED WH | 112.43 | | |
| FICA | 27.60 | | |
| MEDFICA | 6.46 | | |
| FED WH | 19.33 | | |

| Deductions | Current Amount | Y.T.D Amount |
|---|---|---|
| CAF/HOSP | | |
| CAF M/S | | |
| CHLDSUP | | |
| UN WAY | | |
| CAF/HOSP | 44.00 | |
| CAF M/S | 10.76 | |
| CHLDSUP | 25.00 | |
| UN WAY | 69.23 | |

NET PAY / CHECK #
502.96   23157
231.58

DEFENDANT'S EXHIBIT
F-1
Blumberg No. 5414

# PaySmart Check Register

| EMPLOYEE NAME | | | | EARNINGS | CURRENT | | | Y T D | | TAXES CURRENT | | Y T D | | DEDUCTIONS CURRENT | | Y T D | | CHECK # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DEPT/RUN | CLOCK | | | | HOURS | RATE | AMOUNT | HOURS | AMOUNT | | AMOUNT | | AMOUNT | | AMOUNT | | AMOUNT | NET PAY |
| SOC.SEC. | FREQ | W/S EX | | | | | | | | | | | | | | | | |
| RANDOLUS, PAULA | | | | REGULAR | 32.00 | | | 386.00 | 2083.50 | FICA | 27.61 | 391.34 | CAFIOSP | 44.00 | 617.12 | 230199 |
| 0001 6648 | M3 SU | | | O/TIME | | | | 3.50 | 47.78 | MEDFICA | 6.45 | 79.78 | CAF N/S | 10.76 | 118.36 | |
| 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 | 6267.68 | N/S EX | | VACTION | 8.00 | | | 16.00 | 100.00 | FED WHN | 19.33 | 262.84 | 403 B | 25.00 | 263.79 | |
| YTD GROSS: | | | | SICK | | | | 24.00 | | | | | CHLDSUP | 69.23 | 992.13 | |
| | | | | HOLIDAY | | | | 4.00 | 36.00 | | | | UW MAY | | 6.00 | |
| | | | | SALARY | | | | | 5000.00 | | | | | | | |
| | | | | TOTALS | 40.00 | | 500.00 | | 7267.58 | | 53.39 | 683.96 | | 148.99 | 2027.60 | 297.62 |
| DEPARTMENT # 0001 | | | | REGULAR | 32.00 | | 500.00 | | | FICA | 27.61 | | CAFIOSP | 44.00 | | CHKS: |



Case 1:03-cv-00056   Document 1   Filed in TXSD on 03/14/2003   Page 68 of 160

**PaySmart Check Register**

Process Date - APR 27,2001

Page - 1

GOMEZ, PAUL H
LOPEZ, EDUARDO B
S, PAULA

DEFENDANT'S EXHIBIT E3

# PaySmart Check Register

Process Date - MAY 3, 2001

Page -

| EMPLOYEE NAME | | EARNINGS - CURRENT | | | | Y T D | | TAXES - CURRENT | | Y T D | DEDUCTIONS - CURRENT | | Y T D | CHECK / |
| CITY / DEPT | | | HOURS | RATE | AMOUNT | HOURS | AMOUNT | | AMOUNT | AMOUNT | | AMOUNT | AMOUNT | NET PAY |
| SOC. SEC. | | | | | | | | | | | | | | |

LOPEZ, EDUARDO B
0001    9609
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
YTD GROSS:
CLERK
FRED. W/SER.

LOPEZ, PAULA
0001    8648
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
YTD GROSS: 7767.68

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| H1 50 | REGULAR | 40.00 | | 615.39 | REGULAR | 152.00 | 2401.56 | FICA | 38.16 | 423.95 | CAF/HOSP | 44.00 | 779.12 | 2320.01 |
| H1 50 | HOLIDAY | | | | HOLIDAY | 8.00 | | MEDFICA | 8.92 | 99.15 | CAF II/S | 10.76 | 159.61 | |
| 2461.56 | SALARY | | | | | 160.00 | 2461.56 | FED WH1 | 65.39 | 261.36 | 403 B | 25.00 | 338.79 | |
| | TOTALS | 40.00 | | 615.39 | | | | | | | CHILDSUP | 69.23 | 1200.02 | |
| | | | | | | | | | | | UN MAY | | 6.00 | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | REGULAR | 24.00 | | | REGULAR | 473.00 | 2983.50 | FICA | 27.60 | 152.62 | CAF/HOSP | 44.00 | 779.12 | 232.81 |
| H3 50 | O/TIME | | | | O/TIME | 13.00 | 47.78 | MEDFICA | 6.46 | 35.69 | CAF II/S | 10.76 | 159.61 | |
| | VACATION | 16.00 | | | VACATION | 16.00 | 104.00 | FED WH1 | 19.33 | 149.67 | 403 B | 25.00 | 338.79 | |
| | SICK | 10.00 | | | SICK | 40.00 | | | | | CHILDSUP | 69.23 | 1200.02 | |
| | HOLIDAY | | | | HOLIDAY | 16.00 | | | | | UN MAY | | 6.00 | |
| | PERSONAL | 6.00 | | | PERSONAL | 12.00 | | | | | | | | |
| | SALARY | | | | SALARY | 8.00 | 2461.56 | | | | | | | |
| | TOTALS | 40.00 | | 500.00 | TOTALS | 562.50 | 7767.68 | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMINISTRATION | REGULAR | 64.00 | | 500.00 | | | | FICA | | | CHILDSUP | 148.99 | 2474.57 | 297.52 |
| CURRENT PAY TOTALS | SICK | 10.00 | | | | | | MEDFICA | | | | | | |
| | PERSONAL | 6.00 | | | | | | FED WH1 | 53.39 | 843.97 | | | | |
| | SALARY | | | 1115.39 | | | | | | | | | | CHKS: 2 |

Process Date - MAY 10, 2001

# PaySmart Check Register

Page - 1

EMPLOYEE NAME
CITY DEPT NUM:        CLOCK
SOC SEC: FILED M/S Ex.

JOSE, EDUARDO O
15-92-0540        6648
15159-9609    9609
YTD GROSS:

PAULA, PAULA
M1 30
306.95

M13 30
8267.60

DEPARTMENT # 0001
ADMINISTRATION
CURRENT PAY TOTALS

| EARNINGS CURRENT | | | | Y T D | | TAXES CURRENT | | DEDUCTIONS CURRENT | | Y T D | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | HOURS | RATE | CURRENT AMOUNT | HOURS | AMOUNT | | AMOUNT | | AMOUNT | | AMOUNT | NET PAY |
| REGULAR | 40.00 | | 615.39 | 178.00 | 2083.59 | FICA | 38.15 | CAFINSP | 44.00 | | 823.12 | 2334 |
| HOLIDAY | | | | 3.50 | 47.78 | MEDICA | 8.93 | CAF W/S | 10.76 | | 161.40 | |
| SALARY | | | | 16.00 | 400.00 | FED WH | 65.34 | 403 B | 25.00 | | 363.79 | |
| TOTALS | 40.00 | | 615.39 | 207.00 | 3076.95 | | 112.42 | CHILDSUP | 69.23 | | 1269.25 | |
| | | | | | | | | ON WAY | | | 6.00 | |
| REGULAR | 38.75 | | 511.25 | | | FICA | 27.61 | CAFINSP | | | | |
| O/TIME | | | 3.50 | | | MEDICA | 6.46 | CAF W/S | | | | |
| VACATION | | | 16.00 | | | FED WH | 19.33 | 403 B | | | | |
| SICK | | | 40.00 | | | | | CHILDSUP | | | | |
| HOLIDAY | | | 12.00 | | 36.40 | | | | | | | |
| PERSONAL | 1.25 | | 9.25 | | | | | | | | | |
| SALARY | | | | | | | | | | | | |
| TOTALS | 40.00 | | 500.00 | 500.00 | 600.00 | | 53.40 | | 148.99 | | 297.51 | 2334 |
| REGULAR | 78.75 | | 1115.39 | | | FICA | 65.76 | CAFINSP | | | | |
| PERSONAL | 1.25 | | | | | MEDICA | 15.39 | CAF W/S | | | | |
| SALARY | | | | | | FED WH | 84.67 | CHILDSUP | | | | |
| TOTALS | 80.00 | | 1115.39 | | | | 165.82 | | 148.99 | | 2623.56 | 502.97 |

CHKS: 2


DEFENDANT'S
EXHIBIT
F-5

FAX NO. 956 233 9879   P. 13

Process Date — MAY 17, 2001

# PaySmart Check Register

Page - 1

| EMPLOYEE NAME DIV·DEPT NUM. CLOCK SOC.SEC. FREQ M/S EX. | EARNINGS CURRENT HOURS | RATE | CURRENT AMOUNT | HOURS | Y T D AMOUNT | TAXES CURRENT AMOUNT | Y T D AMOUNT | DEDUCTIONS CURRENT AMOUNT | Y T D AMOUNT | CHECK # NET PAY |
|---|---|---|---|---|---|---|---|---|---|---|
| LOPEZ, EDUARDO B 0001 9609 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 M1 S0 YTD GROSS: 3692.34 | REGULAR 40.00 HOLIDAY SALARY TOTALS 40.00 | | 615.39 615.39 | 8.00 240.00 3692.34 | 232.00 3692.34 | FICA 37.49 MEDICA 8.76 FED WHH 109.98 | FICA 228.26 MEDICA 53.38 FED WHH 390.43 679.07 | CAF N/S 10.71 | CAF N/S 10.71 | 23402 496.70 |
| | | | | | | | | | | |
| REYNOLDS, PAULA 0001 0649 XXX-XX-0649 H3 S0 YTD GROSS: 8767.68 | REGULAR 38.00 O/TIME VACTIOR HOLIDAY SICK PERSONAL SALARY TOTALS | | | 509.75 31.50 405.00 162.00 11.25 676.50 | 2003.50 47.28 109.00 3692.34 | FICA 27.60 MEDICA 6.45 FED WHH 19.33 | FICA 479.16 MEDICA 112.06 FED WHH 159.51 | CAF/WCSP 44.00 CAF II/S 10.76 403 B 25.00 CHLDSUP 69.23 | CAF/WCSP 867.12 CAF II/S 172.16 403 B 300.79 CHLDSUP 1330.48 UN PAY 6.00 | 23403 |
| | | | | | | | | | | |
| OTHER # 0001 ADMINISTRATION CURRENT PAY TOTALS | REGULAR 78.00 PERSONAL 2.00 SALARY | | 500.00 500.00 | | 6500.00 6500.00 | FICA 65.09 MEDICA 15.21 FED WHH 83.06 | | CAF/OSP 148.55 CAF N/S 21.47 403 B 25.00 | | CHKS: 2 |

REGULAR 40.00 PERSONAL 2.00 SALARY — 1115.39

53.30 — 858.14

148.95 — 2772.55

297.63

Process Date - MAY 31, 2001

# PaySmart Check Register

Page - 1

| EMPLOYEE NAME DIV/DEPT CLOCK SUP/SEC M/S-EX | EARNINGS | CURRENT HOURS/DAYS | RATE | AMOUNT | Y-T-D HOURS | AMOUNT | TAXES | CURRENT AMOUNT | Y-T-D AMOUNT | DEDUCTIONS | CURRENT AMOUNT | Y-T-D AMOUNT | CHECK # NET PAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LATIMORE, TRACY 0001 9781 561 721-2663 M/S/EX YTD GROSS: 519.23 | REGULAR HOLIDAY SALARY TOTALS | 32.00 8.00 40.00 | | 519.23 519.23 | 32.00 8.00 40.00 | 519.23 519.23 | FICA MEDFICA FED WH | 32.19 7.53 47.02 86.74 | 32.19 7.53 47.02 86.74 | CAF W/S 403 B | 25.96 | 25.96 25.96 | 23520 406.53 |
| LODY, EDUARDO B 0001 9609 453 19-9609 M/S/EX YTD GROSS: 4923.12 | REGULAR HOLIDAY SALARY TOTALS | 32.00 8.00 40.00 | | 615.39 615.39 | 309.00 106.00 320.00 4921.12 | 4921.12 4921.12 | FICA MEDFICA FED WH | 37.49 8.77 109.99 | 303.24 70.92 517.89 892.05 | CAF W/S | 10.71 | 32.13 | 23521 494.09 |
| REAZ, S. PAULA 01 8648 1648 4528 9652 9652.30 YTD GROSS: 9652.30 | REGULAR O/TIME VACATION HOLIDAY SICK PERSONAL SALARY TOTALS | 24.00 8.00 8.00 40.00 | | 384.62 384.62 | 613.76 3.50 24.00 40.00 20.00 11.25 320.00 | 2003.50 47.28 100.00 38.40 7884.62 9652.30 | FICA MEDFICA FED WH | 20.45 4.78 2.89 28.12 | 522.22 123.30 381.75 1012.27 | CAFHOSP CAF H/S 403 B CHILDSUP UN MAY | 94.00 10.76 19.23 60.00 133.99 | 955.12 191.08 433.02 1467.71 6.00 3055.93 | 23522 222.51 |



DEFENDANT'S EXHIBIT F-7

CAUSE NO.  2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF CAMERON**

    BEFORE ME, the undersigned authority, personally appeared **Pam Denny** who, being by me duly sworn, deposes as follows:

    I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

    I am the Custodian of Records for the **City of Los Fresnos**.  Attached hereto are 8 page(s) of records.  These said records are kept in the regular course of business at the office the **City of Los Fresnos.**  It was in the regular course of business at the office of **the City of Los Fresnos** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter.  The records attached hereto are exact duplicates of the original.  The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.



**Pam Denny**

    SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the 7th day of November, 2002.

YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005

Notary Public in and for the State of Texas



DEFENDANT'S
EXHIBIT
F-8



ABC DISTRIBUTING, INC.
P.O. BOX 619092
N. MIAMI, FL. 3261-9092


MARCH 25, 2002


Ref:   Act. # 78566030101
       P. Reynolds

This account is Mrs. Paula Reynolds personal account and was never given the authorization to open an account under the City 's name.  She is no longer employed with the City of Los Fresnos.  You may contact her at (956)-233-8111 and her mailing address is as follows.

Paula Reynolds
P.O. Box 603
Los Fresnos, TX. 78566


Her physical address is:    106 S. Huisache Street, Los Fresnos, Tx  78566


Yolanda Perez
Asst. City Secretary



# abc DISTRIBUTING, INC.®

PO BOX 619092    PHONE: (305) 949-0053
N. MIAMI, FL 33261-9092    FAX: (305) 949-3618
www.abcdistributing.com

**NEWS NETWORK**®

ACCT: 78566030101
ATTN: LOS FRESNOS WATER PLAN
LOS FRESNOS WATER PLANT
209 N ARROYO BLVD
LOS FRESNOS, TX 78566-3236

MARCH 25, 2002

PHONE: (956) 233-5768
FAX:    (956) 233-9879

RE: Purchaser:    **P REYNOLDS**

Dear Sir or Madam:

We understand that you are notifying us that the individual named above is no longer employed with your firm.

Please be aware, however, that an account was established with abc Distributing, Inc., by that individual on behalf of your company. Each catalogue order requires an authorized signature and it is understood that the individual signing the order form has the authority to do so on behalf of the business, office, department or division. Therefore, abc Distributing, Inc., holds the business or agency ultimately responsible for any debt incurred during purchasing or shipping. Furthermore, your company account has an unpaid balance.

If you would like us to resolve this matter directly with your former employee, please provide us with some general information including, their home address, phone number, or new place of employment.

Your cooperation is greatly appreciated. We apologize for any inconvenience this misunderstanding may have caused and hope to be of service to you in the near future.

We urge you to contact us if you have additional questions or concerns.

Sincerely,
abc Distributing, Inc.
Collection Department

NOTE: If you receive this fax through the mail, we were not able to send a fax to your company at the fax number on file. Should you wish to receive faxes from us, please contact our Customer Service line at (305)944-6971, Monday through Friday between the hours of 8:30 am and 5:00 pm EST.


DEFENDANT'S
EXHIBIT
G-1

**abc** DISTRIBUTING, INC.®

PO BOX 619092          PHONE: (305) 944-6971
N. MIAMI, FL 33261-9092     FAX: (305) 944-3291
www.abcdistributing.com

**NEWS NETWORK** ®
**CORRESPONDENCE NOTICE**

ACCT: 78566030101
ATTN:
LOS FRESNOS WATER PLANT
209 N ARROYO BLVD
LOS FRESNOS, TX 78566-3236

MARCH 27, 2002

PHONE: (956) 233-5768
FAX:   (956) 233-9879

Dear Customer:

We are in receipt of your correspondence to our Customer Service
Department.  We appreciate your inquiries, comments and concerns.
Due to the recent increase in volume please allow us 15 days
to process your request.

We appreciate your cooperation and understanding in this matter.

NOTE:  If you receive this fax through the mail, we were not able to send a fax to your company at the fax number on file.  Should you wish to receive faxes from us, please contact our Customer Service line at (305)944-6971, Monday through Friday between the hours of 8:30 am and 5:00 pm EST.



DEFENDANT'S
EXHIBIT
6-2

MAR-28-02 WED 03:09 PM CITY OF LOS FRESNOS          FAX NO. 956 233 9879          P. 05

 **DISTRIBUTING, INC.®**

PO BOX 619092          PHONE: (305) 949-0053
N. MIAMI, FL 33261-9092     FAX: (305) 949-3618
www.abcdistributing.com

**NEWS NETWORK**

ACCT: 78566030101
ATTN:
LOS FRESNOS WATER PLANT
209 N ARROYO BLVD
LOS FRESNOS, TX 78566-3236

MARCH 28, 2002

PHONE: (956) 233-5768
FAX:   (956) 233-9879

RE: Purchaser:     **P REYNOLDS**

Dear Sir or Madam:

We understand that you are notifying us that the individual named above is no longer employed with your firm.

Please be aware, however, that an account was established with abc Distributing, Inc., by that individual on behalf of your company. Each catalogue order requires an authorized signature and it is understood that the individual signing the order form has the authority to do so on behalf of the business, office, department or division. Therefore, abc Distributing, Inc., holds the business or agency ultimately responsible for any debt incurred during purchasing or shipping. Furthermore, your company account has an unpaid balance.

If you would like us to resolve this matter directly with your former employee, please provide us with some general information including, their home address, phone number, or new place of employment.

Your cooperation is greatly appreciated. We apologize for any inconvenience this misunderstanding may have caused and hope to be of service to you in the near future.

We urge you to contact us if you have additional questions or concerns.

Sincerely,
abc Distributing, Inc.
Collection Department

NOTE: If you receive this fax through the mail, we were not able to send a fax to your company at the fax number on file. Should you wish to receive faxes from us, please contact our Customer Service line at (305)944-6971, Monday through Friday between the hours of 8:30 am and 5:00 pm EST.



DEFENDANT'S EXHIBIT G-3

# statement of account



**DUE REMITTANCE STUB**
OUR TERMS ARE NET 10 DAYS. YOUR ACCOUNT IS PAST DUE.
PLEASE REMIT PAYMENT IN FULL IMMEDIATELY.
RETURN THIS PORTION WITH PAYMENT.

| Account No. | Statement Date | Days Past Due |
|---|---|---|
| 78566030101 | 04/08/02 | 92 |

**PAYMENT IN FULL DUE IMMEDIATELY**

**$19.45**
**AMOUNT DUE**

*PLEASE REFER TO THE REVERSE SIDE FOR PROCESSING INSTRUCTIONS*

MAILING ADDRESS:
P.O. BOX 619000
NORTH MIAMI FL 33261-9000
TELEPHONE: (305) 944-8971
FAX: (305) 944-3291
WEB: www.abcdistributing.com

ACCT: 78566030101          0071102
ATTN: P REYNOLDS
LOS FRESNOS WATER PLANT
209 N ARROYO BLVD
LOS FRESNOS, TX 78566-3236

9356268180019457856603010 18

X✂ PLEASE TEAR OR CUT ALONG PERFORATED LINE

# COLLECTION DEPARTMENT NOTICE

## YOUR ACCOUNT IS 92 DAYS PAST DUE.

YOUR ACCOUNT HAS BEEN PLACED IN THE COLLECTIONS DEPARTMENT,
ALL UNSHIPPED ORDERS OR NEW ORDERS RECEIVED FROM YOUR
COMPANY WILL BE CANCELLED.

AS AN AUTHORIZED ORDERING AGENT FOR YOUR COMPANY, YOUR
CONTINUED LACK OF ATTENTION TO THIS SERIOUS MATTER AND
NON-PAYMENT ON THE INVOICES LISTED BELOW IS FORCING US
TO TAKE NECESSARY STEPS TO PROTECT OUR INTEREST.

IT IS IMPERATIVE THAT YOU MAIL YOUR CHECK TODAY FOR THE
ENTIRE AMOUNT DUE OR THAT YOU CONTACT US AT:
      305-949-0053 MONDAY - FRIDAY 8:30 AM - 9:00 PM (EST)
      305-949-3618 (FAX) 24 HOURS
      WWW.ABCDISTRIBUTING.COM



| INVOICE DATE | INVOICE NO. | ORDERING AGENT | ORIGINAL AMOUNT | LESS RETURNS | PAYMENTS (-) CREDIT/DEBIT(+) | BALANCE DUE |
|---|---|---|---|---|---|---|
| 01/04/02 | 997264355 | P REYNOLDS | 19.45 | | | 19.45 |

**TOTAL PAST DUE AMOUNT ➔**          **$19.45**

0071102  01015100  053740

DEFENDANT'S EXHIBIT
G-4
Blumberg No 5118

# abc DISTRIBUTING, INC.®

PO BOX 619092       PHONE: (305) 944-6971
N. MIAMI, FL 33261-9092    FAX: (305) 944-3291
www.abcdistributing.com

# NEWS NETWORK ®

## STATEMENT OF ACCOUNT

ACCT: 78566030101
ATTN: P REYNOLDS
LOS FRESNOS WATER PLANT
209 N ARROYO BLVD
LOS FRESNOS, TX 78566-3236

APRIL 17, 2002

PHONE: (956) 233-5768
FAX:   (956) 233-9879

RE: STATEMENT OF ACCOUNT

| DATE SHIPPED | INVOICE NUMBER | QTY/ ITEM | DESCRIPTION | ATTENTION | AMOUNT | N-SEE BELOW P-PAID D-DEBIT(+) C-CREDIT(-) R-RETURNED | BALANCE DUE |
|---|---|---|---|---|---|---|---|
| 11/24/2001 | 974248841 | 3-172412 | Frosted hummingbi | P REYNOLDS | $71.28 | $45.08 P | $26.20 |
| | | 2-154086 | S/12 ornaments-me | | | | |
| | | 1-172971 | Magazine rack | | | | |
| | | 1-173242 | Rose loop knit ru | | | | |
| 11/26/2001 | 975870782 | 1-173479 | Quilt rack-wrough | P REYNOLDS | $20.25 | $0.00 N | $20.25 |
| 11/28/2001 | 976167813 | 2-154839 | Dollhouse-dream e | P REYNOLDS | $44.29 | $0.00 N | $44.29 |
| 11/28/2001 | 978189768 | 1-160219 | 20" garden angel | P REYNOLDS | $19.16 | $0.00 N | $19.16 |
| 12/05/2001 | 983325874 | 3-173214 | Star lights-s/10 | P REYNOLDS | $17.40 | $17.40 PN | $0.00 |
| 12/11/2001 | 987673028 | 1-160219 | 20" garden angel | P REYNOLDS | $19.16 | $0.00 N | $19.16 |
| 12/12/2001 | 989330900 | 3-172371 | Blue w/clear flor | P REYNOLDS | $41.65 | $41.65 P | $0.00 |
| | | 1-172964 | S/6 demitasse cup | | | | |
| 12/17/2001 | 988444022 | 4-172370 | Pink w/frosted fl | P REYNOLDS | $46.02 | $46.02 P | $0.00 |
| | | 1-172371 | Blue w/clear flor | | | | |
| 01/04/2002 | 997264355 | 1-173477 | An old friend is | P REYNOLDS | $19.45 | $0.00 N | $19.45 |
| | | 1-173478 | I asked god for a | | | | |

TOTAL ACCOUNT BALANCE.............    $148.51

N - THIS INVOICE IS BEING BILLED TO AN INDIVIDUAL WHO IS NO LONGER EMPLOYED
WITH YOUR COMPANY AND IS PROVIDED FOR ACCOUNT INFORMATION ONLY.

NOTE: If you receive this fax through the mail, we were not able to send a fax to your company at the fax number on file. Should you wish to receive faxes from us, please contact our Customer Service line at (305) 944-6971, Monday through Friday between the hours of 8:30 am and 5:00 pm EST.

DEFENDANT'S
EXHIBIT
5-5

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF CAMERON**

BEFORE ME, the undersigned authority, personally appeared **Pam Denny** who, being by me duly sworn, deposes as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the Custodian of Records for the **City of Los Fresnos**. Attached hereto are 6 page(s) of records. These said records are kept in the regular course of business at the office the **City of Los Fresnos**. It was in the regular course of business at the office of **the City of Los Fresnos** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the original. The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.



**Pam Denny**

SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the ___7th___ day of November, 2002.

YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005



Notary Public in and for the State of Texas

DEFENDANT'S
EXHIBIT
G-6

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 138TH  JUDICIAL DISTRICT |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

---

## AFFIDAVIT OF IDA GARCIA-CORTEZ

---

THE STATE OF TEXAS     §

COUNTY OF CAMERON     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Ida Garcia-Cortez who being by me sworn under oath deposed and stated as follows:

1.    "My name is Ida Garcia-Cortez, I am over 21 years of age and competent to make this affidavit and everything said herein is true and correct based upon my personal knowledge

2.    I'm giving this affidavit in connection with the above referenced lawsuit wherein Paula Reynolds is a plaintiff bringing a Whistleblower claim against the City of Los Fresnos, Texas.

3.    I am personally aware of why Paula Reynolds was terminated from the City of Los Fresnos as I am the person who terminated her.

4.    I am aware of Paula Reynolds allegations in this lawsuit wherein she alleges she was terminated because of a report she made about a violation of law City Secretary Pam Denny is to have committed, regarding the misuse of a city credit card. I am further aware of the fact that Paula Reynolds is claiming that allegedly in retaliation for making this report, she was terminated.

---

DEFENDANT'S EXHIBIT
H

5.    I can say unequivocally that the reason I terminated Paula Reynolds had absolutely

nothing to do with any alleged report she made to anyone regarding any violation of

law committed by City Secretary Pam Denny or anyone else.

6.    At the time I terminated Paula Reynolds, I was Mayor Pro-Tem and Acting Interim

City Administrator.  It was in my position as Acting Interim City Administrator that

I terminated Paula Reynolds.  That termination occurred on February 7, 2002.

7.    I made a written report complaining about Pam Denny's deficiencies and this report

was provided to the city's attorneys on January 17, 2001.

8.    In my report, I complained about some of the same things Paula Reynolds later

complained about in her hand written letter of August, 2001, including the misuse

of a city credit card.  As a result of my complaint in January, 2001 and other

complaints made at that time, Ms. Denny was disciplined by the city council and she

reimbursed the city for the charges made to the city credit card.

9.    After Dan Reyna became City Administrator, and in August 2001, he started

collecting complaints about Pam Denny as a basis for his intent to try and terminate

Ms. Denny and this is when Paula Reynolds made her hand written report.  Even

though there is no date on it, it is my understanding from reading Chief Cavazos'

affidavit that  he received Paula Reynolds' hand written report in August of 2001

when he received other complaints about Pam Denny which were dated August,

2001.

10.    These complaints were primarily about issues that had already been addressed with

Pam Denny and had already been resolved which resulted in her discipline and

reimbursement to the city.

11. I became Acting Interim City Administrator in December of 2001 and was replaced in March of 2002 when Ivan Welker came in as the full time City Administrator.

12. During the time I was Acting Interim City Administrator, it came to my attention that Paula Reynolds was unable to satisfactorily perform her job duties. As a result of an unsatisfactory job performance, she was suspended and was supposed to have deducted one day of pay from her paycheck and since she was in the finance department she would have been the person to have made this deduction. It later was brought to my attention that this was never deducted from her pay as ordered.

13. Since Paula Reynolds was an at will employee and pursuant to the Personnel Policy of the City of Los Fresnos, I then terminated her as an at will employee as set forth in a letter of termination dated February 7, 2002. I was fully well aware of the reports or comments that were being made about Pam Denny by various employees, including Paula Reynolds. However, my decision to terminate Paula Reynolds had absolutely nothing to do with her alleged report about Pam Denny and Paula Reynolds' termination was in no way in retaliation for her making any report about Pam Denny or anyone else."

Further Affiant sayeth naught.

_Ida Garcia-Cortez_
Ida Garcia-Cortez

SUBSCRIBED AND SWORN TO BEFORE ME on the _9 th_ day of _Sept._, 2002, to certify which witness my hand and official seal.

_Yolanda Perez_
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005

My Commission Expires:

_April 9, 2005_



TO:         PAULA REYNOLDS

FROM:     MAYOR PRO-TEM IDA GARCIA-CORTEZ

DATE:      JANUARY 4, 2001

RE:         SUSPENSION


This is to notify you that you will be suspended for one (1) day without pay, and with a warning, on Monday, January 7, 2002.

If this condition should continue you may be terminated.

DEFENDANT'S
EXHIBIT
I

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF CAMERON**

BEFORE ME, the undersigned authority, personally appeared **Pam Denny** who, being by me duly sworn, deposes as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the Custodian of Records for the **City of Los Fresnos**. Attached hereto are 1 page(s) of records. These said records are kept in the regular course of business at the office the **City of Los Fresnos**. It was in the regular course of business at the office of **the City of Los Fresnos** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the original. The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.

_Pam Denny_
**Pam Denny**

SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the _7th_ day of November, 2002.

_Yolanda Perez_
Notary Public in and for the State of Texas

YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005



DEFENDANT'S
EXHIBIT
I-1

# Los Fresnos Police Department
## Incident Narrative
### 02-00008

On Friday January 4, 2002, at about 9:10AM, reporting officer was dispatched to a past verbal fight at the city Hall Office. Upon arrival at the city hall Utility Clerk and asst. City Secretary Yolanda Perez made contact with reporting officer. She informed that she wanted to file charges against one of her co-workers Paula Reynolds for using vulgar and abusive language toward her. Yolanda Perez informed reporting officer that Paula had call her a "bitch" in the presents of customers and other employee's.

Reporting officer proceeded to take the report and had Yolanda Perez make a written statement about the incident. On her statement she includes all the witness that were present at the time of the incident. Statements were also from the witness and are include in the case file. Yolanda Perez also signed the complainant against Paula Reynolds for disorderly conduct. After taking the report Investigator and reporting officer made contact with Paula in her office. She also wanted to file charges against Yolanda for threat made the previous day. She was asked to go by the police department to make the report. When we were in Paula's office she did admit to calling Yolanda a "bitch".



DEFENDANT'S EXHIBIT

CAUSE NO. 2002-05-1879-B

| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |

PAULA REYNOLDS                                  §          IN THE 138TH DISTRICT COURT
                                                §
VS.                                             §                          OF
                                                §
                                                §
THE CITY OF LOS FRESNOS                          §          CAMERON COUNTY, TEXAS

---

## BUSINESS RECORDS AFFIDAVIT

---

STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned authority, personally appeared **Chief Johnny Cavazos** who, being by me duly sworn, deposes as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am a Custodian of Records for **Los Fresnos Police Department.** Attached hereto are 1 page(s). These said records are kept in the regular course of business at the office of **Los Fresnos Police Department.** It was in the regular course of business at the office of **Los Fresnos Police Department** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter. The records attached hereto are exact duplicated of the original. The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.



**Chief Johnny Cavazos**

SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the _10th_ day of December, 2002.



Notary Public in and for the State of Texas

NORMA A. MARTINEZ
MY COMMISSION EXPIRES
September 11, 2004

DEFENDANT'S
EXHIBIT
J-1



February 7, 2002

Mrs. Paula Reynolds

You are an employee at-will pursuant to the Personnel Policy of the City of Los Fresnos.
This is to inform you that you are terminated immediately.

Sincerely,

Ida Garcia-Cortez
Mayor Pro-tem
City of Los Fresnos



CAUSE NO.  2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF CAMERON**

BEFORE ME, the undersigned authority, personally appeared **Pam Denny** who, being by me duly sworn, deposes as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the Custodian of Records for the **City of Los Fresnos**. Attached hereto are 1 page(s) of records. These said records are kept in the regular course of business at the office the **City of Los Fresnos.** It was in the regular course of business at the office of **the City of Los Fresnos** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the original. The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.



**Pam Denny**

SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the _____ day of November, 2002.

YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005



Notary Public in and for the State of Texas

DEFENDANT'S EXHIBIT K-1

January 17, 2001

To whom it may concern:

The following are a few examples of why I have no confidence in Pam Denny.

1. Her unauthorized use of the city credit card for the purchase of one or more personal items, In my opinion, was a highly irresponsible, inexcusable, criminal action, which constitutes theft and misappropriation of entrusted public funds.

2. Her unauthorized use of the City's Sam's Membership card for personal use and benefit to her family members.

3. It has come to my attention that Mrs. Denny has on several occassions has taken personal and or sick leave from work, but has failed to make any notation of it. This important and fair procedure is to be done so as to be docked or balanced out for that time. On those occassions she claims all 40 hours as regular time worked, therefore, allowing for the build-up of her sick and leave time to be paid at a later date. In my opinion, this inexcusable action is again an example of theft in the form of time and pay using public funds.

4. As the head of her department, Mrs. Denny is charged with, and is responsible for the daily support of her subordinate staff. She is also charged with maintaining and enhancing the moral of her subordinate staff, in part by setting the tone and example for the office work enviroment. It is blantantly evident that Mrs. Denny has failed miserably in these crucial responsibilities. These failures are a direct reflection of the poor management style that Mrs. Denny implements.

5. At the September 26th city council meeting Mrs. Pam Denny took it upon herself to alienate and discriminate against several hispanic people. Mrs. Denny stated to them as they were arriving, that they could not sit at the first two rows of chairs closest to the council table due to them being "reserved". Just before the start of the meeting it was noticed that anglo americans with close ties to Mrs. Denny, were sitting in the "reserved' seating area. It is not the policy of this city to allow for the reserving of seats for anyone other than handicapped people that give proper anvanced notice. This action that was taken is a pending, possible lawsuit for the city.

These are a few of my concerns with Pam Denny, if you have any questions please do not hesitate to call me.

Ida Garcia

*Ida Garcia*



DEFENDANT'S
EXHIBIT

To: Atlas & Hall
From: Alderman Ida Garcia
Re: No confidence in Pam Denny

This is an addition of my concerns with Pam Denny as an employee.

6. I discovered that Pam Denny had personally purchased some items at Sam's, and received reimbursement from the City. When asked about these items, she lied and said that they had possibly been given to the prisoner's. Why did she mislead us?

7. She released confidential attorney-client papers to a citizen. She was irresponsible in her actions and fails to attend to situations in a timely manner.

8. I can't trust any city business to be completed in a reasonable amount of time. We approved the purchase of three new police cars in October 2000. In January, they still had not been purchased. Tracy Larimore came in in one day and got us bids for 3 new cars and within three days they were ordered.

9. Does not work hand-in-hand with others from other departments. In a meeting with the Police Dept. staff, she made a comment that whoever the new Cheif would be, he would not get anything from her.

10. The communication between Mrs. Denny and the council exists to bare minimum, if any at all. Example; Council members were invited (by fax to City Hall) to a dinner at the Wells Fargo bank. Four of the council members never received word of this until a week later.

11. Mrs. Denny can be very rude at council meetings. At one particular meeting, she expressed out loud that the Council had made a stupid mistake. This was the meeting where we appointed Father Charlie to the CDC board).

Ida Garcia

*Ida Garcia*

DEFENDANT'S
EXHIBIT
L-1

CAUSE NO. 2002-05-1879

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 138ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

---

### AFFIDAVIT OF IDA GARCIA-CORTEZ

---

THE STATE OF TEXAS     §
COUNTY OF CAMERON     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Ida Garcia-Cortez who being by me sworn under oath deposed and stated as follows:

1.  "My name is Ida Garcia-Cortez, I am over 21 years of age and competent to make this affidavit and everything said herein is true and correct based upon my personal knowledge.

2.  I am a member of the board of aldermen for the City of Los Fresnos and have been so at all relevant times.

3.  I have reviewed the attached two single page memorandums concerning Pam Denny, which bear my signature. I recognize these copies to be exact duplicates of the original memorandums which I signed, and I further recognize my signature to be authentic."

Further Affiant sayeth naught.

_Ida Garcia-Cortez_
Ida Garcia-Cortez

SUBSCRIBED AND SWORN TO BEFORE ME on the ___8 th___ day of
___November___, 2002, to certify which witness my hand and official seal.

_Yolanda Perez_
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS



YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005



DEFENDANT'S
EXHIBIT
L-2

MORRIS ATLAS
ROBERT L. SCHWARZ
GARY GURWITZ
CHARLES C. MURRAY
A. KIRBY CAVIN
MIKE MILLS
MOLLY THORNBERRY
FREDERICK J. BIEL
REX N. LEACH
LISA POWELL
STEPHEN L. CRAIN
G.C. HAMILTON, JR.
VICKI M. SKAGGS
RANDY CRANE
DAN K. WORTHINGTON
VALORIE C. GLASS
HECTOR J. TORRES
SOFIA A. RAMON
RAMONA K. KANTACK
DANIEL G. GURWITZ
DAVID E. GIRAULT
JOSÉ CANO
ADRIANA H. CÁRDENAS
GREGORY S. KAZEN
PATRICIA S. RIM

# ATLAS & HALL, L.L.P.
### ATTORNEYS AT LAW
PROFESSIONAL ARTS BUILDING • 818 PECAN
P.O. BOX 3725
McALLEN, TEXAS 78502-3725
(956) 682-5501
FAX (956) 686-6109

January 19, 2001

Writer's Direct Number:
(956) 632-8222

Ms. Pam Denny
City Secretary &
Tax Assessor/Collector
City of Los Fresnos
200 N. Brazil
Los Fresnos, Texas 78566

**Via Telecopier**

**Re:**   **Notice of Allegations of Incompetency, Corruption, Misconduct or Malfeasance in Office, and Notice of Opportunity to Respond**

Dear Ms. Denny:

Since our previous fax correspondence to you today, we have received additional charges or concerns from one of the Members of the Board of Aldermen of the City of Los Fresnos regarding your conduct as a municipal officer of the City of Los Fresnos:

"1.     I discovered that Pam Denny had personally purchased some items at Sam's, and received reimbursement from the City. When asked about these items, she lied and said that they had possibly been given to the prisoner's . Why did she mislead us?

2.     She released confidential attorney-client papers to a citizen. She was irresponsible in her actions and fails to attend to situations in a timely manner.

3.     I can't trust any city business to be completed in a reasonable amount of time. We approved the purchase of three new police cars in October 2000. In January, they still had not been purchased. Tracy Larimore came in one day and got us bids for 3 new cars and within three days they were ordered.

4.     Does not work hand-in-hand with others from other departments. In a meeting with the Police Dept. staff, she made a comment that whoever the new Chief would be, he would not get anything from her.



DEFENDANT'S
EXHIBIT
M

January 19, 2001
Page 2

5.    The communication between Mrs. Denny and the council exists to bare minimum, if any at all.  Example; Council members were invited (by fax to City Hall) to a dinner at the Wells Fargo bank.  Four of the council members never received word of this until a week later.

6.    Mrs. Denny can be very rude at council meetings.  At one particular meeting, she expressed out loud that the Council had made a stupid mistake.  This was the meeting where we appointed Father Charlie to the CDC board."

Supporting documentation for several of the allegations is attached for your review.

Very truly yours,

ATLAS & HALL, L.L.P.

By: _____
David E. Girault

DEG:vm
Enclosure (as stated)

MORRIS ATLAS
ROBERT L. SCHWARZ
GARY GURWITZ
CHARLES C. MURRAY
A. KIRBY GAVIN
MIKE MILLS
MOLLY THORNBERRY
FREDERICA J. BIEL
REX N. LEACH
LISA POWELL
STEPHEN L. CRAIN
O.C. HAMILTON JR.
VICKI M. SKAGGS
RANDY CRANE
DAN K. WORTHINGTON
VALORIE C. GLASS
HECTOR J. TORRES
SOFIA A. RAMON
RAMONA A. KANTACK
DANIEL G. GURWITZ
DAVID E. GIRAULT
JOSE CANO
ADRIANA H. CARDENAS
GREGORY S. KAZEN
PATRICIA S. RIM

ATLAS & HALL, L.L.P.
ATTORNEYS AT LAW
PROFESSIONAL ARTS BUILDING · 818 PECAN
P.O. BOX 3725
McALLEN, TEXAS 78502-3725
(956) 682-5501
FAX (956) 686-6109

January 19, 2001

Writer's Direct No.:
(956) 632-

Ms. Pam Denny
City Secretary &
Tax Assessor/Collector
City of Los Fresnos
200 N. Brazil
Los Fresnos, Texas 78566

Via Certified Mail No. Z 149 885 740
Return Receipt Requested
& Via Telecopier

Re:    Notice of Allegations of Incompetency, Corruption, Misconduct or Malfeasance in Office, and Notice of Opportunity to Respond

Dear Ms. Denny:

Members of the Board of Aldermen of the City of Los Fresnos have requested that we provide you with notice of certain charges or claims regarding your conduct as a municipal officer of the City of Los Fresnos. We understand that you occupy the office of City Secretary and Tax Assessor/Collector, both of which are classified as municipal offices under Chapter 22, Texas Local Government Code.

Under §22.007(a), Texas Local Government Code, a municipal officer may be removed from office for incompetency, corruption, misconduct, or malfeasance after providing the officer with due notice and an opportunity to be heard. The following is a list of charges and/or complaints regarding your conduct in office which have been provided to us by members of the Board of Aldermen:

"1    Her unauthorized use of the city credit card for the purchase of one or more personal items. In my opinion, was a highly irresponsible, inexcusable, criminal action, which constitutes theft and misappropriation of entrusted public funds.

Mrs. Denny charged $405.00 to the City of Los Fresnos Visa card on November 13, 2000 while shopping on the Internet from her residence. She did not reimburse the City of Los Fresnos until December 7, 2000 after it was brought to her attention.



January 19, 2001
Page 2

2.  Her unauthorized use of the City's Sam's Membership card for personal use and benefit to her family members.

    Mrs. Denny has placed her immediate family members (Kenneth Denny, Melissa Denny, Douglas Denny, on the City of Los Fresnos account. I believe this is a personal gain on her part and is immoral. The City of Los Fresnos was neither aware of this fact, nor was it authorized.

3.  It has come to my attention that Mrs. Denny has on several occasions has taken personal and/or sick leave from work, but has failed to make any notation of it. This important and fair procedure is to be done so as to be docked or balanced out for that time. On those occasions she claims all 40 hours as regular time worked, therefore, allowing for the build-up of her sick and leave time to be paid at a later date. In my opinion, this inexcusable action is again an example of theft in the form of time and pay using public funds.

4.  As the head of her department, Mrs. Denny is charged with, and is responsible for the daily support of her subordinate staff. She is also charged with maintaining and enhancing the moral of her subordinate staff, in part by setting the tone and example for the office work environment. It is blatantly evident that Mrs. Denny has failed miserably in these crucial responsibilities. These failures are a direct reflection of the poor management style that Mrs. Denny implements.

5.  At the September 26th city council meeting Mrs. Pam Denny took it upon herself to alienate and discriminate against several hispanic people. Mrs. Denny stated to them as they were arriving, that they could not sit at the first two rows of chairs closest to the council table due to them being "reserved". Just before the start of the meeting it was noticed that anglo americans with close ties to Mrs. Denny, were sitting in the "reserved" seating area. It is not the policy of this city to allow for the reserving of seats for anyone other than handicapped people that give proper advanced notice. This action that was taken is a pending, possible lawsuit for the city.

6.  Blue Cross/Blue Shield Insurance: Health insurance for all City of Los Fresnos employees was briefly cancelled due to Mrs. Denny's actions.

7.  The misinformation to the City Council and employees of the City of Los Fresnos: Mrs. Denny advised the City Council of Los Fresnos to place two (II) employees to part-time status because of budget considerations. Mrs. Denny informed the City Council that the employees would continue to receive medical/health insurance when, in truth, it is against Blue Cross/Blue Shield policy to insure part-time employees.'

January 19, 2001
Page 3

Supporting documentation of these allegations is attached for your review.

The Board of Alderman may also remove a municipal officer elected by the governing body if the governing body lacks confidence in a municipal officer. The removal is effective only if two-thirds of the elected aldermen vote in favor of a resolution declaring the lack of confidence.

Please be advised that the Board of Aldermen of the City of Los Fresnos has called a special meeting, to be held at 7:30 pm on Tuesday, January 30, 2001, in the City Council Chambers, City Hall, Los Fresnos, Texas. At that meeting, you will be provided an opportunity to respond to the foregoing charges regarding your conduct in office.

Very truly yours,

ATLAS & HALL, L.L.P.

By: David E. Girault

DEG:vm

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

---

## BUSINESS RECORDS AFFIDAVIT

---

**STATE OF TEXAS**

**COUNTY OF CAMERON**

BEFORE ME, the undersigned authority, personally appeared **Pam Denny** who, being by me duly sworn, deposes as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the Custodian of Records for the **City of Los Fresnos**. Attached hereto are 5 page(s) of records. These said records are kept in the regular course of business at the office the **City of Los Fresnos.** It was in the regular course of business at the office of **the City of Los Fresnos** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the original. The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.

_____
**Pam Denny**

SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the ___7th___ day of November, 2002.

_____
Notary Public in and for the State of Texas

> YOLANDA PEREZ
> MY COMMISSION EXPIRES
> April 9, 2005



DEFENDANT'S
EXHIBIT
**M-2**

# MEMORANDUM

TO:       Tom Andrews, City Attorney

FROM:    Ann Meyn, Library Director

SUBJECT: Payroll Incompetence

DATE:     April 11, 2002

**Checks:**

Beginning in October, the City began paying employees every two weeks instead of weekly.  After I received my first paycheck in October, I brought it to the attention of Paula Reynolds that the checks were incorrect.  Employee deductions for United Way, American Heritage Insurance and others were only deducted for one week instead of two.  For example, $5 is deducted every week to be donated to the United Way, meaning that $10 should have been deducted each pay period.  Instead only $5 was deducted for the pay period.  I brought this to Paula's attention every pay period for the next four months that the deductions were not being made correctly.  No corrections or changes were ever made. Consequently when Pam Denny began handling payroll, I ended up owing almost $400.00 that had not been deducted from my check for the United Way and other insurance.  I also brought it to her attention that the quarterly payments to my life insurance policy at West Coast Life were not being made, but that the $100.00 to pay it was being deducted from my check each month.

**Invoices:**

I also continually had to supply copies of unpaid invoices.  The original invoices were turned in, but always seemed to disappear.  I always make a note on my copies of the date I turn in invoices to City Hall to make sure that I had not forgotten.



DEFENDANT'S EXHIBIT
N
Blumberg No. 5114

**Vacation and Sick leave:**

When Ms. Reynolds left, all of my staff had problems in sick leave and vacation time. We had tried to get this straight for months but to no avail. I lost about 50 hours of sick leave that I couldn't get straightened out. Noemi Cardenas was given 80 hours of vacation on October 1, 2001 and that was completely taken away from her because of management of the records. She took 40 hours of vacation and that was deducted from the present year because of her mistakes in bookkeeping. So she is left with no vacation this year.

cc:    Office of the City Administrator

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF CAMERON**

BEFORE ME, the undersigned authority, personally appeared **Pam Denny** who, being by me duly sworn, deposes as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the Custodian of Records for the **City of Los Fresnos**. Attached hereto are 2 page(s) of records. These said records are kept in the regular course of business at the office the **City of Los Fresnos**. It was in the regular course of business at the office of **the City of Los Fresnos** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the original. The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.

_Pam Denny_
**Pam Denny**

SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the _7th_ day of November, 2002.

YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005

_Yolanda Pee_
Notary Public in and for the State of Texas


DEFENDANT'S
EXHIBIT
N-1

2077

SPECIAL CITY COUNCIL MEETING
MONDAY, FEBRUARY 12, 2001

The Los Fresnos City Council convened in a Special Meeting on Monday, February 12, 2001 at 6:30 p.m. Present were Mayor Abrego, Mayor Pro-tem McCormick and Alderman Garcia. Also present was Interim City Administrator Paul Chavez

Due to lack of a quorum, Mayor Abrego adjourned the meeting and rescheduled for Monday, February 19, 2001 at 7:30 p.m.

MAYOR

*Manuel Abrego*

Manuel Abrego

INTERIM CITY ADMINISTRATOR

*Paul Chavez*

Paul Chavez

REGULAR CITY COUNCIL MEETING
TUESDAY, FEBRUARY 13, 2001

The Los Fresnos City Council convened in a Regular Meeting on Tuesday, February 13, 2001 at 7:30 p.m. Present were Mayor Abrego, Aldermen Acevedo, Mendoza and Garcia, and Interim City Administrator Paul Chavez. Absent were Mayor Pro-tem Melanie McCormick and Alderman Juan Sierra.

Mayor Abrego called the meeting to order at 7:55 p.m.

Mayor Abrego gave the invocation and led the audience in the Pledge of Allegiance.

Consent Agenda:
    A. Approval of minutes from January 22 regular meeting and January 30 special meeting.
    B. Acknowledgement of bills paid between January 12 and February 9, 2001.
    C. Order of Election and Notice of General Election for May 5, 2001 City Election.



DEFENDANT'S EXHIBIT

2078

D. Appointment of Donald Shipley to the Los Fresnos Community Development Corporation Board of Directors.

E. Approval of Chief of Police job description from January 22. 2001 city council meeting.

Alderman Garcia made a motion to approve the consent agenda, seconded by Acevedo and the vote for approval was 3-0.

Visitor remarks

Mayor Abrego stated that there are two city employees that are leaving the city for employment elsewhere. Mayor Abrego recognized Efrain (Sonny) Cervantes for his service to the Police Department and Ruth Hernandez for her services as Finance Director.

Consider for approval or rejection of an application for membership in Valley Federal Credit Union and take action as may be appropriate

Mr. Chavez recommended for the City to join the credit union.

Alderman Garcia made a motion to approve the City joining the Valley Federal Credit Union, seconded by Acevedo and the vote for approval was 3-0.

Consider for approval or rejection of a service agreement for marketing and community promotion between the City of Los Fresnos and the Los Fresnos Area Chamber of Commerce and take action as may be appropriate

There was money budgeted for this item and therefore Mr. Chavez recommends the approval of contract with Chamber of Commerce. Alderman Garcia made a motion to approve the contract for services for marketing and community promotion between the City and Chamber of Commerce for one year at $250, seconded by Acevedo and the vote for approval was 3-0.

Discussion and possible action on refunding health insurance payments by Mrs. Santos for Mr. Fidencio Solis and take action as may be appropriate

Mr. Chavez stated that further research has to be made on how much is to be refunded to Mrs. Solis. Mayor Abrego ask how long it would take to research it and Mr. Chavez stated about a month. Alderman Garcia made a motion to refund Mrs. Solis for insurance after research is done, seconded by Mendoza and the vote for approval was 3-0.

2079

Consider for approval or rejection the payment of $6,498.00 to Southmost Regional
Water Authority for a feasibility study on a brackish water facility and associated
assessment fees, and take action as may be appropriate

Mr. Acevedo stated that Mr. Salazar and himself had attended the last meeting of the
Southmost Regional Water Authority. Alderman Acevedo made a motion to approve the
expenditure of $6,498.00 for the assessment fees and brackish water study, seconded by
Mendoza and the vote for approval was 3-0.

Consider for approval or rejection the advertising and subsequent hiring of a janitor for
all municipal buildings and take action as may be appropriate

Mayor Abrego advised that the job would be for 20 hours a week. Mr. Chavez stated that
he is looking into another option. Alderman Garcia made a motion to approve the
advertising for a janitor and hiring of a janitor for all buildings, seconded by Acevedo and
the vote for approval was 3-0.

Consider for approval or rejection a proposal to outsource City of Los Fresnos payroll
activities to Long Chilton, LLP, and take action as may be appropriate

Mr. Chavez stated he has been observing the finance department and has spoken with
previous finance directors, Ron and Darla, and it seems that payroll is time consuming,
and tedious. Mr. Chavez asks Ms. Hernandez if she recommended payroll being done
outside of City. It would cost the city a base fee of $9.00 plus 75 cents per check, they do
all quarterly reports at no extra cost, but they do charge extra for preparing W-2's.
Alderman Acevedo made a motion to approve Long Chilton, LLP to do payroll activities
for the City of Los Fresnos, seconded by Garcia and the vote for approval was 3-0.

Discussion and possible action on modifying the account signatories on various checking
accounts as per the recommendation of the finance director, and take action as may be
appropriate

After speaking with the bank Ms. Hernandez found out that the bank would honor any
check with one signature even though four people have signed the signature card. Ms.
Hernandez stated she recommends that any check over $5,000 have three signatures for
safety measures. Alderman Mendoza made a motion to require two signatures on all
checks and three signatures on checks over $5,000, seconded by Garcia and the vote for
approval was 3-0.

2080

Consider for approval or rejection of outsourcing the tasks of tax collection and
assessment to the Los Fresnos Consolidated Independent School District for the City of
Los Fresnos, and take action as may be appropriate

Mr. Chavez stated that he has noticed that the current tax assessor-collector is very
bogged down with tasks. This way the School District already has someone on their
payroll to collect the taxes and answer any questions and this would free up city staff to
do other things. The School District will do the City's tax collections as well as the
School Districts in exchange for office space in the new city hall. Mr. Chavez thought
that was fair since it would save the City about $17,000 per year. The School District
will furnish the computer and phone; all the City has to do is furnish the space.
Alderman Garcia made a motion to approve the outsourcing tasks of tax collection and
assessment to the Los Fresnos Independent School District for the City of Los Fresnos in
exchange for office space, Alderman Acevedo seconded motion and the vote for approval
was 3-0.

Consider for approval or rejection of an interim finance director, and take action as may
be appropriate

Mr. Chavez stated that his recommendation is Paula Reynolds for interim finance director
with a salary of $26,000. She has received extensive training from Ms. Hernandez
Alderman Acevedo ask Ms. Reynolds if she is willing to accept this position and she
stated yes. Alderman Acevedo made a motion to accept Ms. Reynolds as the interim
finance director until a new finance director is hired and her pay for the time as interim
finance director will be $26,000, seconded by Garcia and the vote for approval was 3-0.



Monthly reports from Department Heads

Library - Ms. Meyn stated that the computer use has increased due to the Winter Texans.
Dr. Ruiz has approved $5,000 for library. She attended a Texas Library meeting with the
Legislators and there were 300 librarians that attended, they were lobbying for more free
money but the City can not cut the budget because they receive the money. She would
like to hire someone for the children's program.

EMS - Mr. Hernandez stated that the council had the report in front of them. The month
of January EMS responded to 108 calls, 35 in city and balance in county. The EMS is
getting ready for Spring Break; this is the busiest time of the year for them. Repairs to
one of the units. He is working on a grant for a new ambulance. He had a seminar in
Spanish on CPR.

2082

MAYOR

*Mayor Manuel Abrego*

Manuel Abrego

INTERIM CITY ADMINISTRATOR

*Paul Chavez*

Paul Chavez

CAUSE NO.  2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

---

### BUSINESS RECORDS AFFIDAVIT

---

**STATE OF TEXAS**

**COUNTY OF CAMERON**

BEFORE ME, the undersigned authority, personally appeared **Pam Denny** who, being by me duly sworn, deposes as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the Custodian of Records for the **City of Los Fresnos**. Attached hereto are 5 page(s) of records. These said records are kept in the regular course of business at the office the **City of Los Fresnos**. It was in the regular course of business at the office of **the City of Los Fresnos** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the original. The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.



**Pam Denny**

SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the _7th_ day of November, 2002.



Notary Public in and for the State of Texas

> YOLANDA PEREZ
> MY COMMISSION EXPIRES
> April 9, 2005

**DEFENDANT'S EXHIBIT**
Blumberg No 5116
*0-1*

CAUSE NO. 2002-05-1879

| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## AFFIDAVIT OF JOHNNY CAVAZOS

| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned, on this day appeared Johnny Cavazos, who is personally known to me, and who, after being duly sworn, according to law upon his oath deposed and said the following:

1.  "My name is Johnny Cavazos. I am over 21 years of age, of sound mind, capable of making this Affidavit. The facts stated herein are true and correct and within my personal knowledge.

2.  I am the Chief of Police for the City of Los Fresnos and have been employed in this position since February 2001.

3.  I received a five page, typed "To Whom It May Concern" statement from Paula Reynolds about Pam Denny. Ms. Reynolds signed this statement but did not date it.

4.  I am certain that this statement was received by me in late August 2001, as I received Reynolds' statement within days of receiving other dated statements concerning Pam Denny.

Further affiant sayeth not.

Chief Johnny Cavazos

SUBSCRIBED AND SWORN TO BEFORE ME on the _6_ day of _Sept_, 2002, to certify which witness my hand and seal of office.

Aide G Cervantes

Notary Public, State of Texas

Aide G Cervantes

Printed or typed name

Comm.Expires: _April 1 2006_

AIDE G. CERVANTES
MY COMMISSION EXPIRES
April 1, 2006



DEFENDANT'S
EXHIBIT
P

To:     Whom It May Concern
From:  Paula Reynolds   *Paula Reynolds*

One day last September, Paul Chavez told me to come and see him before I left for the day. I went to his office and he told me I was going to be part-time beginning of the fiscal year. I asked why and Paul said something about the budget. I asked when this decision was made and he said apparently at the last budget meeting. We were extremely upset and so was Ruth when we told her.

The next morning Paul and I were called into Pam office. She informed us and this is a quote "Well... I have some bad news. I want you to know *I* fought **very hard** for you, and I kept asking if there was no other way, but the Council decided to put you and Bobbi Lagant to part-time". She kept reiterating on how hard she fought for us, but the budget was so tight there were no other alternatives, and the council was firm with it's decision. I remarked I could not afford a cut in pay because I am court-ordered to pay child-support as well as provide health insurance. I asked about my benefits and she said the Council did agree to continue paying my health insurance and would as long as I was part-time. I told her I could not afford this and asked if I could work extra when needed, such as when Yolanda or Sara took vacation, and she assured us I could, it wouldn't be a problem - in fact there would be times when I would be needed.

Paul and I went into his office and continued talking. I asked him if he knew this was going to happen and he said he had no clue. There had been a budget meeting just a few days before and he mentioned something to Pam about his being at meeting and she told him "not to bother with coming; they were just going to go over numbers, etc., and it would be very tedious and boring, and there was really no point in his being there."

At some point, Paul called Mayor Abrego and together we had a meeting. Mayor Abrego told us it was Pam's suggestion to put Bobbi and I to part-time, the council knew nothing about it until she mentioned it.

Just a few days later when I was doing Accounts Payable, Pam came in and told me to make sure when I paid Judge Gene Daniels and Geronimo Sheldon their October fees, to **raise** Gene's salary from $751.34 to $875.00, and Geronimo's from $291.67 to $325.00! They got a raise, but I was demoted to part-time.

After I went part-time, I filed for unemployment (loss of wages). I didn't know who would receive the paperwork from the State, Pam or Ruth. I kept asking Pam if she had received anything (over a period of a couple of weeks) and the answer was always no. Finally she said quite snottily (not even bothering to look up at me) "I did not know you could file for unemployment if you still *worked*" and I told her yes, because it's a loss of wages. It was then she informed me an outside company handled the City's unemployment claims and that the City wouldn't even receive the paperwork! She knew I was frantic about receiving benefits, and she wouldn't even divulge the fact the City



DEFENDANT'S
EXHIBIT

didn't handle this, nor would she give me the name of the company so I could call and talk to them.

I later learned, when we had the new insurance orientation, that law stipulates that I would be "COBRA" and only for one year. So if I never returned to full-time, after one year, even if the council voted on it, I would have lost my insurance benefits – and Bobbi will in October.

The Accounts Payable was beginning to really back up and Ruth asked if I could work a little extra time. The answer was no, so I volunteered to come in after 5:00 and work and even came in on Saturday's a couple of times. Pam found out and told me I wasn't to do it anymore (insurance purposes). So Ruth and I worked at my home in the evenings and on Saturdays to get things caught up (and Ruth insisted on paying me out of her paycheck as she felt it was not right for me to do the work and not be compensated).

If insurance was the concern, how come Pam arrived early and would always work after 5:00 p.m., and sometimes on weekends?

Also during this time, either Yolanda or Sara took a weeks' vacation and Pam would not let me work, and I know that on several other occasions either Paul or Ruth asked if I could stay and work, and the answer was always no.

In January 2001 when it looked like I was going to get to go back to full-time, Pam told Paul "I don't know why! She has missed 20 -25 days of work since she was part-time! She'll never be here!" I asked Paul if he had looked at my time sheets? He said "no, I took Pam's word for it." I pulled my time sheets and proved that I had only missed 1 (one) day.

*****

Last December when I received the City's Visa bill, there was a charge to "Valentine Research" in the amount of $405.00.

If anyone uses the Visa card they are to turn in the receipt to Accounts Payable. I had no receipt for this and started asking around if anyone knew what it was for? No one knew, so I called the company and talked to a representative and he informed me that a Pam Denny purchased a radar detector, via the Internet. I went to Pam's office to ask her if she placed the order for the Police Department, (and Adrian Cabrera just happened to be in her office) so, I told Adrian to stay put, this may have something to do with him, and then explained what I found out.

Pam grabbed the bill out of my hand. She was white as a ghost, shaking and mumbling something about how she must have made a mistake and accidentally used the wrong card. Adrian was confused, and said no one in the P.D. had ordered a radar detector.

Let me add that <u>embossed</u> on the Visa card in **big, bold letters**, it said "Business Card". How could it have been a mistake? It takes several minutes to order over the Internet.

Also at approximately the same time, I received the Sam's Club bill. On this bill were a few office supplies, but there were also cookies, Snak-ems, crackers, etc. I received the receipt from Pam on which she hand-wrote a note asking the City to reimburse her. I noticed over the next few weeks, that either she or Vicki had these snacks on their desks, and after court each week, the trash can had little cookie bags, etc.

These snacks the <u>City</u> paid for were not made available for the office staff to share. When I asked her where they were, she told me she gave them to the prisoners. I asked Ben Champion if the prisoners received the snacks, and he stated they never got them. But this is the story she told everyone.

Also, for years on the City's Sam's Club Account, her <u>entire family</u> was on the account.

*****

When Ruth was still here, there were a couple of times she needed a place away from the noise to work, in order to concentrate. One day, she told Paul she was going to work in the City Administrator's office because she was being distracted by all the noise from the phones, etc.

When I came in the next morning, Pam, Yolanda and Sara were up front talking. I could hear some of what they were saying. Yoli said something to the effect "Well, what about the printer?" There was more talking, kind of hushed, and then Pam came out and shut the door to the front office behind her. When Ruth came in, I asked her why was the door now shut? Ruth explained that Pam had gone to the girls up front and told them something to the effect that she had <u>complained</u> about the noise <u>they</u> were making, etc., and now the door was to remain closed. Ruth was furious, and told me she had never said one word to Pam about anything. Pam purposely created tension among us and we were upset with each other for days. There were a lot of hurt feelings due to her game. Yoli and Sara can also tell you about this incident.

Also shortly after Paul became Interim City Administrator, Ruth and I had gone to lunch. Truthfully, we were late in getting back because our food order was never put in. But when we did come back, Paul was sitting at Ruth's desk with his pocket-watch on his knee and motioned for us to follow him back to his office. He loudly informed us we were late and it would never happen again. Later when he calmed down, and we explained what happened, he said the reason he was so mad was Pam commented to him that we were "taking advantage of him because he was the City Administrator". He later apologized to us for his outburst.

The first time, after Ron Driscoll left (another Financial Director) and I assumed most of his duties (Accounts Payable, taxes, etc.) I asked about being financially compensated for the extra work. Pam rudely informed me "we don't ever get paid for doing extra work".

3

I later mentioned it to a city leader and was told that was wrong, I should've been compensated and another apologized to me, saying they didn't know I had not been.

*****

For all the years we worked at the old city hall, I was harassed daily by Bobbi Lagant. I have documentation that on at least three occasions she called me "BITCH" and on at least two occasions indirectly threatened bodily harm. If I left anything in the break room, which was located next to Bobbi's office, it _always_ disappeared. Nothing was done for years, but finally only a written warning was put in Bobbi's file.

Even though Pam never was Ruth's, Darla Honea's (a former Finance Director) or my direct supervisor, on her desk calendar she kept up daily with the times we arrived for work, and when we went to lunch and got back, etc. But she never kept up with all the over-time we put in. I remember Darla Honea telling of the day she started and how Pam cried in front of her and Mr. Badeaux. Darla also told me how Bobbi tried to run her down in the parking lot but nothing was said to Bobbi.

I remember coming in one morning at the old city hall, and I could hear all the way from the back door Pam yelling, and this is a quote "she acts like she's the only one who does any SHIT around here!" I continued to walk very quietly up to the front. When Pam saw me she did not say a thing, and would not look me in the eye.

When they were looking at getting a new court clerk, I inquired about it. Pam told me it was going to be a part-time job (so I would not want it); and then after Vicki was hired, it changed to a full-time job.

Also (trivial as it is) we couldn't even order decent writing pens, we had to use the really cheap ones but, the City paid for her to have good writing pens; we were even scared to ask for highlighters because she fussed about the office supplies we ordered.

The auditors have mentioned for a couple years, about the City getting new state-of-the-art cash registers, but the answer was always no, it's not in the budget. A few weeks ago the last of the 20-year-old cash registers died, and we had to manually count and distribute money. This could have been avoided if we had followed the auditor's suggestions years ago.

When she would take time off for vacation or sick leave, it was never deducted from her total. If she did leave, she would not leave us access to the tools we needed. They were locked in her desk. We couldn't even process checks because we needed the Mayor's signature stamp which was locked up.

I heard repeatedly from co-workers about the hateful things she would say about me. They would never give exact details, but said Pam had nothing good to say about me, ever.

One morning, after Ruth had been with the City for about four months, she told me that when she first started, she didn't think she was going to like me, because Pam had said so many awful things about me. She admitted she was really leery of me, but in working with me, she came to the conclusion Pam had been trying to make me look bad. A city leader informed me, that Pam had said "nasty" things about me to them.

Even John Guevara, my first supervisor told me "she's the enemy. You never go to her for anything. If you do, she will use it against you!"

If you ask her questions about specific contracts, documents, etc., the answer is always "I don't know." How could she not know? She's been here for over twenty years; she should know everything!

Regarding the TMRS payments, as I explained in my memo to Gene, if you don't know to automatically send in the report and payment, it doesn't get done. There is no invoice or reminder, etc. When Ruth left in February, I had only done one. So March and April come and go. Both months Pam (because she is the only authorized city contact) received two different letters from TMRS inquiring about payment. When she received the first one, she never came to me to ask me why I had not made the payment, or the same with the second letter. Instead, she waited over two months and then went to Gene Daniels told him that the payments were not being made, in an effort to make me look bad. The City incurred over $200.00 in unnecessary late fees, because she did not come to me in the beginning with the problem.

Right after Ed was fired, Gene called everyone together and commented how we have to be team players, etc. Within a few days, Natascha, Alma, Pam & I had a meeting with the Auditors and discussed the financials. About 1-½ weeks later, Alma learned the auditors were going to be coming back for more questions, etc., but we had not been told about it. When they arrived, we all went in to meet with them and Pam stormed out. Alma followed her and Pam said something to the effect "well, I guess I'm not needed". Alma assured her we could all be useful, team players, etc.

She is not, and never has been a team player. It's evident in the way she withholds information from each of us and manipulates the people and situations around her! She undermines us at any opportunity. We all walk on eggshells when she's around. I am so busy trying to stay one step ahead of her games and manipulations that I hardly enjoy my job anymore, and I used to look forward to coming to work. I loved my job, and the people I worked with, but it's unpleasant and has been for a long, long time.



KENNETH OR PAM DENNY
LIC. 00166389  05479536
29410 SHARE 27 ROAD
(956) 233-4128
LOS FRESNOS, TX 78566

1528

Date Dec. 7 2000

PAY TO THE
ORDER OF  City of Los Fresnos                    $ 405.00

Four Hundred Five °°/100                          DOLLARS

WELLS FARGO BANK, TEXAS, N.A.

FOR                                    Pam Denny



DEFENDANT'S
EXHIBIT
R

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF CAMERON**

BEFORE ME, the undersigned authority, personally appeared **Pam Denny** who, being by me duly sworn, deposes as follows:

I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the Custodian of Records for the **City of Los Fresnos**. Attached hereto are 1 page(s) of records. These said records are kept in the regular course of business at the office the **City of Los Fresnos.** It was in the regular course of business at the office of **the City of Los Fresnos** for a custodian, representative or employee with knowledge of the acts, events or conditions to make the record or to transmit information hereof to be included in such record and such record was made at or near the time of the act, event or condition recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the original. The source of information or the method or circumstances of preparation of information in this record indicates no lack of trustworthiness of same.

_Pam Denny_
**Pam Denny**

SUBSCRIBED AND SWORN TO by the said witness before me, the undersigned authority, on this the ___7th___ day of November, 2002.

YOLANDA PEREZ
MY COMMISSION EXPIRES
April 9, 2005

_Yolanda Perez_
Notary Public in and for the State of Texas



DEFENDANT'S
EXHIBIT
B-1

CAUSE NO. 2002-05-1879-B

| PAULA REYNOLDS | ( | IN THE DISTRICT COURT |
| VS. | ) | OF CAMERON COUNTY, TEXAS |
| THE CITY OF LOS FRESNOS, TEXAS | ( | 138TH JUDICIAL DISTRICT |

### FIAT ON MOTION FOR SUMMARY JUDGMENT

On this _December 30, 2002_, there came before the Court for setting Plaintiff(s)' Defendant(s)' __DEFENDANT__ Motion for Summary Judgment, and it appearing to the Court that a submission date such be given,

IT IS THEREFORE ORDERED that said Motion for Summary Judgment will be considered by the Court on _February 20, 2003_ at _11.00_ A.M.

Decision on Motion for Summary Judgment shall be made by the Court on the basis of the Motion, response thereto, admissions, affidavits, counter affidavits, pleadings, depositions, interrogatories, and answers to interrogatories on file prior to the day set for consideration.

No appearance by parties or attorneys is necessary. No evidence shall be received at the time of consideration. Briefs filed with the Court at or prior to time of consideration will be welcome.

SIGNED FOR ENTRY this _January 8, 2003_.

_____
JUDGE PRESIDING

Copies to: JAN 1 4 2003
Hon. Teri L. Danish
Hon. Michael Rodriguez
Hon. Charles Willette, Jr.

FILED _3:00_ O'CLOCK _ M
AURORA DE LA GARZA DIST. CLERK
JAN 08 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | * | THE 138TH JUDICIAL |
| | * | |
| VS. | * | |
| | * | DISTRICT COURT OF |
| THE CITY OF LOS FRESNOS, TEXAS | * | |
| TOM ANDREWS | * | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDE OF SAID COURT:

COMES NOW, PAULA REYNOLDS, hereinafter referred to as Plaintiff, complaining of THE CITY OF LOS FRESNOS, TEXAS, and TOM ANDREWS hereinafter called by name or referred to as Defendant, and for such cause of action, would respectfully show unto the Court and jury as follows:

### I.

### A. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

### II.

### PARTIES

Plaintiff, PAULA REYNOLDS, is a resident of Harlingen, Cameron County, Texas.

Defendant, THE CITY OF LOS FRESNOS, TEXAS, is an Incorporated City of this State and has already been served and answered herein, accordingly, no service is

required under the rules with the filing of this petition. Counsel for the Defendant has received a copy of this First Amended Original Petition via U.S. Mail.

Defendant TOM ANDREWS is an individual residing in Cameron County, Texas, and can be served at 32767 State Highway 100, Los Fresnos, Texas 78566.

## III.

## FACTUAL ALLEGATIONS

The incidents giving rise to this cause of action are a result of a series of illegal and discriminatory occurrences that happened at THE CITY OF LOS FRESNOS in Cameron County, Texas.

The plaintiff was employed with THE CITY OF LOS FRESNOS in various capacities from October 17, 1997, until her termination on February 7, 2002.

THE CITY OF LOS FRESNOS is a governmental entity. As such, the Plaintiff is protected from the illegal and discriminatory action described herein.

TOM ANDREWS was, at all times relevant to this lawsuit, employed as the City Attorney for the City of Los Fresnos.

## IV.

## WHISTLE BLOWER ACT

The illegal discrimination directed towards the Plaintiff was contrary to Chapter 554 of the Texas Government Code, more commonly known as the "Whistle Blower Act." The illegal discrimination directed towards the Plaintiff was in retaliation for the good faith reporting of a violation of the law by a public employee to an appropriate law enforcement authority. Specifically, the Plaintiff reported the improper use of a city

credit card for a personal purchase. The violation of law was reported to the interim Chief of Police, the acting Mayor, the City Finance Director and the City Council. Following the report of the violation of law a pattern or discriminatory action against the Plaintiff ensued culminating in her termination.

Shortly after the Plaintiff was terminated, she commenced an internal grievance/appeal procedure as to the discriminatory treatment she received by appealing her termination to THE CITY OF LOS FRESNOS. The Plaintiff had a hearing before the Commissioners set for May 14, 2022; however, the aforementioned meeting was cancelled by Tom Andrews, counsel for THE CITY OF LOS FRESNOS.

## V.

## DEFAMATION

After Plaintiff's termination, several City employees explicitly and impliedly defamed plaintiff by stating that plaintiff had stolen money from the City of Los Fresnos. Specifically, Plaintiff alleges that City Attorney Tom Andrews, in his official and individual capacity, requested the Chief of Police to investigate plaintiff for stealing money. Plaintiff further alleges that City employees, in their official capacities, provided prospective employers with negative references, falsely creating the impression that plaintiff had purposely overpaid herself while in the City's employ. Plaintiff further alleges that City employees, in their official capacities, told third parties that plaintiff had stolen money. These allegations are false, and at the time they were made, defendants knew they were false, or made the statements with reckless disregard as to their truth. These statements proximately caused damage to the plaintiff by hindering her ability to

obtain new employment and further caused damage to plaintiff's reputation.  These statements also amount to defamation *per se.*.  None of these communications were privileged.

## VI.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The defendants' conduct set forth above constitutes extreme and outrageous conduct that caused plaintiff severe emotional distress.

## VII.

## DAMAGES

As a result of the incidents described above, Plaintiff has suffered mental pain and anguish.  In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future.  Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity will continue long into the future.  Plaintiff's reputation has further been damaged by defendants' conduct. The Plaintiff pleads for compensatory and punitive damages which exceed the minimum jurisdictional limits of this court.

## VIII.

## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary.  In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading have been employed to assist Plaintiff in the prosecution of this action.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that Defendant take notice of the filing of this petition and that the following be granted:

a)    Judgment against Defendant for Plaintiff's damages;

b)    Prejudgment interest as allowed by law;

c)    Interest on said judgment at the legal rate from date of judgment;

d)    Attorney's fees;

e)    For costs of suit herein, and

f)    Such other relief as the Court deems proper.

Respectfully submitted,

TERI L. DANISH
State Bar No. 05375320
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78520
(956) 542-7441 telephone
(956) 541-2170 facsimile

MICHAEL RODRIGUEZ, P.L.L.C.

MICHAEL RODRIGUEZ
State Bar No. 00791553
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333 telephone
(956) 574-9337 facsimile

## CERTIFICATE OF SERVICE

I certify that on a true and correct copy of the foregoing Plaintiffs' First Amended Original Petition was served on counsel of record as follows:

Amy L. Gonzales
WILLETTE & GUERRA, LLP
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 785201

by either certified mail, return receipt requested, facsimile or hand delivery on this 13th day of February, 2003.

Teri L. Danish

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| v. | § | OF |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Paula Reynolds opposes defendant City of Los Fresnos' Motion for

Summary Judgment as follows:

**I.**

**The Summary Judgment Standards**

The Texas Rules of Civil Procedure make it clear that a motion for summary

judgment should not be used to deprive litigants of their right to a trial by jury, or to try a

case by affidavit and deposition testimony. *Collins v. County of El Paso*, 954 S.W.2d

137, 145 (Tex.App. – El Paso, 1997, pet. denied). If a genuine issue of material fact

exists concerning a party's claim, summary judgment is inappropriate. Tex.R.Civ.Proc.

166a(c). In ruling on a motion for summary judgment, the court must assume all the

nonmovant's proof is true, indulge every reasonable inference in the nonmovant's favor,

and resolve all doubts about the existence of a genuine issue of material fact against the

movant. *Limestone Prods. Distrib. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002; *M.D.*

*Anderson Hosp. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Johnson Cty. Sheriff's Posse*

*v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996).

A motion for summary judgment must be supported by competent and admissible evidence conclusively demonstrating that no material fact exists for trial. Tex.R.Civ.Proc. 166a(c); *Jensen Constr. Co. v. Dallas Cty.,* 920 S.W.2d 761, 658 (Tex.App. – Dallas 1996, writ denied).  Motions for summary judgment may be supported by affidavits; however, affidavits from interested witnesses must be uncontroverted, clear, positive, direct, credible, free from contradictions and susceptible to being readily controverted.  Tex.R.Civ.Proc. 166a(c); *Trico Tech. Corp. v. Montiel,* 949 S.W.2d 308, 310 (Tex. 1997).  If the credibility of the affiant is likely to be a dispositive factor in the resolution of the case, summary judgment is not appropriate. *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex. 1989).

In this case, the City has failed to establish its right to summary judgment as a matter of law.  On the contrary, the City's own evidence clearly shows that genuine issues of material fact exist requiring the Court to deny the City's motion.

## II.

### Plaintiff's Whistleblower Claim Must Be Decided By A Jury

Defendant's motion for summary judgment attacks two elements of plaintiff's claim.  First, defendant argues that Reynolds did not make a good faith report under the Whistleblower Act.  Defendant also asserts that Reynolds was terminated for reasons unrelated to her report of criminal activity.  Defendant has not met its summary judgment burden on either element, and its motion should be denied.

### A.    Plaintiff's reports.

The Texas Whistleblower Act protects governmental employees from adverse employment actions, such termination, in retaliation for reporting in good faith a

violation of the law to an appropriate law enforcement authority. Tex. Govt. Code §554.002. As defendant's motion correctly states, Reynolds must establish that 1) she believed that the conduct reported was a violation of the law, and 2) her belief was reasonable in light of her training and experience. *Wichita County v. Hart,* 917 S.W.2d 779, 784-85 (Tex. 1996). While correctly citing the relevant authority, defendant just as clearly misapplies it to this case.

Defendant's own summary judgment evidence shows that Reynolds reported City Secretary Pam Denny's illegal conduct to an appropriate law enforcement agency: Reynolds informed the interim chief of police about the Denny's illegal billing of a personal item to her City credit card. Even the City cannot seriously contend that the chief of police is not an appropriate person to whom criminal activity should be reported.

Instead, the City relies on the decision of *Delgado v. Jim Wells County,* 82 S.W.3d 640 (Tex.App. – San Antonio, 2002) for the proposition that plaintiff's report was merely an "inquiry" or "conversation" with the police chief. In *Delgado,* the plaintiff was indeed discussing his daughter's claim with his personal friend who happened to be a Texas Ranger. The plaintiff's daughter in *Delgado* had already filed her own criminal complaint, and plaintiff essentially acknowledged that he made no report to the Texas Ranger sufficient to invoke whistleblower protection. As a result, the trial court dismissed plaintiff's claim.

Unlike the plaintiff in *Delgado,* there is no *credible* evidence that Reynolds' report to chief Cabrera was merely a casual conversation. Nor is it the only report Reynolds made concerning Denny's conduct. As established by Reynolds' affidavit

testimony[1], she reported Denny's criminal activity to Cabrera in his capacity as the chief of police; she does not have a personal friendship with him. Reynolds also reported Denny's illegal conduct to then-mayor Manuel Abrego, City Finance Director Ruth Hernandez, and then-councilwoman Ida Garcia-Cortez.[2] In their official capacities, any and all of the individuals were in a position to address any criminal activity by Denny.

In contrast, Cabrera's affidavit merely states why he *thinks* Reynolds may have told him about Denny's conduct. His unsupported speculation about Reynolds' intentions are precisely the type of incredible "evidence" the summary judgment rules prohibit. *See Purcell v. Bellinger,* 940 S.W.2d 599, 602 (Tex. 1997); *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex. 1996) (conclusory statements not supported by facts are not proper summary judgment proof). At the very least, a genuine issue of material fact exists concerning the characterization of Reynolds' statement as a "report" or an "inquiry." This issue is one for the jury, not the trial court.

It is equally clear that jury should be presented with the question of whether Reynolds' report was "reasonable." The summary judgment evidence submitted by defendant clearly shows that even the City believed Denny's conduct to be criminal. According to Mayor Pro-Tem Ida Garcia-Cortez, Denny's conduct was, in her opinion, "a highly irresponsible, inexcusable, *criminal* action which constitutes theft and misappropriation of entrusted public funds" (Deft's Ex. L, emphasis added). If the then-mayor had concerns about criminal conduct, then surely Reynolds' report was reasonable as well.

---

[1] Attached as Exhibit 1 is the affidavit of Paula Reynolds.

[2] Attached as Exhibit 2 is Plaintiff's Second Amended Original Petition, filed contemporaneously with this opposition, setting forth these allegations. The Second Amended Original Petition also sets forth causes of

Rather than support summary judgment in its favor, defendant's own summary judgment evidence (in addition to plaintiff's evidence) shows that a genuine issue for trial exists. As a result, defendant's motion should be denied.

**B.     The Reason For Plaintiff's Termination Is A Question Of Fact**

Defendant next asserts that Reynolds has the burden to prove that she would not have been terminated "but for" her report of illegal activity. While Reynolds certainly intends to meet this burden at trial, it is *defendant's* burden at this stage of the proceedings to establish its affirmative defense, or negate plaintiff's claim, as a matter of law. Again, defendant's own summary judgment evidence, as well as the evidence submitted by plaintiff, presents genuine issues for trial.

In its motion, defendant contends that plaintiff was terminated for performance-related reasons. However, the letter of resignation Reynolds received from Garcia-Cortez gives no reason for Reynolds' termination other than the fact that she was an at-will employee of the City (Deft's Ex. I). When Reynolds asked why she was being terminated, Garcia-Cortez told Reynolds that no reason was needed and never stated that any performance-related issues were involved (Pltf's Ex. 1).

Defendant's after-the-fact justifications for Reynolds' termination are simply not credible. For example, defendant submits a memorandum to then-City Attorney Tom Andrews in which defendant claims Reynolds' performance is criticized (Deft.'s Ex. L). However, defendant neglects to note that the memorandum was dated two months *after* Reynolds' discharge, so it can hardly be proof of performance concerns at the time the termination decision was made. Defendant will also have to explain to a jury why, only

---

action for defamation and intentional infliction of emotional distress, which are not addressed in defendant's motion for summary judgment; thus, the motion does not address all currently pending claims.

one week after Reynolds' termination, Andrews provided a letter to Reynolds' counsel stating that the City did *not* have a reason for terminating Reynolds' employment other than cost-constraints (Pltf's Ex. 3). The City will have ample opportunity to explain its inconsistent positions to the jury. For summary judgment purposes, however, these inconsistencies clearly establish a genuine issue for trial concerning the true reasons for Reynolds' discharge.

In short, defendant has failed to prove that it is entitled to summary judgment as a matter of law. Instead, the competent summary judgment evidence shows that genuine issues of material fact exist for trial. As a result, defendant's motion for summary judgment should be denied.

By: _____

E. Michael Rodriguez
ATTORNEY AND COUNSELOR AT LAW
State Bar No.00791553
1000 E. Madison
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337

Teri L. Danish
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
State Bar No. 05375320
1201 E. Van Buren St.
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR PAULA REYNOLDS

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document was caused to be served upon counsel of record, to-wit:

Charles Willette, Jr.
Amy L. Gonzales
WILLETTE & GUERRA L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the ___13th___ day of February, 2003.

_____
Teri L. Danish

CAUSE NO. 2002-05-1879-B

| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
|---|---|---|
| v. | § | OF |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGEMNT

CAME ON this day, _____, 2003, Defendant The City of Los Fresnos'

Motion for Summary Judgment, and the Court after having reviewed the motions and pleadings

on file herein, is of the opinion that the Defendant's Motion for Summary Judgment should be

DENIED.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant's

Motion for Summary Judgment be DENIED.

SIGNED this the _____ day of _____, 2003.


_____
JUDGE PRESIDING

Copies to:

Charles Willette, Jr., WILLETTE & GUERRA, L.L.P., 3505 Boca Chica Blvd., Suite 460, Brownsville, Texas 78521

E. Michael Rodriguez, Attorney and Counselor at Law, 1000 E. Madison, Brownsville, Texas 78520

Teri L. Danish, RODRIGUEZ, COLVIN & CHANEY, L.L.P., 1201 E. Van Buren Street, Brownsville, Texas 78522

CAUSE NO. 2002-05-1879-B

| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| v. | § | OF |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

### AFFIDAVIT OF PAULA REYNOLDS

BEFORE ME, the undersigned Notary Public, appeared Paula Reynolds, and after having been duly sworn, stated the following:

My name is Paula Reynolds. I am over 18 years of age, of sound mind, and competent to make this affidavit. I have never been convicted of a crime involving moral turpitude, and the facts stated below are true and within my personal knowledge.

In approximately December 2000, I reported to Interim Police Chief of Police Adrian Cabrera that City Secretary Pam Denny improperly charged a radar detector to her City of Los Fresnos credit card. Mr. Cabrera and I do not have a personal or social relationship, and I was speaking to him in his capacity as Interim Chief of Police. During that same month, I also reported Ms. Denny's improper use of the City's credit card to then-Mayor Manuel Abrego, Finance Director Ruth Hernandez and Councilwoman Ida Garcia-Cortez.

I was terminated from my position with the City of Los Fresnos in February 2002 by Ida Garcia-Cortez. When I asked Ms. Garcia-Cortez why I was being terminated, she told me there was no reason. She stated that I was an at-will employee and that the City did not need a reason to terminate my employment. I was never told that I was being terminated for performance-related reasons.

_____
PAULA REYNOLDS

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, on this the 12 day of February, 2003, to certify which witness my hand and seal of office.



Notary Public in and for
The State of TEXAS

JANET KAY BRASHEAR
Notary Public, State of Texas
My Commission Expires
September 28, 2005



EXHIBIT

1

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | * | THE 138TH JUDICIAL |
| | * | |
| VS. | * | |
| | * | DISTRICT COURT OF |
| THE CITY OF LOS FRESNOS, TEXAS | * | |
| TOM   ANDREWS | * | CAMERON COUNTY, TEXAS |

PAULA REYNOLDS * THE 138TH JUDICIAL

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDE OF SAID COURT:

COMES NOW, PAULA REYNOLDS, hereinafter referred to as Plaintiff, complaining of THE CITY OF LOS FRESNOS, TEXAS, and TOM ANDREWS hereinafter called by name or referred to as Defendant, and for such cause of action, would respectfully show unto the Court and jury as follows:

## I.

## A. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

## II.

## PARTIES

Plaintiff, PAULA REYNOLDS, is a resident of Harlingen, Cameron County, Texas.

Defendant, THE CITY OF LOS FRESNOS, TEXAS, is an Incorporated City of this State and has already been served and answered herein, accordingly, no service is

EXHIBIT
2

required under the rules with the filing of this petition. Counsel for the Defendant has received a copy of this First Amended Original Petition via U.S. Mail.

Defendant TOM ANDREWS is an individual residing in Cameron County, Texas, and can be served at 32767 State Highway 100, Los Fresnos, Texas 78566.

## III.

## FACTUAL ALLEGATIONS

The incidents giving rise to this cause of action are a result of a series of illegal and discriminatory occurrences that happened at THE CITY OF LOS FRESNOS in Cameron County, Texas.

The plaintiff was employed with THE CITY OF LOS FRESNOS in various capacities from October 17, 1997, until her termination on February 7, 2002.

THE CITY OF LOS FRESNOS is a governmental entity. As such, the Plaintiff is protected from the illegal and discriminatory action described herein.

TOM ANDREWS was, at all times relevant to this lawsuit, employed as the City Attorney for the City of Los Fresnos.

## IV.

## WHISTLE BLOWER ACT

The illegal discrimination directed towards the Plaintiff was contrary to Chapter 554 of the Texas Government Code, more commonly known as the "Whistle Blower Act." The illegal discrimination directed towards the Plaintiff was in retaliation for the good faith reporting of a violation of the law by a public employee to an appropriate law enforcement authority. Specifically, the Plaintiff reported the improper use of a city

credit card for a personal purchase. The violation of law was reported to the interim

Chief of Police, the acting Mayor, the City Finance Director and the City Council.

Following the report of the violation of law a pattern or discriminatory action against the

Plaintiff ensued culminating in her termination.

Shortly after the Plaintiff was terminated, she commenced an internal

grievance/appeal procedure as to the discriminatory treatment she received by appealing

her termination to THE CITY OF LOS FRESNOS. The Plaintiff had a hearing before the

Commissioners set for May 14, 2022; however, the aforementioned meeting was

cancelled by Tom Andrews, counsel for THE CITY OF LOS FRESNOS.

## V.

## DEFAMATION

After Plaintiff's termination, several City employees explicitly and impliedly

defamed plaintiff by stating that plaintiff had stolen money from the City of Los Fresnos.

Specifically, Plaintiff alleges that City Attorney Tom Andrews, in his official and

individual capacity, requested the Chief of Police to investigate plaintiff for stealing

money. Plaintiff further alleges that City employees, in their official capacities, provided

prospective employers with negative references, falsely creating the impression that

plaintiff had purposely overpaid herself while in the City's employ. Plaintiff further

alleges that City employees, in their official capacities, told third parties that plaintiff had

stolen money. These allegations are false, and at the time they were made, defendants

knew they were false, or made the statements with reckless disregard as to their truth.

These statements proximately caused damage to the plaintiff by hindering her ability to

obtain new employment and further caused damage to plaintiff's reputation. These statements also amount to defamation *per se.*. None of these communications were privileged.

## VI.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The defendants' conduct set forth above constitutes extreme and outrageous conduct that caused plaintiff severe emotional distress.

## VII.

## DAMAGES

As a result of the incidents described above, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity will continue long into the future. Plaintiff's reputation has further been damaged by defendants' conduct. The Plaintiff pleads for compensatory and punitive damages which exceed the minimum jurisdictional limits of this court.

## VIII.

## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading have been employed to assist Plaintiff in the prosecution of this action.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that Defendant take notice of the filing of this petition and that the following be granted:

a)　　Judgment against Defendant for Plaintiff's damages;

b)　　Prejudgment interest as allowed by law;

c)　　Interest on said judgment at the legal rate from date of judgment;

d)　　Attorney's fees;

e)　　For costs of suit herein, and

f)　　Such other relief as the Court deems proper.

Respectfully submitted,

TERI L. DANISH
State Bar No. 05375320
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78520
(956) 542-7441 telephone
(956) 541-2170 facsimile

MICHAEL RODRIGUEZ, P.L.L.C.

MICHAEL RODRIGUEZ
State Bar No. 00791553
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333 telephone
(956) 574-9337 facsimile

## CERTIFICATE OF SERVICE

I certify that on a true and correct copy of the foregoing Plaintiffs' First Amended Original Petition was served on counsel of record as follows:

Amy L. Gonzales
WILLETTE & GUERRA, LLP
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 785201

by either certified mail, return receipt requested, facsimile or hand delivery on this 13th day of February, 2003.

Teri L. Danish

CAUSE NO. 2002-05-1879-B

| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
|---|---|---|
| v. | § | OF |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

**AFFIDAVIT OF E. MICHAEL RODRIGUEZ**

BEFORE ME, the undersigned Notary Public, appeared E. Michael Rodriguez, and after having been duly sworn, stated the following:

My name is E. Michael Rodriguez. I am over 18 years of age, of sound mind and competent to make this affidavit. I have never been convicted of a crime involving moral turpitude, and the facts stated below are true and within my personal knowledge.

I am one of the attorneys of record for plaintiff Paula Reynolds in this case. Attached to this affidavit as Exhibit 2-A is a true and correct copy of a letter I received from Thomas A. Andrews dated February 15, 2002.

E. Michael Rodriguez

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority, on this the 11th day of February, 2003, to certify which witness my hand and seal of office,

Notary Public in and for
The State of Illinois

"OFFICIAL SEAL"
JENNIFER L. CRAMM
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/8/2006

**EXHIBIT**

**3**

# Thomas A. Andrews
Attorney at Law

32767 State Highway 100
Los Fresnos, TX 78566
(956)233-3467
Fax: (956) 233-1359

February 15, 2002

the Honorable Michael Rodriguez
Attorney at Law
1000 E. Madison
Brownsville, TX 78520

Re:    Mrs. Paula Reynolds

Dear Mr. Rodriguez:

The only appeal from Mrs. Reynolds termination would be to City Council. Now, as to your use of the term wrongful, please be advised that at all times material hereto Mrs. Reynolds was an "at-will" employee and was simply terminated. We do not need a reason and none has been given. We simply do not need her services anymore. This enables her to collect unemployment. If there were a reason to terminate Mrs. Reynolds, she would not be able to collect unemployment. We expect a number of terminations over the next few months because the city cannot afford to keep such a large and cumbersome payroll. If you wish to be put on the agenda, you must specify whether you want to be heard in open or closed session and we will attempt to place you on the next regularly scheduled meeting of City Council in March, 2002. Further be advised that this termination was the first one scheduled by the Mayor and Mayor Pro-Tem.

Sincerely,

Thomas A. Andrews, Interim City Attorney

| Admitted to practice & Actively Practiced before: | |
|---|---|
| Texas State Courts 1984 | U.S. District Court - Southern District of Texas 1999 |
| Ohio State Courts (inactive) 1977 | U.S. District Court - Northern District of Ohio 1977 |
| U.S. Court of Claims 1981 | U.S. District Court - Northern District of Texas 1984 |
| U.S. Supreme Court 1980 | U. S. Tax Court 1979 |
| Adjunct Professor of Law (retired) | U.S. Appellate Court 1979 |
| | C.P.A. (Ohio - Retired) |

**received**

2/19/02  TTL

CAUSE NO. 02-05-1879-B

PAULA REYNOLDS                    (        IN THE DISTRICT COURT

VS.                               )        OF CAMERON COUNTY, TEXAS

THE CITY OF LOS FRESNOS           (        138TH DISTRICT COURT

## ORDER OF REFERRAL FOR MEDIATION

This case is appropriate for mediation pursuant to Texas Civ. Prac. & Rem.Code Sec. 154.0001 et. seq. appointed GIL PIETTE as mediator in the above case and all counsel are directed to contact Mediator to arrange the logistic of mediation within three (3) business days.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the Mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the Court will be advised by the Mediator, parties and counsel, only that the case did or did not settle. The Mediator shall not be a witness nor may the Mediator's records be subpoenas, citations, writs, or other process shall be served at or entering, leaving or attending any mediation session.

Fees for the mediation are to be divided and borne equally by the parties unless agreed otherwise, and shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and their counsel will be bound by the Rules for Mediation, and shall complete the information forms as are furnished by the Mediator.

Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer and insurance adjuster with authority to negotiate a settlement. Counsel and parties shall proceed in a good faith effort to try to resolve this case.

**Defendant is hereby ordered to have a corporate representative and an insurance adjuster present and authority to enter into a settlement agreement.**

Referral to mediation is not a substitute for trial and the case will be tried if not settled.

CASE SET FOR TRIAL ON MAY 27, 2003; WITH ANNOUNCEMENTS ON MAY 16, 2003 AT 9:00 A.M.

SIGNED FOR ENTRY this the 13TH day of FEBRUARY, 2003.

_____
JUDGE PRESIDING

Copies to:   **FEB 1 8 2003**

Hon. Teri L. Danish
Hon. Charles Willette
Hon. Michael Rodriguez
Hon. Gil Piette



FILED ___7.30___ O'CLOCK ___P___ M
AURORA DE LA GARZA DIST. CLERK

FEB 1 3 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

FILE COPY

CAUSE NO. 2002-05-18°. ᴅ

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138ᵀᴴ DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

3:00 O'CLOCK ___

AIDA DE LA GARZA DIST. CLE

FEB 2 0 2003

DISTRICT COURT OF CAMERON COUNTY, TEX.
DEPU

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CITY OF LOS FRESNOS, Defendant in the above-styled and numbered cause and files this its Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and in support thereof, would respectfully show unto the court as follows:

## I.

## BRIEF SUMMARY OF THE CASE

Plaintiff claims that her billing inquiry to Interim Chief Cabrera, is the equivalent of a report of illegal activity by City Secretary Pam Denny that would protect her as a whistleblower under TEX. GOV'T CODE §554. She additionally claims she made a complaint of this same activity to then mayor Manuel Abrego, Finance Director Ruth Hernandez and Alderwoman Ida Garcia-Cortez. Plaintiff alleges her "report" in December 2002 resulted in her termination some fourteen months later, in February 2002. However, the competent evidence shows Plaintiff's termination was altogether unrelated to any alleged report by Plaintiff. Moreover, Plaintiff has failed to meet her burden of proof, hereby entitling Defendant to summary judgment.

## II.

## DEFENDANT'S ENTITLEMENT TO SUMMARY JUDGMENT

**A.    Plaintiff did not make a whistleblower report to interim police chief**

02151\MTNS\MSJ

Plaintiff claims a conversation she had with then Interim Chief of Police Adrian Cabrera constitutes a report of illegal activity which would entitled her to protection under the Whistleblower Act. However this conversation was nothing more than a billing inquiry which Plaintiff made as part of her job as administrative assistant in the finance department. This is supported by Plaintiff's own actions; Plaintiff wrote on the invoice at issue "Pam- which acct. should I use for the $405.00? Thanks!" (Ex. B, C.) The interim police chief, an individual with no interest in this lawsuit, has confirmed that Plaintiff did not make a report of any illegal activity to him. The interim chief did not conduct a criminal investigation concerning this matter and brought no charges against Denny; the aldermen instead handled this matter administratively. (Ex. D.)

**B.      Other city officials were not appropriate law enforcement officials**

Plaintiff, in her Second Amended Original Complaint, claims she also made a complaint of this same activity to then mayor Manuel Abrego, Finance Director Ruth Hernandez and Alderwoman Ida Garcia-Cortez. These are not appropriate law enforcement officials to whom a whistleblower report could have been made. An appropriate law enforcement official is one authorized to regulate under or enforce "*the law alleged to be violated in the report,*" or to investigate or prosecute "*a violation of criminal law.*" *See* TEX. GOV'T CODE §§ 554.002(b). It is insufficient to have general authority to regulate, enforce, investigate or prosecute; the individual must also have authority to regulate under or enforce the law which was allegedly violated, or investigate or prosecute a criminal violation. *Texas Dept. of Transp. v. Needham,* 82 S.W.3d 314 , 320 (Tex. 2002.) In this case, where the allegation of illegal activity is theft, an appropriate law enforcement authority to whom a whistleblower report could have been made must be an individual who could have investigated or prosecuted a penal code violation. The mayor, finance director, and alderwoman simply do not have this authority.

**C.      Plaintiff has failed to meet her burden of proof**

Plaintiff bears the burden of proof in establishing her whistleblower action. TEX. GOVT. CODE §554.004. Although there is a presumption that a person was fired in violation of the Whistleblower Act if said termination occurred no later than ninety days after that person made a protected report, Plaintiff was fired fourteen month after her alleged report. During this time period, she was appointed to be interim finance director and received a raise while in this position. However, the competent evidence clearly shows that beginning in late 2001 and continuing until early 2002, Plaintiff repeatedly made unauthorized personal purchases on an account which she created on the city's credit but for her own use. The competent evidence also shows that Plaintiff overpaid herself and failed to reimburse the city for this expense and failed to make proper payroll deductions and other adjustments for city employees, to their detriment.

Plaintiff has not met the burden of establishing that her termination would not have resulted "but for" protected whistleblowing. *Department of Human Services v. Hinds*, 904 S.W.2d 629 (Tex. 1995); *Upton County, Tex. v. Brown*, 960 S.W.2d 808 (Tex. Ct. App - El Paso. 1997). The "employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did." *Hinds,* 904 S.W.2d at 636. Plaintiff cannot prove that "but for" her alleged whistleblower report in December 2000, she would not have been terminated in February 2002. Not mentioning her own improprieties close in time to her termination, Plaintiff attempts to argue her purported whistleblower report some fourteen months earlier must have been the reason for her termination as no reasons were given for her termination. However, an at-will employee such as Reynolds is just that- an employee that may be terminated at any time, without any reason. *Reyna v. First Nat'l Bank in Edinburg,* 55 S.W.3d 58, 71 (Tex.App.-Corpus Christi 2001, no pet.). Indeed, the competent evidence clearly shows that Plaintiff was responsible for her own termination, which was altogether unconnected with her billing inquiry fourteen months earlier, which inquiry Plaintiff claims was a whistleblower report.

III.

CONCLUSION

Defendant should be granted summary judgment against Plaintiff inasmuch as the competent summary judgment shows that Plaintiff is not entitled to protection under the Whistleblower's Act as she made no good faith report of illegal activity to an appropriate law enforcement authority, and was terminated for reasons altogether unrelated to any alleged "whistleblower" report.

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF LOS FRESNOS requests this court grant summary judgment in its favor on all claims asserted by Plaintiff, that Plaintiff take nothing by this suit, that all taxable costs of court be taxed against Plaintiff, and for all other relief to which Defendant may be justly entitled.

Signed on February 20, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
          Charles Willette, Jr.
          State Bar No. 21509700

          Amy L. Gonzales
          State Bar No. 24029579

          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Defendant's Response to Plaintiff's Reply to Defendant's Motion for Summary Judgment, has been served on all counsel of record as follows:

Ms. Teri Danish
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison Street
Brownsville, Texas 78520

by mailing same, certified mail, return receipt requested, on February 20 , 2003.

Charles Willette
Charles Willette

CAUSE NO.  2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | § | IN THE 138TH DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| | § | |
| THE CITY OF LOS FRESNOS | § | CAMERON COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this day came on to be heard Defendant The City of Los Fresnos' Motion for Summary Judgment filed in this cause. All parties appeared by and through respective counsel. The Court after examining the pleadings and summary judgment evidence and hearing the arguments of counsel is of the opinion and finds that Defendant is entitled to summary judgment.

IT IS THEREFORE ORDERED ADJUDGED and DECREED that Defendant the City of Los Fresnos is entitled to summary judgment, that Plaintiff Paula Reynolds take nothing against Defendant, and all of Plaintiff's claims against Defendant are dismissed with prejudice.

IT IS FURTHER ORDERED all taxable costs are to assessed against the Plaintiff. All relief requested and not expressly granted is hereby denied.

Signed this the ___ day of_____, 2003.


_____
JUDGE PRESIDING


cc:
Mr. Charles Willette, WILLETTE & GUERRA, L.L.P., 3505 Boca Chica Blvd., Ste 460, Brownsville, TX 78521
Ms. Teri Danish, RODRIGUEZ, COLVIN & CHANEY, L.L.P., 1201 E. Van Buren, Brownsville, Texas 78520
Mr. Michael Rodriguez, Attorney and Counselor at Law, 1000 E. Madison Street, Brownsville, Texas 78520

CAUSE NO.  2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | * | THE 138TH JUDICIAL |
| _Plaintiff_ | * | |
| VS. | * | |
| | * | |
| THE CITY OF LOS FRESNOS, TEXAS, | * | |
| TOM ANDREWS,  MANUEL ABREGO, | * | DISTRICT COURT OF |
| JUAN C. SIERRA, IDA GARCIA, | * | |
| MIGUEL MENDOZA, RAY GARCIA | * | |
| GONZALO ACEVEDO, AND PAM | * | |
| DENNY INDIVIDUALLY AND IN THEIR | * | |
| OFFICIAL CAPACITIES | * | CAMERON COUNTY, TEXAS |
| _Defendants_ | | |

## PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDE OF SAID COURT:

COMES NOW, PAULA REYNOLDS, hereinafter referred to as Plaintiff, complaining of THE CITY OF LOS FRESNOS, TOM ANDREWS, MANUEL ABREGO, IDA GARCIA, MIGUEL MENDOZA, JUAN C. SIERRA, GONZALO ACEVEDO, RAY GARCIA, and PAM DENNY hereinafter called by name or referred to as Defendants, and for such cause of action, would respectfully show unto the Court and jury as follows:

## I.

## A. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.

## II.

## PARTIES

Plaintiff, PAULA REYNOLDS, is a resident of Harlingen, Cameron County, Texas.

Defendant, THE CITY OF LOS FRESNOS, TEXAS, is an Incorporated City of this State and has already been served and answered herein, accordingly, no service is required under the rules with the filing of this petition. Counsel for the Defendant has received a copy of this Third Amended Original Petition via U.S. Mail.

Defendant TOM ANDREWS is an individual residing in Cameron County, Texas, and can be served at 32767 State Highway 100, Los Fresnos, Texas 78566.

Defendant MANUEL ABREGO is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

Defendant IDA GARCIA is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever she may be found.

Defendant MIGUEL MENDOZA is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

Defendant JUAN C. SIERRA is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

Defendant GONZALO ACEVEDO is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

Defendant RAY GARCIA is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

Defendant PAM DENNY is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever she may be found.

### III.

### FACTUAL ALLEGATIONS

The incidents giving rise to this cause of action are a result of a series of illegal and discriminatory occurrences that happened at THE CITY OF LOS FRESNOS in Cameron County, Texas.

The Plaintiff was employed with THE CITY OF LOS FRESNOS in various capacities from October 17, 1997, until her termination on February 7, 2002.

THE CITY OF LOS FRESNOS is a governmental entity. As such, the Plaintiff is protected from the illegal and discriminatory action described herein.

TOM ANDREWS was, at all times relevant to this lawsuit, employed as the City Attorney for the City of Los Fresnos.

MANUEL ABREGO, IDA GARCIA, MIGUEL MENDOZA, JUAN C. SIERRA, GONZALO ACEVEDO AND RAY GARCIA comprised the City Council of the City of Los Fresnos. Texas, at all times relevant to this lawsuit.

PAM DENNY was, at all times relevant to this lawsuit, employed as the City
Secretary for the City of Los Fresnos.

## IV.

### 42 USC § 1983 AND 1985

The conduct of Defendants City of Los Fresnos, Tom Andrews, Manuel Abrego,
Ida Garcia, Miguel Mendoza, Juan C. Sierra, Gonzalo Acevedo, Ray Garcia, and Pam
Denny individually and in their official capacities, complained of, constituted
discrimination on the basis of Plaintiff's speech and is protected by the First Amendment
to the United States Constitution.  Plaintiff made comments regarding a matter of public
concern and was fired for them.  Specifically, Plaintiff was called into a closed door
session of the City Council sometime in or about January 2002 and asked by members of
the City Council to recreate documents regarding the 1998 Home Program.  The 1998
Home Program is a community development program that dealt with loans for low
income first time home buyers.  The Plaintiff reported her misgivings regarding this
"assignment" to Alma Villareal, community development director for the City of Los
Fresnos.  Additionally, the Plaintiff made her misgivings with this "assignment" known
to Defendant Tom Andrews.  As a result of Plaintiff exercising her First Amendment
Right by stating that she was not comfortable with what she was asked to do, adverse
employment decisions were made against Plaintiff.

The Plaintiff also had a protected due process property interest in her continued
employment and was never given any meaningful due process before or after her
termination.  In taking the aforesaid actions, the Defendants, acting under color of statute,

regulation, custom, usage of the laws of the State of Texas, within the meaning of 42 U.S.C. § 1983 and 1985, violated the Plaintiff's rights guaranteed under the Fourteenth Amendment to the United States Constitution.

Additionally, all of the Defendants engaged in a civil conspiracy the ends of which were among other things the termination of the Plaintiff. This civil conspiracy violated State law in order to further violate the Plaintiffs own property rights and interests and in violation of her rights. 42 U.S.C. § 1985

## V.

## WHISTLE BLOWER ACT

The illegal discrimination directed towards the Plaintiff was contrary to Chapter 554 of the Texas Government Code, more commonly known as the "Whistle Blower Act." The illegal discrimination directed towards the Plaintiff was in retaliation for the good faith reporting of a violation of the law by a public employee to an appropriate law enforcement authority. Specifically, the Plaintiff reported the improper use of a city credit card for a personal purchase. The violation of law was reported to the interim Chief of Police, the acting Mayor, the City Finance Director and the City Council. Following the report of the violation of law a pattern of discriminatory action against the Plaintiff ensued culminating in her termination.

Shortly after the Plaintiff was terminated, she commenced an internal grievance/appeal procedure as to the discriminatory treatment she received by appealing her termination to THE CITY OF LOS FRESNOS. The Plaintiff had a hearing before the City Council set for May 14, 2022; however, the aforementioned meeting was cancelled by Tom Andrews, counsel for THE CITY OF LOS FRESNOS.

## VI.

## DEFAMATION

After Plaintiff's termination, several City employees explicitly and impliedly defamed Plaintiff by stating that Plaintiff had stolen money from the City of Los Fresnos. Specifically, Plaintiff alleges that City Attorney Tom Andrews, in his individual capacity, requested the Chief of Police to investigate Plaintiff for stealing money. Plaintiff further alleges that City employees provided prospective employers with negative references, falsely creating the impression that Plaintiff had purposely overpaid herself while in the City's employ. Plaintiff further alleges that City employees told third parties that Plaintiff had stolen money. These allegations are false, and at the time they were made, Defendants knew they were false, or made the statements with reckless disregard as to their truth. These statements proximately caused damage to the Plaintiff by hindering her ability to obtain new employment and further caused damage to Plaintiff's reputation. These statements also amount to defamation *per se*. None of these communications were privileged.

This allegation is made against Tom Andrews in his individual capacity only. This allegation is not asserted against the City of Los Fresnos or any governmental agency or individual acting in an official capacity.

## VII.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Defendants' conduct set forth above constitutes extreme and outrageous conduct that caused Plaintiff severe emotional distress.

This allegation is made against Tom Andrews, Manuel Abrego, Ida Garcia, Miguel Mendoza, Juan C. Sierra, Gonzalo Acevedo, Ray Garcia, and Pam Denny in their individual capacities only. This allegation is not asserted against the City of Los Fresnos or any governmental agency or individual acting in an official capacity.

## VIII.

## DAMAGES

As a result of the incidents described above, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity will continue long into the future. Plaintiff's reputation has further been damaged by Defendants' conduct. The Plaintiff pleads for compensatory and punitive damages which exceed the minimum jurisdictional limits of this court.

## IX.

## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading have been employed to assist Plaintiff in the prosecution of this action.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that Defendant take notice of the filing of this petition and that the following be granted:

a) Judgment against Defendant for Plaintiff's damages;

b)    Prejudgment interest as allowed by law;

c)    Interest on said judgment at the legal rate from date of judgment;

d)    Attorney's fees pursuant to the Texas Government Code and 42 U.S.C. § 1988;

e)    For costs of suit herein, and

f)    Such other relief as the Court deems proper.

Respectfully submitted,

TERI L. DANISH
State Bar No. 05375320
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78520
(956) 542-7441 telephone
(956) 541-2170 facsimile

MICHAEL RODRIGUEZ, P.L.L.C.

MICHAEL RODRIGUEZ
State Bar No. 00791553
1000 E. Madison
Brownsville, Texas 78520
(956) 574-9333 telephone
(956) 574-9337 facsimile

## CERTIFICATE OF SERVICE

I certify that on a true and correct copy of the foregoing Plaintiffs' First Amended Original Petition was served on counsel of record as follows:

Amy L. Gonzales
WILLETTE & GUERRA, LLP
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, Texas 785201

by either certified mail, return receipt requested, facsimile or hand delivery on this _____ day of February, 2003.

_____
Michael Rodriguez

RUN DATE 03/12/03
RUN TIME 4:39 PM

**CERTIFIED COPY**

* * * * C L E R K ' S   E N T R I E S * * * *

THE CITY OF LOS FRESNOS, TEXAS

PAULA REYNOLDS

VS

00001418
TERI L. DANISH
P.O. BOX 2155
BROWNSVILLE TX.　78520 0000

00011904
HON. CHARLES WILLETTE, JR.
3505 BOCA CHICA BLVD., STE. 460
BROWNSVILLE TX　78521 0000

(10)
DAMAGES

| Date | Entry | Date | Entry |
|---|---|---|---|
| 06/06/02 | DEFT'S SPECIAL EXCEPTIONS SET FOR JUNE 28, 2002 AT 9 A.M. RG/gm RGARZA/CAP | 05/07/02 | ORIGINAL PETITI |
| 06/28/02 | RE-SET TO AUGUST 9, 2002 AT 9:00 A.M. AS PER MR. RODRIGUEDZ | 05/07/02 | CITATION (CM): FRESNOS, TEXAS |
| 06/28/02 | RGARZA/CAP | | SERVED: |
| 08/09/02 | PASSED NO SHOW.　RGARZA/CAP | 05/07/02 | JURY FEE: Pd. b |
| 10/08/02 | PASS TO DROP DOCKET | 05/07/02 | ORIGINAL ANSWER FRESNOS, TEXAS |
| 10/17/02 | HEARING ON PLF'S MOTION FOR DOCKET CONTROL CONFERENCE IS SET FOR NOVEMBER 5, 2002 AT 9:00 A.M., AS PER ORDER SIGNED. RGARZA/RMOCHOA | 05/30/02 | RULE 11 AGREEME |
| 10/17/02 | | 06/28/02 | PLF'S FIRST AME (RMOCHOA) |
| 11/05/02 | CASE SET FOR TRIAL BY AGREMENT FOR MAY 27, 2003; WITH ANNOUNCEMENTS ON MAY 16, 2003 AT 9:00 A.M. AS PER BOTH PARTIES. RGARZA/RMOCHOA | 08/16/02 | DROP DOCKET NOT (RMOCHOA) |
| 11/05/02 | ORDER TO BE SUBMITTED. RGARZA/CAP | 10/16/02 | PLF'S MOTION TO TRIAL (RMOCHOA) |
| 11/05/02 | SCHEDULING ORDER RESPECTING HEARING OF 11/05/02 SIGNED FOR ENTRY. RGARZA/RMOCHOA | 10/16/02 | PLF'S MOTION FO CONFERENCE (RMO |
| 11/20/02 | | 10/08/02 | DEFT'S MOTION F (RMOCHOA) |
| 11/20/02 | DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS SET FOR FEBRUARY 20, 2003 AT 11:00 A.M., AS PER ORDER SIGNED. RGARZA/RMOCHOA | 12/20/02 | PLF'S SECOND AM (RMOCHOA) |
| 01/08/03 | | 02/13/03 | PLF'S OPPOSITIO SUMMARY JUDGMEN |
| 1/08/03 | HON. GILBERT PIETTE IS HEREBY APPOINTED AS MEDIATOR AS PER ORDER SIGNED. RGARZA/RMOCHOA | 02/20/03 | DEFT'S REPLY TO |
| 02/13/03 | | 02/13/03 | DEFT'S MOTION F (RMOCHOA) |
| 02/13/03 | COURT TO MAKE RULING. RGARZA/CAP | 02/20/03 | PLF'S THIRD AME (RMOCHOA) |
| 02/20/03 | | 02/28/03 | PLF'S THIRD AME (RMOCHOA) |



A TRUE COPY I CERTIFY
LAURA PEREZ-REYNA, DISTRICT CLERK
CAMERON COUNTY, TEXAS
DEPUTY

FILED _____ O'CLOCK ____
AURORA DE LA GARZA DIST. CLERK

OCT 16 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | * | THE 138ᵗʰ DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| THE CITY OF LOS FRESNOS, TEXAS | * | CAMERON COUNTY, TEXAS |

## MOTION TO REINSTATE CAUSE FOR TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **PAULA REYNOLDS**, Plaintiff herein, and files this Motion to Reinstate this cause for trial. Plaintiff has prepared a Motion for Docket Control Conference which accompanies this motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Court set this motion for hearing and upon hearing, the Court reinstate this cause for trial.

Respectfully submitted,

MICHAEL RODRIGUEZ, P.L.L.C.
ATTORNEY AT LAW
1000 E. MADISON ST.
Brownsville, Texas 78520
(956) 574-9333 telephone
(956) 574-9337 facsimile
STATE BAR # 00791553

## CERTIFICATE OF SERVICE

I, MICHAEL RODRIGUEZ, hereby certify that a true and correct copy of the above and

foregoing **Motion to Reinstate Cause For Trial** was mailed to Attorney Amy Gonzalez, 3505 Boca

Chica Blvd., Brownsville, Texas 78520 on this the ___16___ day of October, 2002.


MICHAEL RODRIGUEZ, P.L.L.C.
ATTORNEY AT LAW
1000 E. MADISON ST.
Brownsville, Texas 78520
(956) 574-9333 telephone
(956) 574-9337 facsimile
STATE BAR # 00791553

CAUSE NO. 2002-05-1879-B

| | | |
|---|---|---|
| PAULA REYNOLDS | * | THE 138th DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| | * | |
| THE CITY OF LOS FRESNOS, TEXAS | * | CAMERON COUNTY, TEXAS |

## MOTION FOR DOCKET CONTROL CONFERENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **PAULA REYNOLDS,** Plaintiff and requests this Court set the above-entitled and numbered cause for Docket Control Conference on the earliest possible date.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Court to set a hearing for a Docket Control Conference at the earliest possible date.

MICHAEL RODRIGUEZ, P.L.L.C.
ATTORNEY AT LAW
1000 E. MADISON ST.
Brownsville, Texas 78520
(956) 574-9333 telephone
(956) 574-9337 facsimile
STATE BAR # 00791553