IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAULA REYNOLDS | * | |
| *Plaintiff* | * | |
| VS. | * | CIVIL ACTION NO. B-03-056 |
| | * | |
| THE CITY OF LOS FRESNOS, TEXAS, | * | (JURY REQUESTED) |
| TOM ANDREWS, MANUEL ABREGO, | * | |
| JUAN C. SIERRA, IDA GARCIA, | * | |
| MIGUEL MENDOZA, RAY GARCIA, | * | |
| GONZALO ACEVEDO, AND PAM | * | |
| DENNY INDIVIDUALLY AND IN | * | |
| THEIR OFFICIAL CAPACITIES | * | |
| *Defendants* | * | |

## PLAINTIFF'S FOURTH AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, PAULA REYNOLDS, hereinafter referred to as Plaintiff, complaining of THE CITY OF LOS FRESNOS, TOM ANDREWS, MANUEL ABREGO, IDA GARCIA, MIGUEL MENDOZA, JUAN C. SIERRA, GONZALO ACEVEDO, RAY GARCIA, and PAM DENNY hereinafter called by name or referred to as Defendants, and for such cause of action, would respectfully show unto the Court and jury as follows:

### I.
### PARTIES

1.1   Plaintiff, PAULA REYNOLDS, is a resident of Harlingen, Cameron County, Texas.



1.2     Defendant, THE CITY OF LOS FRESNOS, TEXAS, is an Incorporated City of this State and has already been served and answered herein, accordingly, no service is required under the rules with the filing of this petition. Counsel for the Defendant has received a copy of this Fourth Amended Original Petition via U.S. Mail.

1.3     Defendant TOM ANDREWS is an individual residing in Cameron County, Texas, and can be served at 32767 State Highway 100, Los Fresnos, Texas 78566.

1.4     Defendant MANUEL ABREGO is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

1.5     Defendant IDA GARCIA is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever she may be found.

1.6     Defendant MIGUEL MENDOZA is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

1.7     Defendant JUAN C. SIERRA is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

1.8     Defendant GONZALO ACEVEDO is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

1.9   Defendant RAY GARCIA is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever he may be found.

1.10   Defendant PAM DENNY is an individual residing in Cameron County, Texas, and can be served at 200 N. Brazil, Los Fresnos, Texas 78566, or wherever she may be found.

## II.

## JURISDICTION

2.1   Defendants removed this case from the 138th Judicial District Court of Cameron County, Texas pursuant to 28 U.S.C. §§1441 (b) and 1446 (a) giving the Court jurisdiction of this case.

## III.

## FACTUAL ALLEGATIONS

3.1   The incidents giving rise to this cause of action are a result of a series of illegal and discriminatory occurrences that happened at THE CITY OF LOS FRESNOS in Cameron County, Texas.

3.2   The Plaintiff was employed with THE CITY OF LOS FRESNOS in various capacities from October 17, 1997, until her termination on February 7, 2002.

3.3   THE CITY OF LOS FRESNOS is a governmental entity. As such, the Plaintiff is protected from the illegal and discriminatory action described herein.

3.4   TOM ANDREWS was, at all times relevant to this lawsuit, employed as the City Attorney for the City of Los Fresnos.

3.5   MANUEL ABREGO, IDA GARCIA, MIGUEL MENDOZA, JUAN C. SIERRA, GONZALO ACEVEDO AND RAY GARCIA comprised the City Council of the City of Los Fresnos, Texas, at all times relevant to this lawsuit.

3.6   PAM DENNY was, at all times relevant to this lawsuit, employed as the City Secretary for the City of Los Fresnos.

## IV.

## 42 USC § 1983 AND 1985

4.1   Plaintiff hereby incorporates by reference paragraphs 1.1 through 3.6.

4.2   The conduct of Defendants City of Los Fresnos, Tom Andrews, Manuel Abrego, Ida Garcia, Miguel Mendoza, Juan C. Sierra, Gonzalo Acevedo, Ray Garcia, and Pam Denny individually and in their official capacities, complained of, constituted discrimination on the basis of Plaintiff's speech and is protected by the First Amendment to the United States Constitution. Plaintiff made comments regarding a matter of public concern and was fired for them. Specifically, Plaintiff was called into a closed door session of the City Council sometime in or about January 2002 and asked by members of the City Council to recreate documents regarding the 1998 Home Program. The 1998 Home Program is a community development program that dealt with loans for low income first time home buyers. The Plaintiff reported her misgivings regarding this "assignment" to Alma Villareal, community development director for the City of Los Fresnos. Additionally, the Plaintiff made her misgivings with this "assignment" known

to Defendant Tom Andrews. As a result of Plaintiff exercising her First Amendment Right by stating that she was not comfortable with what she was asked to do, adverse employment decisions were made against Plaintiff.

4.3   The Plaintiff also had a protected due process property interest in her continued employment and was never given any meaningful due process before or after her termination. In taking the aforesaid actions, the Defendants, acting under color of statute, regulation, custom, usage of the laws of the State of Texas, within the meaning of 42 U.S.C. § 1983 and 1985, violated the Plaintiff's rights guaranteed under the Fourteenth Amendment to the United States Constitution.

4.4   Additionally, all of the Defendants engaged in a civil conspiracy the ends of which were among other things the termination of the Plaintiff. This civil conspiracy violated State law in order to further violate the Plaintiffs own property rights and interests and in violation of her rights. 42 U.S.C. § 1985

## V.

## WHISTLE BLOWER ACT

5.1   Plaintiff hereby incorporates by reference paragraphs 1.1 through 4.4.

5.2   The illegal discrimination directed towards the Plaintiff was contrary to Chapter 554 of the Texas Government Code, more commonly known as the "Whistle Blower Act." The illegal discrimination directed towards the Plaintiff was in retaliation for the good faith reporting of a violation of the law by a public employee to an appropriate law enforcement authority. Specifically, the Plaintiff reported the improper use of a city credit card for a personal purchase. The violation of law was reported to the

interim Chief of Police, the acting Mayor, the City Finance Director and the City Council. Following the report of the violation of law a pattern of discriminatory action against the Plaintiff ensued culminating in her termination.

5.3   Shortly after the Plaintiff was terminated, she commenced an internal grievance/appeal procedure as to the discriminatory treatment she received by appealing her termination to THE CITY OF LOS FRESNOS. The Plaintiff had a hearing before the City Council set for May 14, 2002; however, the aforementioned meeting was cancelled by Tom Andrews, counsel for THE CITY OF LOS FRESNOS.

## VI.

### *SABINE PILOT* CLAIM

6.1   Plaintiff hereby incorporates by reference paragraphs 1.1 through 3.6 only.

6.2   The City of Los Fresnos was required to support administrative draw requests from the Texas Department of Housing and Community Affairs with back-up documentation including accounting records, timesheets, original invoices and the methodology to support salaries, other payroll costs, and any other costs submitted for administrative draws.

6.3   In addition to the allegations contained in sections IV and V of this Complaint, Plaintiff alternatively pleads that she was discharged for no reason other than her refusal to perform an illegal act. Specifically, Tom Andrews, Manuel Abrego and members of the Los Fresnos City Council asked Plaintiff to find time sheets used by the city to document the administrative funds drawn from the state. Plaintiff informed Tom Andrews that the time sheets did not exist because time sheets had not been properly

recorded by city employees. Tom Andrews insisted that Plaintiff "find" the documents. Plaintiff understood this to mean that Tom Andrews wanted her to falsify the time sheets in order for the city to show the funds had been properly earned. Falsifying the time sheets would have subjected Plaintiff to criminal penalty. *See* V.T.C.A., Penal Code §37.10.

6.4     On February 7, 2002, Plaintiff was asked by Tom Andrews for the documents he and others had requested her to falsify. Plaintiff informed Tom Andrews that she would not be able to provide the requested documents. Within hours of Plaintiff informing Tom Andrews that she would not be able to provide the requested documents, her employment with the City of Los Fresnos was terminated.

6.5     Pleading by way of alternative, Defendant's wrongful termination of Plaintiff violated the Texas Supreme Court's decision in *Sabine Pilot, Inc. v. Hauk*, 687 S.W.2d 733 (Tex.1985), because Plaintiff was terminated in retaliation for her refusal to commit an illegal act requested by the Defendants.

## VII.

## DEFAMATION

7.1     Plaintiff hereby incorporates by reference paragraphs 1.1 through 6.4.

7.2     After Plaintiff's termination, several City employees explicitly and impliedly defamed Plaintiff by stating that Plaintiff had stolen money from the City of Los Fresnos. Specifically, Plaintiff alleges that City Attorney Tom Andrews, in his individual capacity, requested the Chief of Police to investigate Plaintiff for stealing money. Plaintiff further alleges that City employees provided prospective employers

with negative references, falsely creating the impression that Plaintiff had purposely overpaid herself while in the City's employ. Plaintiff further alleges that City employees told third parties that Plaintiff had stolen money. These allegations are false, and at the time they were made, Defendants knew they were false, or made the statements with reckless disregard as to their truth. These statements proximately caused damage to the Plaintiff by hindering her ability to obtain new employment and further caused damage to Plaintiff's reputation. These statements also amount to defamation *per se*. None of these communications were privileged.

7.3   This allegation is made against Tom Andrews in his individual capacity only. This allegation is not asserted against the City of Los Fresnos or any governmental agency or individual acting in an official capacity.

## VIII.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8.1   Plaintiff hereby incorporates by reference paragraphs 1.1 through 5.3 and 7.1 through 7.3.

8.2   The Defendants' conduct set forth above constitutes extreme and outrageous conduct that caused Plaintiff severe emotional distress.

8.3   This allegation is made against Tom Andrews, Manuel Abrego, Ida Garcia, Miguel Mendoza, Juan C. Sierra, Gonzalo Acevedo, Ray Garcia, and Pam Denny in their individual capacities only. This allegation is not asserted against the City of Los Fresnos or any governmental agency or individual acting in an official capacity.

## IX.

## DAMAGES

9.1 As a result of the incidents described above, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff has further been caused a loss of earnings and a loss of earning capacity and in all reasonable probability this incapacity will continue long into the future. Plaintiff's reputation has further been damaged by Defendants' conduct. The Plaintiff pleads for compensatory and punitive damages which exceed the minimum jurisdictional limits of this court.

## X.

## ATTORNEY'S FEES

10.1 By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary. In this connection, Plaintiff will show that the attorneys whose names are subscribed to this pleading have been employed to assist Plaintiff in the prosecution of this action.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that Defendant take notice of the filing of this petition and that the following be granted:

   a) Judgment against Defendant for Plaintiff's damages;

   b) Prejudgment interest as allowed by law;

   c) Interest on said judgment at the legal rate from date of judgment;

   d) Attorney's fees pursuant to the Texas Government Code and 42 U.S.C. § 1988;

f)  Such other relief as the Court deems proper.

Respectfully submitted,

*/s/ Teri L. Danish w/ permission*
TERI L. DANISH
State Bar No. 05375320
Federal I.D. No. 12862
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 E. Van Buren
Post Office Box 2155
Brownsville, Texas 78520
Telephone (956) 542-7441
Facsimile (956) 541-2170


*/s/ Michael Rodriguez w/ permission*
Michael Rodriguez
State Bar No. 00791553
Federal I.D. No. 18759
Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal ID No. 26052
RODRIGUEZ & NICOLAS, L.L.P.
319 East Elizabeth Street
Brownsville, Texas 78520
Telephone: (956) 574-9333
Facsimile: (956) 574-9337
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on a true and correct copy of the foregoing Plaintiffs' Fourth Amended Complaint was served on counsel of record as follows:

Eileen M. Leeds
WILLETTE & GUERRA, L.L.P.
1534 East 6th Street, Ste. 200
Brownsville, Texas 78520

by certified mail, return receipt requested, on this 12th day of November, 2004.

_____
Teri L. Danish