United States District Court
Southern District of Texas
FILED

DEC 3 0 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAULA REYNOLDS | § | |
|     *Plaintiff* | § | |
| | § | CIVIL ACTION NO. B-03-056 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| THE CITY OF LOS FRESNOS, TEXAS, | § | |
| TOM ANDREWS, MANUEL ABREGO, | § | |
| JUAN C. SIERRA, IDA GARCIA, | § | |
| MIGUEL MENDOZA, RAY GARCIA, | § | |
| GONZALO ACEVEDO, AND PAM | § | |
| DENNY INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITIES | § | |
|     *Defendants* | § | |

**DEFENDANT THE CITY OF LOS FRESNOS, TEXAS'
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, CITY OF LOS FRESNOS, Defendant in the above-styled and numbered cause and files this its Supplemental Motion for Summary Judgment and in support thereof, would respectfully show unto the court as follows:

### I.

### EXHIBITS

    A.    Wells Fargo statement for Pam Denny's business account
    B.    Affidavit of City Secretary Pam Denny
    C.    Affidavit of former interim Chief of Police Adrian Cabrera
    D.    Affidavit of Alderwoman Ida Garcia Cortez
    E.    Letter of suspension
    F.    Police report related to Plaintiff's suspension
    G.    Letter of termination
    H.    Pam Denny's check reimbursing the City

I.  The City's Policy Manual
J.  Deposition of Plaintiff

## II.
## FACTUAL BACKGROUND

Plaintiff Paula Reynolds was employed by the City of Los Fresnos as an administrative assistant from October 1997 to February 2002. At all times relevant hereto, Plaintiff worked in the City of Los Fresnos Finance Department.

On November 13, 2000, Pam Denny, the City Secretary inadvertently used her city credit card while making an internet purchase for a radar detector for personal use. (Ex. A,B.) As part of Plaintiff's duties, Plaintiff reviewed the invoice for this purchase. (Ex. A, B.) Plaintiff went to Ms. Denny's office who, at the time was speaking with Interim Police Chief Cabrera, and inquired about the purchase. The Chief indicated his department had not ordered the detector. Ms. Denny then recognized it as a purchase she made for her daughter. Ms. Denny realized she used the wrong credit card, since she has a personal account with Wells Fargo and the cards are identical except for the account numbers. Ms. Denny made out a check to the City the same day. (Ex. C, H.)

In January 2002, the City discovered that the documentation in the files of the Home Loan Program was not complete. The Board of Aldermen asked Plaintiff to complete the necessary documents needed to comply with the Home Loan Program. Specifically, she was asked to find the time sheets needed to support disbursements made to individuals who had work on the program. Not long after this, the Board approved Plaintiff's promotion to interim Finance Director, while the City looked for a permanent director. Plaintiff received a raise while she held this position. However, shortly thereafter, the City hired a permanent director and Plaintiff returned to her administrative assistant position. Despite being directed to do so, Plaintiff failed to return herself to her

administrative assistant's pay, as she was in charge of payroll. She continued to overpay herself for approximately six weeks and never repaid the excess salary to the City.

On February 7, 2002, Mayor Pro Tem and interim City Administrator Ida Garcia Cortez terminated Plaintiff after concerns grew about Plaintiff's competence and improprieties. (Ex. D, G.)

### III.

### ARGUMENTS AND AUTHORITIES

**A.     The Summary Judgment Standard.**

Federal Rule of Civil Procedure 56(c) provides that a summary judgment shall be rendered if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). By its very terms, the rule permits summary judgment even if the parties disagree as to some facts. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). Summary judgment is precluded under Rule 56(c) only when the facts in dispute might affect the outcome of the suit under governing law and the dispute is genuine. *Id.* at 248. Should it appear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, the district court should grant summary judgment. *Speaks v. Trikora Lloyd P.T.*, 838 F.2d 1436, 1438-39 (5th Cir. 1988).

The movant need not disprove the non-moving party's claims in order to secure a summary judgment. Summary judgment is proper whenever the movant demonstrates "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *accord Slaughter v. Allstate Ins. Co.*, 803 F.2d 857, 860 (5th Cir. 1986). Thus, the defendant is entitled to summary judgment when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to the plaintiff's case, and on which [the plaintiff], will bear the burden of

proof at trial." *Celotex*, 477 U.S. at 322; *accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (the burden is not on the moving party to produce evidence showing the absence of genuine issue of material fact). *See also Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *International Ass'n of Machinists and Aerospace Workers No. 2504 v. International Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987) ("[M]ere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment"); *Anderson*, 477 U.S. at 249-50 (holding that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . . If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.").

### B. Whistleblower Claim

The Whistleblower Act prohibits a governmental employer from suspending or terminating "a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002 (Vernon Supp.1998). "Good faith" in the Whistleblower Act means that (1) the employee believed that the conduct reported was a violation of law, and (2) the employee's belief was reasonable in light of the employee's training and experience. *See Wichita County v. Hart*, 917 S.W.2d 779, 784-85 (Tex.1996). Plaintiff bears the burden of proof in establishing her whistleblower action. TEX. GOVT. CODE §554.004.

**Plaintiff's alleged report.** Plaintiff claims that the billing inquiry about the radar detector she made to Pam Denny and Interim Chief of Police Adrian Cabrera constitutes a report of illegal activity which would entitle her to protection under the Whistleblower Act. (Ex. A at Para. IV.)

However, this conversation was nothing more than a casual inquiry which Plaintiff made as part of her job as administrative assistant in the finance department. She did not seek out the Chief to report illegal activity, in fact, her report was to the alleged wrongdoer herself.

In *Huffman v. Office of Personnel Management,* 263 F.3d 1341 (Fed.Cir.2001) and *County Of Bexar v. Steward,* 139 S.W.3d 354 (Tex.App.-San Antonio,2004), the court reasoned that an employee is not making a "disclosure" of misconduct if the employee reports the misconduct to the wrongdoer. Several courts have discussed the fact that mere conversations or complaints do not constitute a "report" for purposes of the Whistleblower Act. In *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 144-46 (Tex. 1995) and again in *Clark v. Texas Home Health, Inc.,* 971 S.W.2d 435, 438 (Tex.1998), the Texas Supreme court stated that "neither holding a press conference nor making a complaint to an employer was a 'report' that implicated the protection afforded by the Whistleblower Act."

Plaintiff's inquiry was not a report of illegal activity that would entitle her to protection as a whistleblower. As the finance department's administrative assistant, she was simply attempting to determine what city account should pay for this charge, as noted on the invoice itself wherein Plaintiff wrote "Pam- which acct. should I use for the $405.00? Thanks!" (Ex. A, B.) She asked the interim police chief if perhaps the police department had ordered the radar detector in order to determine whether the police department's account should be billed for this purchase; it was evident to the interim chief that Plaintiff was asking him a billing question, and not reporting any crime. (Ex. C.)

In the case at bar, Plaintiff's communication was nothing more than a question, and not a report of a violation of law, therefore, Defendants are entitled to judgment as a matter of law.

Plaintiff alleged in her deposition that her complaint of an assignment was part of her Whistleblower complaint. Her attorneys have categorized this activity as her First Amendment claim and, now, part of a wrongful termination claim. As the conduct which comprised her "speech" was a complaint to a co-employee, it would not qualify as a report under the Whistleblower Act and as such should be dismissed. However, it will be discussed under a First Amendment analysis anyway.

**Violation of law**. The Whistleblower Act defines "law" to mean: a state or federal statute; an ordinance of a local governmental entity; or a rule adopted under a statute or ordinance. TEX. GOV'T CODE § 554.001(1). Plaintiff alleges that the City terminated her because she reported Ms. Denny's improper use of the City's credit card for a personal purchase. This is not a violation of law as required to gain the protection of the Whistleblower Act. There must be some law prohibiting the complained of conduct, otherwise, every complaint, grievance, or misbehavior could support a claim under the Whistleblower Act. *Llanes v. Corpus Christi Ind. Sch. Dist.*, 64 S.W.3d 638 (Tex.App.–Corpus Christ 2001, pet. denied) Ms. Denny's inadvertent use of the City's credit card does not violate a statute, ordinance, or rule adopted by statute. The complained of conduct does not even violate the City internal policies. (Ex. I). The City is entitled to dismissal of the Whistleblower claim.

**Plaintiff would have been terminated regardless of report.** Plaintiff bears the burden of establishing that her termination would not have resulted "but for" protected whistleblowing. *Department of Human Services v. Hinds*, 904 S.W.2d 629 (Tex. 1995); *Upton County, Tex. v. Brown*, 960 S.W.2d 808 (Tex. Ct. App - El Paso. 1997). The "employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did." *Hinds*, 904 S.W.2d at 636. The competent summary judgment evidence shows that Plaintiff will not

be able to meet this burden. Defendant terminated Plaintiff for reasons other than any alleged report, thus Defendant is entitled to summary judgment. TEX. GOVT. CODE § 554.004; *Johnson*, 891 S.W.2d at 646.

Alderwoman Ida Garcia Cortez, in her position as interim city administrator, terminated Plaintiff in February 2002. (Ex G.) This was fourteen months after Plaintiff's billing inquiry As set forth below, Cortez's decision to terminate Plaintiff was altogether unrelated to these actions by Plaintiff, or any other purported attempt by Plaintiff to report illegal activity by a city employee. (Ex. D.)

In February 2001, Plaintiff was appointed by the aldermen to act as interim finance director while the city looked for a permanent finance director. This promotion also came with a raise, to which Plaintiff was entitled as long as she held the interim finance director's position. However, after a permanent finance director was hired, Plaintiff failed to return herself to her administrative assistant's pay, despite being directed to do so. She continued to overpay herself for approximately six weeks and never repaid the excess salary to the city.

Plaintiff additionally engaged in other improprieties. She opened an unauthorized account in the city's name and placed several orders for personal items on this account from November 2001 to January 2002. The city was eventually sent collection notices as Plaintiff failed to pay for these unauthorized purchases on this unauthorized account; however, because Plaintiff claimed the account was opened "on the city's behalf," the city was held liable for these charges.

Additionally, concerns grew over Plaintiff's competence. She was unable to carry out her job responsibilities-not properly making payroll deductions, not properly processing invoices, and not properly keeping track of vacation and sick time-all to the detriment of the City and its

employees. (Ex. D)

In January 2002, Plaintiff was given one day's unpaid suspension by Interim City Administrator Ida Garcia Cortez. (Ex. D) However, as Plaintiff was employed in the city's finance department, she was able to manipulate her paycheck so that she never lost that day's pay. (Ex. D.) Plaintiff was terminated the following month.

Plaintiff's termination had nothing to do with any alleged report of illegal activity which she claims she made. (Ex. D) The competent summary judgment evidence establishes that Plaintiff was terminated for reasons unrelated to any alleged whistleblower's report or complaint of an assignment. Plaintiff carry her burden in this regard. Accordingly, Defendant is entitled to summary judgment.

C.  **First Amendment Claim**

The first consideration in a First Amendment freedom of speech analysis is for the Court to determine whether the speech is constitutionally protected. In order to maintain a claim under the First Amendment, Plaintiff must show that her speech was on a matter of public concern. This inquiry is one of law, not fact. *Id.* at 148. To do this, the Court must consider the content, form and context of the speech. *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct.1684, 1690, 75 L.Ed.2d 708.

Although Plaintiff stated that her speech was another of her Whistleblower complaints, her complaint couches it in terms of the First Amendment. (See Ex. J, p. 43, ln. 25.) Plaintiff alleges that she was asked by members of the board to "find documents" regarding the 1998 Home Loan Program. (See Ex. J, p. 44, ln 23.) Plaintiff testified that the City Attorney, Tom Andrews told her she was not creating documents, but re-creating them. (See Ex. J, p. 46, ln. 7) She alleges she reported her misgivings of this assignment to Alma Villareal, the Community Development Director

for the City. Plaintiff claims as a result of her complaining of this assignment, Plaintiff was terminated.

Making a complaint about an assignment is not a matter of public concern. It is just a employment complaint. The City asked Plaintiff to find some documents. At most, the request was to find and/or fill out time sheets for individuals who had worked on the Home Loan Programs who had not been filling out time sheets. This is not a matter of public concern. Internal documentation of files as required by the TDHCA is a clerical, ministerial issue.

Plaintiff's "speech", therefore, was not on an issue of public concern, nor can it be categorized as any form of public address with the intent of making an issue public, subject to constitutional protection.

D.   **Sabine Pilot Claim**

In Plaintiff's Amended Complaint, she alleges she was asked to perform and illegal act and was terminated as a result of refusing to perform the act. The illegal act she claims she was asked to perform was to find some time sheets. The Penal Code referred to by Plaintiff is §37.10 Tampering with Governmental Documents. This statute does not apply to the facts of this case. In no instance was Plaintiff asked to tamper with a governmental document or falsify a document. She was asked to find documents. In no way can this request be construed as tampering with a document.

The Texas Supreme Court held in *Sabine Pilot Service, Inc. v. Hauck*, that public policy required a very narrow exception to the employment-at-will doctrine. "That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot*, 687 S.W.2d 733, 735. She must also show that her discharge was **for no other**

**reason than** her refusal to perform an illegal act. *Id.*

City personnel asked Plaintiff to find time sheets used by the City to document its time. Plaintiff informed Tom Andrews that the time sheets did not exist. Tom Andrews insisted Plaintiff "find" these documents. Plaintiff alleges that on February 7, 2002, Tom Andrews asked Plaintiff for these documents. Within hours of Plaintiff informing Tom Andrews she would not be able to provide the requested documents, she was terminated.

Plaintiff was not asked to perform an illegal act. Plaintiff was asked to look for time sheets or work logs, which were thought to be located within the payroll records. Asking Plaintiff to "find" time sheets is not an illegal act. In order to prevail, she must show she would have been subject to criminal penalty had she preformed the act. Even if she had been asked to have the employees reconstruct their time sheets, based on the employees' actual time spent on the files is not an illegal act. It is not illegal to document one's time spent on a matter as long as it is the truth. Had she gone to Ms. Denny and Mr. Chavez and asked them to fill out time sheets corresponding to the time they had spent on the Home Loan Program, she would not have been guilty of an illegal act. Moreover, Plaintiff has to prove by a preponderance of evidence that her refusal to find these time sheets was the sole reason for her termination. There is no such proof, and, in fact, ample proof she was terminated for various other reasons.

The summary judgment evidence establishes that Plaintiff was terminated for reasons unrelated to any alleged whistleblower's report, complaint of an assignment, or reconstruction of time sheets. Plaintiff was terminated because of her improprieties and incompetence. Plaintiff must carry her burden in this regard. Accordingly, Defendant is entitled to summary judgment.

F.  **Defamation**

Plaintiff claims that Tom Andrews slandered her by asking the Chief of Police to investigate her for stealing money. Given his position, and that of the Chief, such a statement, if one was made would be protected by a qualified privilege. Mr. Andrews was in a position to have made a request of the Chief of Police to carry out an investigation of Plaintiff if he had a reasonable belief she had committed a crime. One of the reasons Plaintiff was terminated was for ordering merchandise on the City's account and not paying them back. In other words, theft. An employer has a qualified privilege that attaches to communications made in the course of an investigation following a report of employee wrongdoing. *Randall's Food Mkts.*, 891 S.W.2d at 646. The privilege remains intact as long as communications pass only to persons having an interest or duty in the matter to which the communications relate. *Id.* In addition, truth, even substantial truth, is a complete defense to defamation. *Randall's Food Mkts.*, 891 S.W.2d at 646; *McIlvain v. Jacobs*, 794 S.W.2d 14, 15 (Tex.1990).

In this case, Plaintiff had opened an account under the City's name through which she purchased what appears to be toys. She did not pay for the merchandise and collection notices were sent to the City. The City paid the invoices but has not been reimbursed for these monies even now. Her complaint against Ms. Denny seems quite disingenuous given her own conduct.

Thus, not only was it appropriate for the City attorney to request an investigation, it was his duty. Additionally, with the information at hand, a belief that Plaintiff had, in effect, stolen money from the City was substantially true. Plaintiff's claim for defamation should be dismissed.

G.  **Intentional Infliction of Emotional Distress:**

This is the shotgun approach claim used by Plaintiffs despite the onerous burden of proof laid

out by the Texas Supreme Court, and its repetitious insistence that workplace dispute are rarely proper for this type of claim. Such is the case at bar. In order to prove a cause of action for intentional infliction of emotional distress, a Plaintiff must prove that (1) defendant acted intentionally or recklessly, (2) that defendant's conduct was extreme and outrageous, (3) that defendant's actions caused plaintiff's emotional distress, and (4) that emotional distress suffered by plaintiff was severe. *Twyman v. Twyman,* 855 S.W.2d 619, 621-22 (Tex.1993). Plaintiff does not allege any facts constituting the elements of intentional infliction of emotional distress and therefore, this claim should be summarily dismissed. The Texas Supreme Court has held that, barring unusual situations, circumstances surrounding terminations do not rise to the level of conduct necessary to support a claim of outrageous conduct. *Diamond Shamrock Refining v. Mendez,* 844 S.W.2d 198, 202 (Tex. 1992) (employer's falsely telling people that former employee is thief is not sufficiently outrageous to support cause of action for intentional infliction of emotional distress) To establish a cause of action for intentional infliction of emotional distress, the plaintiff must present sufficient proof of severe emotional distress, wholly apart from any outrageous conduct on the defendant's part. *Tidelands Auto. Club v. Walters,* 699 S.W.2d 939, 944 (Tex.App. - Beaumont 1985, ref. n.r.e.). The Plaintiff must show that she suffered more than mere worry, anxiety, vexation, embarrassment, anger, difficulty concentrating, or feelings of insecurity. *Gorges Foodservice, Inc. v. Huerta,* 964 S.W.2d 656, 668-669 (Tex.App.-- Corpus Christi 1997, no writ). The cause of action for intentional infliction of emotional distress is designed to compensate plaintiff for severe emotional distress, not to punish the defendant for offensive behavior. *Regan v. Lee,* 879 S.W.2d 133, 136 (Tex.App.-- Houston [14th Dist.] 1994, no writ).

The conduct complained of by Plaintiff, her termination by letter, and a report to the Chief

of Police is NOT conduct so beyond all bounds of decency as to not be tolerated in a civilized society. This claim is frivolous and should be dismissed.

V.

## CONCLUSION

Defendant should be granted summary judgment against Plaintiff inasmuch as the competent summary judgment shows that Plaintiff is not entitled to protection under the Whistleblower's Act as she made no good faith report of illegal activity to an appropriate law enforcement authority, Plaintiff's complaint of an assignment is not protected First Amendment speech, Plaintiff's assignment of finding time sheets is not an illegal act, and furthermore her termination was for reasons altogether unrelated to any alleged "whistleblower" report or assignment. Additionally, Mr. Andrews is entitled to summary judgment on the issue of slander as he had a qualified privilege in speaking to the Chief of Police about conducting an investigation on Plaintiff as there is ample evidence to believe she has committed theft against the City, and the claim for intentional infliction of emotional distress should be barred as frivolous.

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF LOS FRESNOS requests this Court grant summary judgment in its favor on all claims asserted by Plaintiff, that Plaintiff take nothing by this suit, that all taxable costs of court be taxed against Plaintiff, and for all other relief to which Defendant may be justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: /s/ Eileen Leeds
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799

Analisa Figueroa
State Bar No. 24040897
USDC Adm. No. 38197

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of December, 2004, a true and correct copy of the above and foregoing instrument has been forwarded to opposing counsel of record as noted hereunder.

Via CM/RRR # 7003 1680 0006 5133 5929
Ms. Teri Danish
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Via CM/RRR # 7003 1680 0006 5133 5936
Mr. Michael Rodriguez
Rodriguez & Nicolas, L.L.P.
319 E. Elizabeth St.
Brownsville, Texas 78520

/s/ Eileen Leeds
Eileen Leeds