Case 1:03-cv-00056   Document 42-2   Filed in TXSD on 03/18/2005   Page 1 of 6

United States District Court
Southern District of Texas
ENTERED

MAR 1 8 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAULA REYNOLDS, <br> Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. B-03-56 |
| THE CITY OF LOS FRESNOS, TEXAS, TOM ANDREWS, MANUEL ABREGO, JUAN C. SIERRA, IDA GARCIA, GONZALO ACEVEDO, AND PAM DENNY INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, <br> Defendants. | § § § § § § § § | |

**MEMORANDUM OPINION**

**I.
INTRODUCTION**

Paula Reynolds (hereinafter "Reynolds"), filed suit against The City of Los Fresnos, Texas, Tom Andrews, Manuel Abrego, Juan C. Sierra, Ida Garcia, Gonzalo Acevedo, and Pam Denny Individually and in their Official Capacities (hereinafter "Defendants'") raising federal and state law claims.

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 21), and Plaintiff's Opposition to Defendants' Motion and Supplemental Motion for Summary Judgment. (Docket No. 38). After considering the motion, and all the pleadings, and documents on file, the Court is of the opinion that Defendants' Motion for Summary Judgment should be **DENIED**.

## II.
## BACKGROUND[1]

Reynolds began working for the City of Los Fresnos Finance Department on October 17, 1997. At the time of her termination, Reynolds was employed as the City's Administrative Assistant. Reynolds responsibilities as the City's Administrative Assistant included reviewing invoices.

On November 13, 2000, the City Secretary, Pam Denny (hereinafter "Denny"), used the city credit card to make a personal purchase of a radar detector in the amount of $405.00. In reviewing the city's Visa bill, Reynolds came across the charge for the radar detector. She inquired as to the purchase by calling the company and discovered that Denny had purchased a radar detector via the Internet. Reynolds asked Denny whether she had made that purchase, Denny stated that she accidentally used the city's credit card rather than her personal credit card.[2] Denny remarked that both cards were identical Wells Fargo cards, except for the account numbers. That same day, Denny reimbursed the city.

Sometime in December 2000, Reynolds "reported"[3] Denny's unauthorized city's credit card use to the Interim Police Chief Adrian Cabrera; to the Mayor, Manuel Abrego; to Ruth Hernandez, the City Finance Director; and to Ida Garcia, a member of the City Council.[4] On February 7, 2002, Reynolds was terminated from her employment. She was fired for what she claims was the result

---

[1] Unless otherwise stated, the following facts are derived from Def.'s Mot. for Summ. J. (Docket No. 21; 29), Pl.'s Opposition to Def.'s Mot. for Summ. J. (Docket No. 38).

[2] Reynolds Depo. 16:6-8

[3] The parties dispute whether the "report" was a conversation/inquiry as the Defendants' allege, or whether it constitutes a "report" for purposes of the Whistle Blower Act as Reynolds contends.

[4] Reynolds Depo. 12:25-13:8

of making a "report" of Denny's violation of law.

## III.
## CLAIMS OF THE PARTIES

Reynolds claims that wrongful termination ensued as a result of making a good faith report of illegal activity by a city employee. Specifically, she alleges that as a consequence of her "reporting" the improper use of a city credit card for a personal purchase, termination occurred.[5]

In their Motion for Summary Judgment, Defendant's argue that Reynolds did not make a "report"; that if a report were made, it was not to an appropriate law enforcement authority; and that the time between the "report" and the actions are too attenuated to be the only evidence of a causal connection.[6]

## IV.
## SUMMARY JUDGMENT STANDARD

Summary judgment evidence is viewed in the light most favorable to the nonmovant. *Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451, 456-58 (1992). The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 255 (1986).

Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). An alleged factual dispute will not defeat a motion unless it is genuine and material. *Anderson v. Liberty*

---

[5] Plaintiff's Fourth Amended Complaint; Docket No. 28

[6] Def.'s Mot. for Summ. J. at 2, ¶ 1; Docket No. 21

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass v. United Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). Once the movant establishes the absence of a factual dispute, the burden shifts to the nonmovant to show that summary judgment is inappropriate.

The nonmoving party may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256. Instead, the nonmovant must "make a showing sufficient to establish the existence of each essential element of its case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This evidence must do more than create a metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586. The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *See Anderson*, 477 U.S. at 256. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.* at 248.

Genuine and material questions of fact exist as to Reynold's Whistle Blower claim.

V.
DISCUSSION

**WHISTLE BLOWERS CLAIM**

Under the Whistle Blowers Act[7], a "state agency or local government may not suspend or terminate the employment of or discriminate against a public employee who in good faith reports a violation of law to an appropriate law enforcement authority." Tex. Gov't Code §554.002(a). With regard to the "good faith" element, Texas courts have defined "good faith" in the context of the Whistle Blower Act as follows.

---

[7] Tex. Gov't Code §554.002(a)(Vernon Supp. 2004).

>  (1) that the employee believed that the conduct reported was a violation of law; and
>
>  (2) the employee's belief was reasonable in light of the employee's training and experience.

*Wichita County, Tex. v. Hart*, 917 S.W.2d 779, 784 (Tex. 1996). Thus, the two-prong definition includes both a subjective and objective element. *Texas Dept. of Transp. v. Needham*, 82 S.W.3d 314, 320 (Tex. 2002).

### *1.) Appropriate Law Enforcement Authority*

The Whistle Blower Act further provides that a report is made to an *appropriate law enforcement authority* if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

>  (1) regulate under or enforce the law alleged to be violated in the report; or
>
>  (2) investigate or prosecute a violation of criminal law.

Tex. Gov't. Code 554.002(b). Here, Reynolds informed the Interim Police Chief Cabrera of Denny's violation when she used the Los Fresnos credit card for personal purchase. The Interim Police Chief is an appropriate law enforcement authority.

### *2.) Reynolds "Reporting"*

It is Reynolds contention that she *reported* Denny's conduct to the Interim Police Chief Cabrera, in his capacity.[8] Defendants' argue that Reynolds *conversation* was nothing more than a casual inquiry as part of her job as an administrative assistance in the finance department.[9]

---

[8] Reynolds Opp. to Def.'s Mot. for Summ. J. at 10

[9] Def.'s Supp. Mot. for Summ. J., at 5

There is no dispute that Cabrera was informed by Reynolds, of Denny's unauthorized use of the city's credit card for personal use. However, a review of Paula Reynolds affidavit[10] states that she made a *report* to Cabrera. She further states that she has no personal or social relationship with Cabrera as to give rise to a "casual conversation". However, Cabrera's affidavit shows inconsistencies concerning Reynolds statement. First, Cabrera states Reynolds "bought this matter to me as a billing question".[11] Yet, Cabrera goes on to state that he informed the mayor "...of the situation...so the City could decide how it wanted to handle this matter..."[12] These inconsistences establish a genuine issue of material fact. Whether this constitutes a billing inquiry or a report is a matter for the jury to decide. The record is insufficiently clear to grant summary judgment on this ground.

DONE at Brownsville, Texas, this 18th day of March, 2005.

	John Wm. Black
	United States Magistrate Judge

---

[10] Reynolds Opp. to Def.'s Mot. for Summ. J., Paula Reynold's Affidavit, Exhibit A, ¶ 2, Docket No. 38

[11] Def.'s Supp. Mot. for Summ. J., Adrian Cabrera's Affidavit, Exhibit C, ¶ 4, Docket No. 29

[12] Def.'s Supp. Mot. for Summ. J., Adrian Cabrera's Affidavit, Exhibit C, ¶ 8, Docket No. 29