United States District Court
Southern District of Texas
FILED

MAR 2 8 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAULA REYNOLDS | § | |
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO. B-03-056 |
| VS. | § | |
| | § | (JURY REQUESTED) |
| THE CITY OF LOS FRESNOS, TEXAS, | § | |
| TOM ANDREWS, MANUEL ABREGO, | § | |
| JUAN C. SIERRA, IDA GARCIA, | § | |
| MIGUEL MENDOZA, RAY GARCIA, | § | |
| GONZALO ACEVEDO, AND PAM | § | |
| DENNY INDIVIDUALLY AND IN | § | |
| THEIR OFFICIAL CAPACITIES | § | |
| *Defendants* | § | |

## DEFENDANTS' MOTION FOR RECONSIDERATION
## OF THEIR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, THE CITY OF LOS FRESNOS, TEXAS, TOM ANDREWS, MANUEL ABREGO, JUAN C. SIERRA, IDA GARCIA, MIGUEL MENDOZA, RAY GARCIA, GONZALO ACEVEDO, AND PAM DENNY INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES named defendants in the above styled and numbered cause and respectfully presents this their Motion for Re consideration of their Motion for Summary Judgment and in support thereof, would respectfully show unto the court as follows:

### I.

### FACTUAL BACKGROUND

On March 18, 2005, this Court denied Defendant City of Los Fresnos, Texas' Motion for

Summary Judgment. However, the Court only addressed the Whistle blower claim. Accordingly, Defendant City of Los Fresnos, Texas would ask this Court to reconsider its ruling on the Motion for Summary Judgment and readdress the Whistle blower claim, and also address Defendant's arguments regarding the First Amendment claim, tort claims, punitive damages, and qualified immunity.

## II.

Plaintiff, Paula Reynolds is suing the City of Los Fresnos as a result of her termination. Plaintiff has included causes of action under the Whistleblower Act, a §1983 claim for violation of her First Amendment rights, for defamation, intentional infliction of emotional distress, for wrongful termination under the *Sabine Pilot* doctrine, and is asking for punitive damages. Her primary complaint under the Whistleblower Act alleges she made a "report" to Interim Chief of Police Adrian Cabrera about Pam Denny's misuse of a City credit card. Her First Amendment claim is couched on a complaint of an assignment given to her by the City's Board of Aldermen. She complains Tom Andrews, individually, then City Attorney defamed her when he made a report to the Police Chief. She also complains of the Aldermen, individually, for the assignment to find documents as a violation of her First Amendment rights. She complains of Mr. Andrews, the Aldermen and Pam Denny, City Secretary, individually for intentional infliction of emotional distress.

## III.

### Whistleblower Claim

Defendants request the Court re-examine its analysis of the Whistle blower claims. The Court correctly states that under the Whistleblower Act, a local government may not terminate "a

public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE § 554.002 (Vernon Supp.1998). However, its analysis of the rule is misconstrued by focusing on what was done with the information transmitted, and not on the nature of the transmission of the information.

In the case at bar, Plaintiff went to Ms. Denny's office to inquire as to which City account she should use to pay for the purchase of a radar detector. At the time, Ms. Reynolds did not know who had purchased the item. Chief Cabrera just happened to be in Ms. Denny's office, so Plaintiff asked him if his department purchased the radar detector. Plaintiff's conversation with Chief Cabrera was nothing more than a billing inquiry which was part of Plaintiff's duties as administrative assistant in the finance department. The Plaintiff states in her deposition, "Adrian Cabrera was sitting there [in Ms. Denny's office] and I asked him, Did you buy a new radar detector for the City?" (See exhibit J). Moreover, a note on the invoice itself Plaintiff wrote "Pam- which acct. should I use for the $405.00? Thanks!" Furthermore, Chief Cabrera expresses in his affidavit that the Plaintiff "brought this matter to me as a billing question." (See exhibit C). Plaintiff expressed it was a billing inquiry, and Chief Cabrera confirmed it. Therefore it is evident, Plaintiff made nothing more than an billing inquiry and not a report of violation of law.

However, the Court turns its attention, not to the form in which Plaintiff divulged the information, but to what the receiver of the information did with it. What the Interim Police Chief does with information he obtains is not part of the analysis as to whether a communication constitutes a "report" for a Whistleblower claim. A Police Chief could obtain information by eavesdropping and act on it, but this would not change the nature of the way in which the information was communicated in the first place. In fact, when the communication constituting the

"report" was made, there was no knowledge on the part of the Plaintiff as to who had made the purchase, and thus, there could have been no communication of a violation of law at that point. It could only have been after she learned of Ms. Denny's mistaken use of the credit card that Plaintiff could have made a statement that communicated a violation of law. The competent summary judgment evidence establishes Plaintiff's communication was a billing question, not a "report" of a violation of law, therefore, Defendant would ask this Court to revisit this issue and find Defendant is entitled to judgment as a matter of law.

**First Amendment Claim**

The first consideration in a First Amendment freedom of speech analysis is for the Court to determine whether the speech is constitutionally protected. In order to maintain a claim under the First Amendment, Plaintiff must show that her speech was on a matter of public concern. This inquiry is one of law, not fact. *Id.* at 148. To do this, the Court must consider the content, form and context of the speech. *Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct.1684, 1690, 75 L.Ed.2d 708.

Plaintiff alleges that she was asked by members of the board to "find documents" regarding the 1998 Home Loan Program. Plaintiff reported her misgivings of this assignment to Alma Villareal, the Community Development Director for the City. Plaintiff claims as a result of her complaining of this assignment, Plaintiff was terminated.

Making a complaint about an assignment is not a matter of public concern. *Dodds v. Childers,* 933 F.2d 271 (5th Cir. 1991); *Brown v. Montgomery County Hosp. Dist,* 929 S.W.2d 577 (Tex.App.-Beaumont,1996.) Defendants would request the Court find that Plaintiff cannot maintain a cause of action under the First Amendment on the facts of this case.

**Defamation**

Plaintiff sued Tom Andrews, in his individual capacity, for defamation. She alleges he made

statements to the Police Chief about her which constitute slander. Mr. Andrews testified that he spoke to the Chief about investigating Ms. Reynolds purchase of items on an account she opened in the City's name, without authority, and did not re-pay the City for the items she ordered. To date, Ms. Reynolds has not reimbursed the City for those monies. Mr. Andrews believed that was theft and asked the head of the policed department to investigate the matter. Such a communication is subject to a qualified privilege, unless made with malice. There can be no malice here, as Plaintiff has admitted to the acts mentioned. This defendant is entitled to a dismissal of this claim.

### Intentional Infliction of Emotional Distress

It is axiomatic that this cause of action does not lie in employment disputes barring exceptional circumstances. Furthermore, the acts complained of must be beyond all bounds of decency, etc. There is no question that in this case, there is no set of facts which would rise to meet the criteria required by the Texas Supreme Court to establish this cause of action. To include it is actually frivolous pleading. Defendants, in their individual capacity, request the Court to dismiss this cause of action.

### Sabine Pilot

This cause of action is the exception to the at will doctrine of employment in Texas. As set forth in Defendants' Motion, Plaintiff does not have evidence, nor do the facts support this claims. Plaintiff must show she was asked to perform an illegal act, and was fired for NO other reason that her failure to perform that act. She was asked to find documents. The documents were billing records which would document the time spent by two individuals on the Home Loan program. There was never a request to prepare a document that was not correct. At most, it was to complete the documentation of the true time spent on the files. This is akin to a lawyer who forgets to bill for time spent on a file, and goes back and fills in a timesheet after the fact. As long as the information on

the timesheet is true and correct, there is nothing wrong with filling in a timesheet after the event for which he had been paid.

Furthermore, to pass muster, a claim under the *Sabine Pilot* doctrine, there can be no other reason for the Plaintiff's termination. Ida Garcia-Cortes is the person who fired Plaintiff. She indicated in her deposition there were several reasons, but primarily she fired Plaintiff because she was incompetent in managing the payroll. There had been numerous complaints and persons had been having incorrect amounts deducted from their checks for Social Security and other items. This by itself defeats the possibility of a cause of action for wrongful termination under *Sabine Pilot*.

**Punitive Damages**

Plaintiff seeks punitive damages. Punitive damages are not available under the Texas Tort Claims Act, nor under the Whistleblower Act. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.024, §554.003 (Vernon's 2000). Defendants would ask that the Court enter an order to this effect.

**Qualified Immunity**

Qualified immunity is a common-law defense to suit and personal liability provided to governmental employees. An official is immune so long as their conduct does not violate a clearly established constitutional right and their conduct is not objectively unreasonable. Asking Plaintiff to find documents which are missing from files, which are time sheets requested by HUD is not objectively unreasonable conduct.

Manuel Abrego, Ida Garcia-Cortez, Miguel Mendoza, Juan C. Sierra, Gonzalo Acevedo, and Ray Garcia as aldermen have been sued in their individual capacities for violation of Plaintiff's First Amendment rights. This claim is based on their request that she find some time sheets. The time sheets were necessary to document the time every individual who received monies from the program had spent on the program. The documentation was necessary to comply with HUD's request to

properly complete the paperwork on each file of the Home Loan program.

Thus, the aldermen are entitled to qualified immunity for their request. They made the request in order to comply with HUD's request. The documents sought were a true copy of the time employees spent on the files in the Home Loan program. Furthermore, Plaintiff has sued them all, without identifying which individual aldermen made the request. She can only maintain a suit against an individual if that individual did something. If three or four aldermen did not say anything to her at this meeting and the request came from only one person, she is not entitled to sue the rest in their individual capacity.

In that vein, she has sued Tom Andrews for making a similar request. He is entitled to qualified immunity as the City attorney. As he was assisting the Board in gathering the documentation requested by HUD. On the other hand, Plaintiff's suit against Pam Denny must fail, as Ms. Denny never asked Plaintiff to do anything. Ms Denny is the City Secretary, is not an elected official, is not Plaintiff's supervisor, and is not her employer. There is nothing that Plaintiff can sue Ms. Denny for in her individual capacity. Ms. Denny played no part in Plaintiff's First Amendment claim. In fact, Ms. Denny is entitled to dismissal for failure to state a claim for which relief can be had.

### IV.

### CONCLUSION

Defendants' summary judgment should be granted against Plaintiff inasmuch as the competent summary judgment shows that Plaintiff is not entitled to protection under the Whistleblower's Act as she did not make a report of a violation of law at the time she asked about a bill. Plaintiff's complaint of an assignment is not protected First Amendment speech, and furthermore her termination was for reasons altogether unrelated to any alleged "whistleblower"

report or complaint of an assignment. She was not asked to perform any illegal act, and was not terminated as a result of "not performing" the illegal act. Mr. Andrews is entitled to a qualified privilege for any communication of admitted wrongdoing by Plaintiff to the Chief of Police. There is no cause of action under intentional infliction of emotional distress under the benign facts of this case, nor are punitive damages available to Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendants The City of Los Fresnos, Texas, Tom Andrews, Manuel Abrego, John C. Sierra, Ida Garcia, Miguel Mendoza, Ray Garcia, Gonzalo Acevedo and Pam Denny, Individually and Their Official Capacities request this Court grant summary judgment in their favor on all claims asserted by Plaintiff, that Plaintiff take nothing by this suit, that all taxable costs of court be taxed against Plaintiff, and for all other relief to which Defendants may be justly entitled.

Signed on March 28, 2005.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Eileen M. Leeds
State Bar No. 00791093
USDC Adm. No. 16799

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Defendant's Motion for Summary Judgment, has been served on all counsel of record as follows:

*__Via CMRRR: 7003 1680 0006 5216 2418__*
Ms. Teri Danish
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

*__Via CMRRR__*: **7002 2410 0000 9578 9372**

Mr. Michael Rodriguez
Attorney and Counselor at Law
1000 E. Madison Street
Brownsville, Texas 78520

by mailing same, certified mail, return receipt requested, on March 28, 2005.

_____
Eileen Leeds