United States District Court
Southern District of Texas
FILED

APR 0 5 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAULA REYNOLDS | * | |
| *Plaintiff* | * | |
| | * | |
| VS. | * | CIVIL ACTION NO.  B-03-056 |
| | * | |
| THE CITY OF LOS FRESNOS, TEXAS, | * | (JURY REQUESTED) |
| TOM ANDREWS, MANUEL ABREGO, | * | |
| JUAN C. SIERRA, IDA GARCIA, | * | |
| MIGUEL MENDOZA, RAY GARCIA, | * | |
| GONZALO ACEVEDO, AND PAM | * | |
| DENNY INDIVIDUALLY AND IN | * | |
| THEIR OFFICIAL CAPACITIES | * | |
| *Defendants* | * | |

---

## JOINT PRETRIAL ORDER

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, Plaintiff, PAULA REYNOLDS, and Defendants THE CITY OF

LOS FRESNOS, TEXAS, TOM ANDREWS, MANUEL ABREGO, JUAN C. SIERRA,

IDA GARCIA, MIGUEL MENDOZA, RAY GARCIA, GONZALO ACEVEDO, AND

PAM DENNY INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES and file

this Joint Pretrial Order:

1.     **Appearance of Counsel.**

Plaintiff is represented by:

Michael Rodriguez
State Bar No.00791553
Federal I.D. No.18759
Henri E. Nicolas, Jr.
State Bar No. 24014808
Federal ID No. 26052
319 East Elizabeth Street
Brownsville, Texas  78520
Telephone:  (956) 574-9333

Facsimile: (956) 574-9337
Teri L. Danish
State Bar No. 05375320
Federal ID No. 12682
Rodriguez, Colvin, Chaney & Saenz, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

Defendants are represented by:

Eileen M. Leeds
State Bar No. 00791093
Federal ID No. 16799
Analisa Figueroa
State Bar No. 24040897
Federal ID No. 38197
Willette & Guerra, L.L.P.
1534 East 6th Street, Suite 200
Brownsville, Texas 78520
Telephone (956) 541-1846
Facsimile (956) 541-1893

2.    **Statement of the Case**: This is an employment case. Paula Reynolds alleges that the City of Los Fresnos, its elected officials and employees terminated her employment as an administrative assistant in retaliation for reporting various policy and legal violations committed by the Defendants. Defendants deny that plaintiff's termination was the result of any retaliatory motive.

3.    **Jurisdiction**: This case is in federal court on federal question jurisdiction. There is no dispute regarding subject matter jurisdiction. The Court has personal jurisdiction over all parties. There is no dispute regarding subject matter jurisdiction.

4.    **Motions**:

Plaintiff anticipates filing motions in limine prior to jury selection.

**5.    Contentions of the Parties:**

**A.  Plaintiff's contentions:**

1)   Plaintiff was terminated from her employment in violation of the Texas Whistleblower Act because she reported Pam Denny's improper use of a city credit card for a personal purchase. The violation of law was reported to the interim Chief of Police, the acting Mayor, the City Finance Director and the City Council.

2)   Alternatively, plaintiff contends she was terminated because she refused to perform an illegal act requested by Defendants. Specifically, Defendants insisted that Plaintiff "find" time sheets that were to supposed to have been kept in accordance with the 1998 HOME Program. Plaintiff informed Tom Andrews and others that the time sheets did not exist because time sheets had not been properly recorded by city employees. Falsifying the time sheets would have subjected Plaintiff to criminal penalty. *See* V.T.C.A., Penal Code §37.10. Plaintiff was terminated in retaliation after refusing to violate the law.

3)   Plaintiff also contends she was terminated because she exercised her right to free speech and in violation of her rights to due process as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

4)   Finally, Plaintiff contends Tom Andrews and others defamed her in the community by maliciously stating, among other things, that she had been terminated for stealing money from the City of Los Fresnos.

**B.  Defendants' contentions:**

1)   Defendants contend Interim City Administrator Ida Garcia Cortez terminated Plaintiff.

2)   Defendants contend that Plaintiff was an at-will employee.

3)   Defendants contend that Ms. Garcia Cortez did not terminate Plaintiff because Plaintiff reported a violation of law, refused to perform an illegal act, or because Plaintiff complained to Alma Villarreal about an assignment the City Council assigned her.

4)   Defendants contend that Plaintiff was terminated because of her faulty performance, and her inability to properly run the payroll department.

5) Defendants contend that Plaintiff did not make a report as that report is defined by Texas State Law.

6) Defendants contend that Plaintiff suffered no adverse employment action as a result of her alleged report.

7) Defendants contend that Plaintiff was never asked to perform an illegal act.

8) Defendants contend that Plaintiff was asked to find documents which were needed to complete the files for the Home Loan Program.

9) Defendants contend that Plaintiff made an internal complaint about an assignment to a co-worker, which she claims was her protected speech.

10) Defendants contend that Plaintiff=s complaint about having to find documents was not protected speech under the First Amendment.

11) Defendants contend that there is no nexus between Plaintiff=s alleged protected speech and her termination.

12) Defendant Andrews contends that he has a qualified privilege to ask the Police Chief to investigate Plaintiff=s unauthorized purchases of personal trinkets through the City and failing to pay the bill.

13) Defendants contend that none of the acts performed by any of its employees rise to the level necessary to maintain a cause of action under Intentional Infliction of Emotional Distress.

**6.      Admission of Fact:**

**Plaintiff's Admission of Fact:**

a.      Paula Reynolds was employed by the City of Los Fresnos as an administrative assistant.

b.      Paula Reynolds was terminated from employment with the City of Los Fresnos on February 7, 2002.

c.      Pam Denny, City Secretary, used the City of Los Fresnos' VISA card to purchase a radar detector for personal use.

d.      The City of Los Fresnos received grants from the HOMES program administered by the Texas Department of Housing and Community Affairs.

JOINT PRETRIAL ORDER                                                          PAGE 4

**Defendant's Admission of Fact:**

a. Plaintiff was an at-will employee.

b. The Board of Aldermen promoted Plaintiff to Interim Finance Director until permanent director could be hired.

c. Plaintiff received a temporary raise from $23,500 to $26,000 while in the position as Interim Finance Director.

d. Plaintiff was reprimanded for being disrespectful and using vulgar language in a public section of the offices.

e. Plaintiff's inquiry about the bill regarding the purchase of a radar detector was two years before her termination.

f. Plaintiff opened an account in the City's name without permission in order to purchase personal merchandise.

g. Plaintiff ordered and purchased toys and Christmas ornaments through this account, and to date has not reimbursed the City for this purchase

h. Plaintiff overpaid herself as Interim Finance Director even after a permanent Director had been hired.

i. Plaintiff testified she was asked to find documents, specifically timesheets that were missing from the Home Loan Program.

j. Plaintiff complained to Alma Villarreal about the Board's assignment and no one else.

k. Plaintiff was given the opportunity to go before the Board of Aldermen to grieve her termination.

l. Plaintiff's therapist, Thompson, does not support Plaintiff's claim that she sought counseling from him for problems associated with her employment.

7.     **Contested Issues of Fact:**

a.     Whether Paula Reynolds reported a violation of law in good faith to an appropriate law enforcement authority, and was terminated as a result of the report.

b.  Whether Defendants requested Paula Reynolds to perform an illegal act, namely falsifying timesheets to be submitted to TDHCA; whether she refused to do so; and whether she was terminated as a result.

c.  Whether Defendants violated Paula Reynolds' First Amendment rights by terminating her in retaliation for speech involving a matter of public concern.

d.  Whether Plaintiff's termination violated her rights to due process.

e.  Whether Defendant Tom Andrews defamed plaintiff.

f.  Whether Defendants engaged in extreme and outrageous conduct which caused plaintiff severe emotional distress.

g.  Whether Plaintiff's report was a report for purposes of the Whistleblower Act or an inquiry about a purchase.

h.  Whether Plaintiff's report was in good faith.

i.  Whether the time from Plaintiff's alleged report and her termination is so far apart as to prove a nexus between the report and her termination.

j.  Whether Plaintiff's complaint to Alma Villarreal was a matter of public concern.

k.  Whether Plaintiff has any evidence to show that her termination was motivated by her compliant to Alma Villarreal.

l.  Whether Defendants request to Plaintiff to find documents constitutes a request to perform an illegal act.

m.  Whether Plaintiff took full advantage of the opportunity for a hearing that was extended to her.

**8.**     **Agreed Propositions of Law:**

a.  To establish a claim for wrongful termination under Texas law, a plaintiff must prove that she was terminated in retaliation for refusing to perform an illegal act requested by the employer. *Sabine Pilot v. Hauk,* 687 S.W.2d 733 (Tex. 1985).

b.      To establish retaliation in violation of the First Amendment, a plaintiff must show that 1) she suffered an adverse employment action; 2) her speech involved a matter of public concern; 3) her interest in commenting on matters of public concern outweighed any interest Defendants had in promoting efficiency; and 4) her speech motivated or precipitated the adverse action. *Teague v. City of Flower Mound, Texas,* 179 F.3d 377 (5th Cir. 1999).

c.      A plaintiff may establish a due process violation by showing that defendants made a false statement about her in connection with her discharge which was of a stigmatizing nature and made public without a meaningful opportunity for an employee name-clearing hearing. *Warren v. Crawford,* 927 F.2d 559 (11th Cir. 1991); *White v. Thomas,* 660 F.2d 680 (5th Cir. 1981).

d.      To establish a claim for defamation, a plaintiff must prove that Defendants published a defamatory statement about plaintiff while acting with negligence regarding the statement's truth. *WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568 (Tex. 1998).

e.      The Texas Government Code states a governmental entity is liable for damages under the Whistleblower Act if it discriminates against a public employee who reports a violation of law to an appropriate law enforcement authority. TEX. GOV'T CODE " 554.001-.009 (Supp.2000).) The employee must prove all elements of the action by a preponderance of the evidence. *Department of Human Servs. v. Hinds*, 904 S.W.2d 629, 633 (Tex.1995). To show causation, a governmental employee must demonstrate that her employer discriminated against her after she in good faith reported a violation of the law to an appropriate

law enforcement authority, and that the discriminatory conduct would not have occurred when it did if the employee had not reported the illegal conduct. *Hinds*, 904 S.W.2d at 633; *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000). "Good faith" in the Whistleblower Act means that (1) the employee believed that the conduct reported was a violation of law, and (2) the employee's belief was reasonable in light of the employee's training and experience. *See Wichita County v. Hart*, 917 S.W.2d 779, 784-85 (Tex.1996).

 f. To recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's actions caused the plaintiff emotional distress, and (4) the resulting emotional distress was severe. "Extreme and outrageous conduct" supporting a claim for intentional infliction of emotional distress is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004).

9. **Contested Propositions of Law:**

 a. Whether plaintiff reported a violation of law in good faith.

 b. Whether plaintiff's report was made to an appropriate law enforcement agency.

 c. Whether Defendants requested that Plaintiff perform an illegal act.

 d. Whether Plaintiff's speech involved a matter of public concern.

 e. Whether Plaintiff was afforded her rights to due process when she was terminated.

f.   Whether Tom Andrews defamed plaintiff.

g.   Whether Defendants engaged in extreme and outrageous conduct.

h.   Whether Plaintiff suffered severe emotional distress as the result of Defendants' conduct.

i.   The Texas Supreme Court held in *Sabine Pilot Service, Inc. v. Hauck*, that public policy required a very narrow exception to the employment-at-will doctrine. That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act. *Sabine Pilot*, 687 S.W.2d 733, 735. Plaintiff has to prove by a preponderance of the evidence that her discharge was for no reason other than her refusal to perform an illegal act. *Id.*

j.   For purposes of slander action, employer has conditional or qualified privilege that attaches to communications made in course of investigation following report of employee wrongdoing and this privilege remains intact as long as communications pass only to persons having interest or duty in the matter to which the communications relate. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640 (Tex. 1995).

k.   In order to maintain a cause of action under the Fourteenth Amendment of the United States Constitution, a Plaintiff must first show he has a property interest of which he was deprived. The Constitution does not create property interests; they are created by existing rules or understandings that stem from an independent source such as state law. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972), 92 S.Ct. 2701, 33 L.Ed.2d 548.

l.   The type of notice and hearing required varies according to the facts of the situation. *Bell v. Burson*, 402 U.S. 535, 540, 91 S.Ct. 1586, 1590, 29 L.Ed.2d 90 (1971); *Schwenke v. State*, 960 S.W.2d 227 (Tex.App.-Corpus Christi, 1997); *Jackson Court Condominiums, Inc. v. City of New Orleans*, 874 F.2d (5th Cir. 1990) (procedural due process rights follow only if the [plaintiff] establishes a property right created by state or local law.) The amount of process due depends on the balancing of interests as enunciated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

10.   **Exhibits**:

Plaintiff's Exhibit List is attached as Exhibit A.

**11.**        **Witnesses:**

Plaintiff's Witness List is attached as Exhibit B.
Defendants' Witness List will be filed separately.

**12.**        **Settlements:**

All settlement efforts have been exhausted, and this case will have to be tried.

**13.**        **Trial:**

Plaintiff estimates trial should take no longer that five days including jury selection.  Plaintiff is not aware of any logistical issues at this time.

**14.**        **Attachments:**

Plaintiff's proposed voir dire questions are attached.  Plaintiff's jury instructions will be filed separately

Dated: _____

_____
John Wm. Black
United States Magistrate Judge

Approved:

_____
Attorney for Plaintiff

_____
Attorney for Defendants